IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HARPER/NIELSEN-DILLINGHAM BUILDERS, INC., | ) | electronically filed June 1, 2005 |
| Plaintiff, | ) | |
| v. | ) | No. 05-296C (Judge Firestone) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Admits.

3. The allegations contained in paragraph 3 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

4. Admits the allegations contained in paragraph 4 to the extent that they are supported by Air Force solicitation no. F04684-96-B-0005, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 4.

5. Admits the allegations contained in paragraph 5 to the extent that they are supported by Air Force contract no. F04684-96-C-0046, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 5.

6. Denies the allegations contained in paragraph 6 for lack of knowledge or information sufficient to form a belief as to their truth.

7. Admits the allegations contained in paragraph 7 that Federal Acquisition Regulation ("FAR") section 52.249-10(b) was incorporated into Air Force contract no. F04684-96-C-0046 and in a subcontract between plaintiff and Karleskint-Crum, Inc. ("KCI") to the extent that they are supported by the cited contracts, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 7.

8. The allegations contained in paragraph 8 constitute conclusions of law, and plaintiff's characterization of it case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

9. Admits the allegations contained in paragraph 9 to the extent that they are supported by the cited project schedule, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 9.

10. Denies the allegations contained in the first sentence of paragraph 10 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 10.

11. The allegations contained in paragraph 11 constitute conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Defendant avers that Jacobs Engineering completed its work several months before plaintiff commenced landscape work.

12. Denies the allegations contained in paragraph 12 for lack of knowledge or information sufficient to form a belief as to their truth.

13. Admits the allegations contained in paragraph 13 to the extent that they are supported by the cited Air Force contract no. F04684-96-C-0046, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 13.

14. Admits the allegations contained in paragraph 14 to the extent that they are supported by Air Force solicitation no. F04684-96-B-0005, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 14.

15. The allegations contained in paragraph 15 constitute conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

16. Admits. Defendant avers that the terms and provisions of the contract, including FAR § 52.249-10, incorporated as clauses I-702 and I-703, placed upon plaintiff the risk of loss for delays caused by other parties or persons.

17. The allegations contained in paragraph 17 constitute conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

18. Denies the allegations contained in paragraph 18 for lack of knowledge or information sufficient to form a belief as to their truth. Defendant avers that the terms and provisions of the contract, including FAR § 52.249-10, incorporated as clauses I-702 and I-703, placed upon plaintiff the risk of loss for damage caused by its subcontractors.

19. Denies the allegations contained in paragraph 19 for lack of knowledge or information sufficient to form a belief as to their truth. Defendant avers that the terms and provisions of the contract, including FAR § 52.249-10, incorporated as clauses I-702 and I-703,

placed upon plaintiff the risk of loss for delays and damage caused by the weather, or other parties and persons.

20. Denies the allegations contained in paragraph 20 for lack of knowledge or information sufficient to form a belief as to their truth. Defendant avers that the terms and provisions of the contract, including FAR § 52.249-10, incorporated as clauses I-702 and I-703, placed upon plaintiff the risk of loss for delays and damage caused by the weather.

21. Admits the allegations contained in the first sentence of paragraph 21. Denies the remaining allegations contained in paragraph 21 for lack of knowledge or information sufficient to form a belief as to their truth. Defendant avers that the terms and provisions of the contract, including FAR § 52.249-10, incorporated as clauses I-702 and I-703, placed the risk of loss for any weather-related delays upon plaintiff.

22. Admits the allegations contained in the first sentence of paragraph 22 that plaintiff requested a three-month extension of time citing "inclement weather" as the basis for its request. Admits that the parties, by contract modification P00006 dated March 2, 1998, agreed to extend for 49 calendar days the contract performance period for plaintiff to complete the contract. Defendant avers that the parties, by contract modification P00007 dated April 20, 1998, also agreed to extend for 12 calendar days the contract performance period for plaintiff to complete the contract.

23. Denies the allegations contained in paragraph 23 for lack of knowledge or information sufficient to form a belief as to their truth.

24. Denies. Defendant avers that the one year warranty period required by the terms and provisions of the contract expired on or about February 1, 1999.

25. Denies.

26. Denies the allegations contained in paragraph 26 for lack of knowledge or information sufficient to form a belief as to their truth.

27. Denies the allegations contained in paragraph 27 for lack of knowledge or information sufficient to form a belief as to their truth.

28. Denies the allegations contained in paragraph 28 for lack of knowledge or information sufficient to form a belief as to their truth.

29. Admits the allegations contained in paragraph 29 to the extent that they are supported by the cited wage determination in Air Force contract no. F04684-96-C-0046, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 29.

30. Denies the allegations contained in the first sentence of paragraph 30 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 30 to the extent that they are supported by the contracting officer's letter to plaintiff dated October 30, 1997, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 30.

31. Admits the allegations contained in paragraph 31 to the extent that they are supported by the cited wage determination in Air Force contract no. F044684-96-C-0046, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 31.

32. Denies the allegations contained in the first sentence of paragraph 32 for lack of knowledge or information to form a belief as to their truth.

33. The allegations contained in paragraph 33 constitute conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

34. Admits the allegations contained in paragraph 34 to the extent that they are supported by the cited letter to the contracting officer, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 34.

35. Admits the allegations contained in paragraph 35 to the extent that they are supported by the cited contracting officer's letter dated September 1, 1998, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 35.

36. Admits the allegations contained in paragraph 36 to the extent that they are supported by the cited letter to the contracting officer, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 36.

37. Admits the allegations contained in paragraph 37 to the extent that they are supported by the cited contracting officer's final decision dated March 4, 2004, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 37.

38. Denies that plaintiff is entitled to the relief set forth in paragraph 38, and its subparagraphs (a), (b), (c), (d), and (e), or to any relief whatsoever.

39. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following subparagraph (e) of paragraph 38, or to any relief whatsoever.

40. Denies each and every allegation not previously admitted or otherwise qualified.

## AFFIRMATIVE DEFENSES

41. Plaintiff's claims are barred by accord and satisfaction.

42. Plaintiff's claims are barred by the *Severin* doctrine.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ Jeffrey S. Pease
JEFFREY S. PEASE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-1011
Fax: (202) 514-8624

OF COUNSEL:

BRYAN O'BOYLE
Senior Trial Attorney
Air Force Legal Services Agency
Commercial Litigation Division
Arlington, VA 22209-2403

June 1, 2005

Attorneys for Defendant

CERTIFICATE OF FILING

I certify that on this 1st day of June, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Jeffrey S. Pease