**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **HARPER/NIELSEN-DILLINGHAM BUILDERS, INC.,** | ) | **electronically filed July 25, 2005** |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 05-269C (Judge Firestone)** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Appendix A, Part III, of the Rules of the United States Court of Federal Claims ("RCFC"), the parties submit this joint preliminary status report:

**a. Jurisdiction**

Plaintiff states that this Court has jurisdiction of this case pursuant to the Contract Disputes Act of 1978, 41 USC, § 601 et seq. (the "CDA"). Defendant avers that this Court does not possess jurisdiction over plaintiff's "wage determination" claims, pursuant to Emerald Maintenance, Inc. v. United States, 925 F.2d 1425 (Fed. Cir. 1991). Defendant is not aware of a basis upon which to challenge the Court's jurisdiction over plaintiff's remaining claims at this time.

**b. Consolidation**

The parties agree that this case should not be consolidated with any other case.

**c. Bifurcation**

The parties agree that trial of liability and damages should not be bifurcated.

**d. Deferral**

The parties agree that proceedings in this case should not be deferred pending consideration of any other case before this Court or any other tribunal.

**e. Remand/Suspension**

The parties agree that no remand or suspension will be sought in this case.

**f. Joinder of Additional Parties**

At this time, the parties do not believe that additional parties will need to be joined.

**g. Motions Pursuant to RCFC 12 (b), 12 (c), or 56**

One or both parties may move for dismissal pursuant to RCFC 12, or summary judgment pursuant to RCFC 56.

**h. Relevant Issues**

1. Whether this Court lacks jurisdiction to decide plaintiff's "wage determination" claims under Emerald Maintenance.

2. Whether plaintiff is prohibited from maintaining this action, pursuant to Severin v. United States, 99 Ct. Cl. 435, cert. denied, 322 U.S. 733 (1944), for damages allegedly suffered by its subcontractor because plaintiff is not liable to the subcontractor for the alleged damages.

3. Whether plaintiff is entitled to recover any damages because of delays allegedly caused by another Government contractor for removal of underground storage tanks.

4. Whether plaintiff is entitled to recover any damages allegedly suffered by plaintiff's subcontractor because of weather-related delays.

5. Whether plaintiff's claims are barred by accord and satisfaction.

6. Whether plaintiff is entitled to any damages for alleged landscape warranty work.

7. Whether plaintiff is entitled to recover for its subcontractor any alleged "additional" home office overhead expenses pursuant to the Eichleay formula.

8. Whether plaintiff is entitled to recover alleged "proposal preparation costs in the amount of $30,000.00."

**i. Settlement**

The parties anticipate ongoing consideration of settlement prior to and during the discovery period. Plaintiff requests alternative dispute resolution. Defendant agrees to consider the possibility of alternative dispute resolution prior to and during the discovery period, and prior to trial.

**j. Trial**

As stated above, one or both parties may move for dismissal pursuant to RCFC 12, or summary judgment pursuant to RCFC 56. If dispositive motions are not submitted, or if they are not completely dispositive of this action, the parties anticipate proceeding to trial. The parties do not request expedited trial scheduling. At this time, the parties anticipate that trial would take place in close proximity to Vandenberg Air Force Base, in Santa Barbara County, California.

**k. Electronic Case Management**

At this time, neither party is aware of any special issues regarding electronic case management needs.

**l. Additional Issues**

There is no additional information of which the Court should be aware at this time.

**m. Proposed Discovery Plan**

The parties intend to conduct simultaneous discovery through interrogatories, requests for admission, requests for production of documents, and depositions. The parties propose the following discovery plan:

| | |
|---|---|
| Exchange of Initial Disclosures: | September 15, 2005 |
| Close of Fact Discovery: | May 31, 2006 |
| Disclosure of Expert Witnesses: | June 30, 2006 |

The parties propose that, if plaintiff requires an expert witness, its expert report shall be due one month after the close of fact discovery; if defendant requires an expert witness, its expert report shall be due two months after the close of fact discovery; and expert depositions shall be conducted within three months after the close of fact discovery.

Respectfully submitted,

_s/ Richard W. Miller___
RICHARD W. MILLER
Miller Law Firm, P.C.

_s/ Michael T. Metcalf___
MICHAEL T. METCALF
Miller Law Firm, P.C.
4310 Madison Avenue
Kansas City, MO 64111
Tel: (816) 531-0755
Fax: (816) 561-6361

Attorneys for Plaintiff

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

_s/ Donald E. Kinner__
DONALD E. KINNER
Assistant Director

_s/ Jeffrey S. Pease__
JEFFREY S. PEASE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L St., N.W.
Washington, D.C. 20530
Tel: (202) 307-1011
Fax: (202) 514-8624

Of Counsel:

Bryan O'Boyle
Senior Trial Attorney
AFLSA/JACN
1501 Wilson Blvd, Room 606
Arlington, VA 22209-2403

Attorneys for Defendant

July 25, 2005

CERTIFICATE OF FILING

I hereby certify that on this 25th day of July 2005, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

___s/ Jeffrey S. Pease___