AMENDMENT OF SOLICITATION/MODIFICATION OF CONTRACT

1. CONTRACT ID CODE: J

PAGE OF PAGES: 1 | 02

2. AMENDMENT/MODIFICATION NO.: P00006

3. EFFECTIVE DATE: 98MAR02

4. REQUISITION/PURCHASE REQ. NO.: SEE SCHEDULE

5. PROJECT NO. (If applicable)

6. ISSUED BY — CODE

30 CONS/LGC,BLDG 7015, SEC. 2C
806 13TH STREET, SUITE 2
VANDENBERG AFB CA 93437-5226

7. ADMINISTERED BY (If other than Item 6) — CODE

8. NAME AND ADDRESS OF CONTRACTOR (No.,street,county,State and Zip code)

HARPER/NIELSEN-DILLINGHAM 012V94L
BUILDERS JOINT VENTURE
2241 KETTNER BLVD., SUITE 300
SAN DIEGO CA 92101

CODE | FACILITY CODE

(x) 9A. AMENDMENT OF SOLICITATION NO.

9b. DATED (See item 11)

X 10A. MODIFICATION OF CONTRACT/ORDER NO.: F0468496C0046

10B. DATED (See item 13): 96AUG27

11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS

_ The above numbered solicitation is amended as set forth in Item 14. The hour and date specified for receipt of Offers |_| is extended, |_| is not extended.

Offers must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended by one of the following methods:
(a)By completing Items 8 and 15,and returning ___ copies of the amendment; (b)By acknowledging receipt of this amendment on each copy of the offer submitted; or (c)By separate letter or telegram which includes a reference to the solicitation and amendment numbers. FAILURE OF YOUR ACKNOWLEDGEMENT TO BE RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OF OFFERS PRIOR TO THE HOUR AND DATE SPECIFIED MAY RESULT IN REJECTION OF YOUR OFFER. If by virtue of this amendment you desire to change an offer already submitted, such change may be made by telegram or letter,provided each telegram or letter makes reference to the solicitation and this amendment, and is received prior to the opening hour and date specified

12. ACCOUNTING AND APPROPRIATION DATA (If required)

N/A

NO CHG .00

13. THIS ITEM APPLIES ONLY TO MODIFICATIONS OF CONTRACT/ORDERS, IT MODIFIES THE CONTRACT/ORDER NO. DESCRIBED IN ITEM 14.

(x) | A. This change order is issued pursuant to:(Specify authority) The changes set forth in Item 14 are made in the contract order no in item 10A.

| B. The above numbered contract/order is modified to reflect the administrative changes(such as changes in paying office,appropriation data,etc.) set forth in Item 14 pursuant to the authority of FAR 43.103(b).

X | C. This supplemental agreement is entered in pursuant to authority of: CHANGES CLAUSE FAR 52.243-4, AUG 1987 ; Default Clause, FAR 52.249-10

| D. Other (Specify type of modification and authority)

E. IMPORTANT: Contractor |_| is not, |X| is required to sign this document and return 005 copies to the issuing office.

14. Description of amendment/modification (Organized by UCF section headings,including solicitation/contract subject matter where feasible.)

POC: HORNIAK, LENNY
PHONE: 8057348232/62169

SEE SCHEDULE

Except as provided herein, all terms and conditions of the document referenced in Item 9A or 10A, as heretofore changed, remains unchanged and in full force and effect.

15A. NAME AND TITLE OF SIGNER (Type or print): JEFFREY A. HARPER, PROJECT MANAGER

16A. NAME AND TITLE OF CONTRACTING OFFICER (Type or print): PAINTER/MCLAUGHLI/DODD

A49

15B. CONTRACTOR/OFFEROR: [signature]

15C. DATE SIGNED: 3/6/98

16B. UNITED STATES OF AMERICA BY [signature]

16C. DATE SIGNED: 3-19-98

1. The purpose of this modification is to extend the contract performance period due to the higher than normal rainfall that was experienced here at Vandenberg Air Force Base, from Nov 97 to Feb 98.

2. The contract performance period is changed from 495 days to 544, an increase of 49 cal days. This was computed by comparing the data of normal days of rain and inches of rain to data of actual number of days of rain and inches of rain. The result is 26 days. Additionally, we allowed another 13 cal days for drying time for a total of 49 cal days. The contract completion date is changed from 2 Mar 98 to 20 Apr 98.

3. All other terms and conditions remain unchanged.
////////////////////////////////////////////////////////////////LAST ITEM/////////////////////////////////////////////

# M E M O R A N D U M

**DATE:** 2 Mar 98

**TO:** Contract File

**FROM:** Lenny Horniak

**RE:** Time Extension, P00006, Contract F04684-96-C-0046, Replace MFH, Phase ~~0~~ 3

**CC:** n/a

1. Subject contract expires 2400 hrs tonight. The contract is completed except for the landscaping requirements. The reason why the landscaping hasn't been completed is due to "El Nino", the name associated with this years storms which dropped 36.43 inches of rain from Nov 97 to Feb 98. This is four times the normal amount.

2. Normally, we have 30 rain days for the months of Nov - Feb. This year, we had 56 rain days, almost double the normal rain days for these months. The 26 additional rain days plus 13 days drying time is how we established a 49 cal day time extension.

3. Under the Default Clause, 52.249-10, it is an excusable delay if the delay in completing the work arises from unforeseeable causes beyond the control and without the fault or negligence of the Contractor. This is the case, as unusually severe weather was encountered during contract performance. See the below rainfall table:

TABLE I - RAINFALL

| | NORMAL rain days | NORMAL inches-rain | 97-98 rain days | 97-98 inches-rain | | |
|---|---|---|---|---|---|---|
| Nov | 6.00 | 2.04 | 9.00 | 6.26 | | |
| Dec | 10.00 | 2.03 | 17.00 | 3.59 | | |
| Jan | 8.00 | 2.53 | 13.00 | 11.77 | | |
| Feb | 6.00 | 2.41 | 17.00 | 14.81 | | |
| | | | | | difference | difference |
| total: | 30.00 | 9.01 | 56.00 | 36.43 | 26.00 | 27.42 |

4. The contractor is entitled to a time extension and the contractor bears the financial risk of an excusable delay.

5. Modification P00006, 2 Mar 98, accomplished to extend the contract performance from 495 days to 544 days, an increase of 49 cal days. The contract completion date is changed from 2 Mar 98 to 20 Apr 98.

Leonard J. Horniak

LEONARD J. HORNIAK
Contract Administrator

ATCHs:
1. Default Clause
2. Weather Report

C.H. PAINTER
Contracting Officer

Note: This information was given to Bob Griswold, Verbally 3 Mar 98

LH

**52.249-10 -- Default (Fixed-Price Construction) (Apr 1984)**

As prescribed in 49.504(c)(1), insert the following clause:

**Default (Fixed-Price Construction) (Apr 1984)**

(a) If the Contractor refuses or fails to prosecute the work or any separable part, with the diligence that will insure its completion within the time specified in this contract including any extension, or fails to complete the work within this time, the Government may, by written notice to the Contractor, terminate the right to proceed with the work (or the separable part of the work) that has been delayed. In this event, the Government may take over the work and complete it by contract or otherwise, and may take possession of and use any materials, appliances, and plant on the work site necessary for completing the work. The Contractor and its sureties shall be liable for any damage to the Government resulting from the Contractor's refusal or failure to complete the work within the specified time, whether or not the Contractor's right to proceed with the work is terminated. This liability includes any increased costs incurred by the Government in completing the work.

(b) The Contractor's right to proceed shall not be terminated nor the Contractor charged with damages under this clause, if --

(1) The delay in completing the work arises from unforeseeable causes beyond the control and without the fault or negligence of the Contractor. Examples of such causes include --

(i) Acts of God or of the public enemy,

(ii) Acts of the Government in either its sovereign or contractual capacity,

(iii) Acts of another Contractor in the performance of a contract with the Government,

(iv) Fires,

(v) Floods,

(vi) Epidemics,

(vii) Quarantine restrictions,

(viii) Strikes,

(ix) Freight embargoes,

(x) Unusually severe weather, or

(xi) Delays of subcontractors or suppliers at any tier arising from unforeseeable causes beyond the control and without the fault or negligence of both the Contractor and the subcontractors or suppliers; and

(2) The Contractor, within 10 days from the beginning of any delay (unless extended by the Contracting Officer), notifies the Contracting Officer in writing of the causes of delay. The Contracting Officer shall ascertain the facts and the extent of delay. If, in the judgment of the Contracting Officer, the findings of fact warrant such action, the time for completing the work shall be extended. The findings of the Contracting Officer shall be final and conclusive on the parties, but subject to appeal under the Disputes clause.

(c) If, after termination of the Contractor's right to proceed, it is determined that the Contractor was not in default, or that the delay was excusable, the rights and obligations of the parties will be the same as if the termination had been issued for the convenience of the Government.

(d) The rights and remedies of the Government in this clause are in addition to any other rights and remedies provided by law or under this contract.

(End of clause)

| | NORMAL | | 97-98 | | |
|---|---|---|---|---|---|
| | DAYS OF RAIN | INCHES OF RAIN | DAYS OF RAIN | INCHES OF RAIN | |
| • NOV | 6 | 2.04 | 9 | 6.26 | + 3 |
| • DEC | 10 | 2.03 | 17 | 3.59 | + 7 |
| • JAN | 8 | 2.53 | 13 | 11.77 | + 5 |
| • FEB | 6 | 2.41 | 17 | 14.81 | + 11 |

26 Days.

Post-it® Fax Note 7671
Date 2 Mar 98 | # of pages 1
To Lanny Horniak | From AIC JANKE
Co./Dept. | Co. 30 WS
Phone # 6 2169 | Phone # 6 8022
Fax # 6 2071 | Fax # 6 0828



ATCH 2

DEPARTMENT OF THE AIR FORCE
30TH SPACE WING (AFSPC)

1 SEP 1998

MEMORANDUM FOR HARPER/NIELSEN DILLINGHAM CONSTRUCTION CO.
ATTN: MR. KEVIN SMITH
2241 KETTNER BLVD #300
SAN DIEGO CA 92101

FROM: 30 CONS/LGCCB
BLDG 7015, SECTION 2A
806 13TH ST., SUITE 2
VANDENBERG AFB CA 93437-5226

SUBJECT: Severe Storm Damage, Contract F04684-96-C-0046 (Yr Ltr, 13 Apr 98)

1. We have reviewed your subject letter, inwhich you continue your request for compensation for performing your landscape work during the rainy season because of delay caused by another contractor on a separate contract.

2. Your progress schedule, AF Form 3064, scheduled site work to be performed from 1 Aug 97 to 15 Feb 98. The site work on subject contract was 10.79% complete (out of 11%) as of 31 Oct 97, and you were ahead of schedule (89.29% scheduled, 99.78% actual). This leaves .21% of the site work to be completed by 2 Mar 98 (P00002 changed contract completion date from 15 Feb 98 to 2 Mar 98).

3. The above information leads us to believe that Jacobs Engineering's delay did not impact your landscaping work like you claim. Consequently, your request for compensation is denied.

4. We acknowledge Vandenberg AFB did encounter higher than normal rainfall from Nov 97 to Feb 98 and a modification P00006 was issued extending the contract by 49 calendar days. The contract completion date changed from 2 Mar 98 to 20 Apr 98. However, you bear the sole risk of severe weather damage before acceptance of work in progress

5. Question/comments may be addressed to Lenny Horniak, Contract Specialist, at (805) 734-8232, ext. 6-2169.

C.H. PAINTER
Contracting Officer

A56

cc:
30 CES/CECE (Bob Griswold)

P

**DEPARTMENT OF THE AIR FORCE**

30TH SPACE WING (AFSPC)

17 Jun 98

'98 JUN 19 12:49

MEMORANDUM FOR 30 CONS/LGCCB
ATTENTION: CHARLES H. PAINTER

FROM: 30 CES/CECE

SUBJECT: Contract 96-C-0046, XUMU 96-4003; Replace Capehart MFH Phase 3; Severe Storm Damage

1. Reference your letter dated 10 Jun 98 regarding request for technical evaluation of request from Harper/Neilsen-Dillingham (H/ND) for compensation for delays and damages resultant from causes listed in the following paragraphs.

2. It is difficult to say whether or not H/ND should be allowed compensation due to delays caused by work by other contractors, namely Jacobs Engineering, which then caused them to complete their work during the "rainy" season. Many of the same difficulties encountered by Jacobs Engineering would have been encountered by H/ND, thereby causing theme delays and pushing their schedule into the rainy season. It would be impossible to determine how H/ND would have reacted to the problems encountered and how much delay they would have experienced or not. In any case, the following specific information and recommendations are provided per your request.

3. Delays to progress by H/ND could have come from 2 separate but related sources. These sources for delay are as outlined below:

a. Delays due to interference from Jacobs Engineering including removal of underground storage tanks (UST) - Jacobs Engineering was contracted by HQ AFCEE to remove 27 UST's. JE did mobilize as soon as was possible on 16 Dec 96. Difficulties encountered by Jacobs Engineering in their work included inclement weather conditions, contaminated soils to be removed beyond original contract, contaminated waters brought on by excessive rain fall while work was being accomplished and difficulties working around existing structures, landscaping and other work being accomplished by H/ND simultaneously. Except for some inefficiencies noted in procedure executed by Jacobs Engineering, the same delays could have been encountered by H/ND.

b. Additional delays and damages due to work being performed during the rainy season because of delays incurred by work performed by Jacobs Engineering - Although H/ND was clearly more experienced in the efficient removal of UST's, the delays noted above could not have been avoided. In any case, some site work, namely landscaping installation and maintenance, would have to be performed during the rainy season and damages due to inclement weather would have ocurred. It would be up to your office to determine whether these damages would be allowed or not.

3. In regards to the request for compensation for weather conditions, the following items were noted on the list provided by H/ND and a general response to each is hereby provided:

a. Erosion/Silt Cleanup: Erosion and the resultant cleanup would have been experienced by H/ND in any case due to the large amounts of rain during the rainy season, as well as the heavy storm on 2-4 Feb 98. Some landscaping installation and maintenance would have been ongoing during inclement weather conditions and some erosion would have occurred. Also note that H/ND is required per their Storm Water Pollution Prevention Plan (SWPPP) to install, monitor and clean silt collection devices

before and after storms, therefore cleanup on its own is not an extra expense. H/ND could have anticipated areas susceptible to erosion and taken additional measures to prevent and minimize damage. Unless there is some provision in the contract for compensation for damages resulting from extreme weather conditions, no compensation should be allowed.

b. Broken Trees: Many trees were not staked properly and H/ND should not be compensated for damages to improperly staked trees. H/ND was told repeatedly by this office to correct this situation and no action was taken. No compensation should be allowed.

c. Trench Failures: These failures would have shown up in time with or without the heavy rains. Failures are due to improper compaction and not due to weather conditions. No compensation should be allowed.

4. Also note that emergency storm damage funds were requested to help compensate H/ND for damages encountered during construction of XUMU 97-4003, Replace Capehart MFH, Phase 4. These damages were to specific structures (new Utah Road at Ocean View Blvd and Magnolia St at California Blvd) that could not have been protected by any measures. Unfortunately, funds were not provided due to the lack of emergency and immediate impact to mission.

5. **Recommendation:** H/ND may be entitled to compensation for delays but the extent of these delays is nearly impossible to determine. Many of the delays and problems experienced by JE would have impacted the construction schedule of H/ND even if work had been performed as originally called for in contract. Extreme weather conditions encountered by H/ND would have occurred in any case at some stage of construction and some damages would have occurred. A determination would have to be made by your office regarding compensation allowed for delays and damages due to extreme weather conditions. It is my understanding that a determination in this matter regarding extreme weather has already been made against any claim made by H/ND, although it is felt by this office that some compensation should be due for damages noted in para 4 above.

6. If you should have any questions regarding this matter, please feel free to contact me at extension 6-2048. Thank you for your time and consideration in this matter.

K. ROBERT GRISWOLD
Architect

# HARPER/NIELSEN-DILLINGHAM BUILDERS

JOINT VENTURE

April 13, 1998

RE: REPLACE CAPEHART MFH **PHASE 3**
Vandenberg Air Force Base
Contract No. F046484-96-B-0005

'98 APR 14 -8 :52

SUBJ: Severe Storm Damage

ATTN: Lenny Horniak

We are in receipt of your letter dated 10 March 1998, but do not agree with your findings. Enclosed you will find Meeting minutes dated back to November of 1996, when we first expressed concern with a grading delay. Everything was done in order to expedite the job and ensure that we would not be landscaping in the rainy season. We were assured that Jacob's Eng. Firm wouldn't get in the way of our grading operation or slow us down.

Harper Construction Company was delayed more than five months with grading and everything that followed, as evidenced by the Meetings minutes, daily reports and letters requesting help in expediting the tank removal. Our subcontractor Donovan Construction had to demobilize and mobilize on several occasions. No other trades were allowed to commence work until we were sure the tank removal was not going to impede progress any longer.

Everything was done in our power to move Jacob's Eng. further along, but they seemed to have their own agenda, and didn't much care for ours. There was never any Government official on site to monitor their work, inspect load tickets or even ask them to cover truckloads. They had only one truck hauling contaminated soil off site when five or more could have been used. We even offered to pay for the soil results to be turned around in 48 hours or less so we could backfill the tank holes—they did not accept.

Jacob's Eng. turned over the first 28 building pads to us in the middle of February, we immediately overexcavated the area and prepared the finish grade on each pad. While we were running electric main along the Juniper side of the project we uncovered asbestos pipe that they had supposedly removed. As a result of this they removed the pipe and damaged some of the building pads that had previously been complete. ( As evidenced by PCO#15 dated 3/20/97)

We knew how difficult and costly it was to landscape a project of this size, during rainy weather, upon completion of Phase 2 in November of 1996. With that knowledge, and some foresight to the oncoming " EL NINO" condition, we did everything in our power to move phases 3 and 4 along. We were unable to complete this task.

Never in our minds could we have foreseen the severe weather that has plagued us in the past five months. There was nothing we could do to even lower the amount of damage, our efforts were futile



2241 KETTNER BLVD #300 * SAN DIEGO, CA 92101 * (619)233-7900 * FAX (619)233-1889 * LIC #678877

and costly, but still we t' . It is because of the large amoun money that we have lost, that we know ask you to pay for tne delay caused by Jacob's Eng.

Respectfully,

Kevin M Smith
Project Superintendent
(805) 734-0985

cc: Charles H. Painter
Ronald D. Harper
Jeffrey A. Harper

AMENDMENT OF SOLICITATION/MODIFICATION OF CONTRACT | 1. CONTRACT ID CODE J | PAGE OF PAGES 1 | 02

2. AMENDMENT/MODIFICATION NO. P00007 | 3. EFFECTIVE DATE 98APR20 | 4. REQUISITION/PURCHASE REQ. NO. SEE SCHEDULE | 5. PROJECT NO.(If applicable)

6. ISSUED BY CODE
30 CONS/LGC,BLDG 7015, SEC. 2C
806 13TH STREET, SUITE 2
VANDENBERG AFB CA 93437-5226

7. ADMINISTERED BY (If other than Item 6) CODE

8. NAME AND ADDRESS OF CONTRACTOR (No.,street,county,State and Zip code)
HARPER/NIELSEN-DILLINGHAM 012V94L
BUILDERS JOINT VENTURE
2241 KETTNER BLVD., SUITE 300
SAN DIEGO CA 92101

CODE | FACILITY CODE

(x) | 9A. AMENDMENT OF SOLICITATION NO.
9b. DATED (See item 11)
X | 10A. MODIFICATION OF CONTRACT/ORDER NO. F0468496C0046
10B. DATED (See item 13) 96AUG27

11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS
|_|The above numbered solicitation is amended as set forth in Item 14. The hour and date specified for receipt of Offers |_|is extended, |_| is not extended.

Offers must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended by one of the following methods:
(a)By completing Items 8 and 15,and returning ___ copies of the amendment; (b)By acknowledging receipt of this amendment on each copy of the offer submitted; or (c)By separate letter or telegram which includes a reference to the solicitation and amendment numbers. FAILURE OF YOUR ACKNOWLEDGEMENT TO BE RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OF OFFERS PRIOR TO THE HOUR AND DATE SPECIFIED MAY RESULT IN REJECTION OF YOUR OFFER. If by virtue of this amendment you desire to change an offer already submitted, such change may be made by telegram or letter,provided each telegram or letter makes reference to the solicitation and this amendment, and is received prior to the opening hour and date specified

12. ACCOUNTING AND APPROPRIATION DATA (If required)
N/A
NO CHG .00

13. THIS ITEM APPLIES ONLY TO MODIFICATIONS OF CONTRACT/ORDERS, IT MODIFIES THE CONTRACT/ORDER NO. DESCRIBED IN ITEM 14.

(x) | A. This change order is issued pursuant to:(Specify authority) The changes set forth in Item 14 are made in the contract order no in item 10A.

| B. The above numbered contract/order is modified to reflect the administrative changes(such as changes in paying office,appropriation data,etc.) set forth in Item 14 pursuant to the authority of FAR 43.103(b).

X | C. This supplemental agreement is entered in pursuant to authority of: DEFAULT CLAUSE, FAR 52.249-10, APR 1984

| D. Other (Specify type of modification and authority)

E. IMPORTANT: Contractor |_| is not, |X| is required to sign this document and return 005 copies to the issuing office.

14. Description of amendment/modification (Organized by UCF section headings,including solicitation/contract subject matter where feasible.)

POC: HORNIAK, LENNY
PHONE: 8057348232/62169

SEE SCHEDULE

Except as provided herein, all terms and conditions of the document referenced in Item 9A or 10A, as heretofore changed, remains unchanged and in full force and effect.

15A. NAME AND TITLE OF SIGNER (Type or print)
JEFFREY A. HARPER PROJECT MANAGER

16A. NAME AND TITLE OF CONTRACTING OFFICER (Type or print)
PAINTER/MCLAUGHLI/DODD

15B. CONTRACTOR/OFFEROR
[signature]
(Signature of person authorized to sign)

15C. DATE SIGNED 4/28/98

16B. UNITED STATES OF AMERICA
BY [signature]
(Signature of Contracting Officer)

16C. DATE SIGNED 8MAY98

A61

1. The purpose of this modification is to extend the contract performance period due to the higher than normal rainfall that was experienced here at Vandenberg Air Force Base, from 1 Mar 98 to 20 Apr 98:

2. The contract performance period is changed from 544 days to 556, an increase of 12 cal days. The contract completion date is changed from 20 Apr 98 to 2 May 98.

3. All other terms and conditions remain unchanged.
////////////////////////////////////////////////////////////////////LAST ITEM////////////////////////////////////////////////

# M E M O R A N D U M

**DATE:** 20 Apr 98

**TO:** Contract File

**FROM:** Lenny Horniak

**RE:** Time Extension, P00007, Contract F04684-96-C-0046, Replace MFH, Phase 3

**CC:** n/a

1. Subject contract expires at 2400 tonight. The increased rain fall experienced in the months of Nov - Feb has been experienced again in the months of Mar & Apr.

See the below rainfall table:

TABLE I - RAINFALL

| | NORMAL rain days | NORMAL inches-rain | 98 rain days | 98 inches-rain | | |
|---|---|---|---|---|---|---|
| Mar | 8 | 2.20 | 9 | 4.25 | | |
| Apr 1st-20th | 3 | .38 | 6 | 3.01 | | |
| | | | | | difference | difference |
| Total: | 11 | 2.58 | 15 | 7.26 | 4 | 4.68 |

2. The weather squadron gave us the following information for the first 20 days in Apr 98:

| Day of Apr 98 | Amount of Rainfall (in inches) |
|---|---|
| 1st | .99 |
| 3rd | .58 |
| 7th | .19 |
| 11th | 1.14 |
| 13th | .09 |
| 14th | .02 |

The total is 6 days with a total rainfall of 3.01”

3. The amount of rain that has fallen during this time period is twice the amount of rainfall and 4 more days than the average rain days. Because of the extreme saturation of the soil, we are allowing 3 dry days per each of the 4 rain days for a total of 12 days.

4. The contractor requested a 2 month extension but was told this was out of the question. I told Mr. Kevin Smith about the amount of rainfall for the month of Mar 98, which showed 1 additional rain day and 2.05 additional inches of rain. Also, the first 20 days in April showed an increase in the amount of rain fallen and the number of rain days (See Table I, above). Table I reflects 4 additional rain days and 4.68 additional rain fall. Considering the drying time, we offered the contractor a 12 calendar day extension and he accepted.

5. Under the Default Clause, 52.249-10, it is an excusable delay if the delay in completing the work arises from unforeseeable causes beyond the control and without the fault or negligence of the Contractor. This is the case, as unusually severe weather was encountered during contract performance.

6. Modification P00007, 20 Apr 98, accomplished to extend the contract performance from 544 days to 554 days, an increase of 12 cal days. The contract completion date is changed from 20 Apr 98 to 2 May 98.

LEONARD J. HORNIAK
Contract Administrator

Attachment:
Climatology Report, Mar 97 w/written results for 1-20 Apr 98

C.H. PAINTER
Contracting Officer

# 30 WS, VANDENBERG AFB CLIMATOLOGY REPORT

MAR 97

| DAY | TEMPERATURE MAX C | MIN C | MAX F | MIN F | AVG C | AVG F | %RH 7:00 %RH | 13:00 %RH | PEAK WIND DIR Deg | SPD Kts | TIME Z | PRECIPITATION DAY (in.) | MONTH (in.) | YEAR (in.) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 16 | 0 | 61 | 32 | 8 | 33 | 85 | 49 | 280 | 12 | 20:40 | 0.00 | 0.00 | 14.69 |
| 2 | 16 | 2 | 62 | 36 | 9 | 49 | 93 | 62 | 320 | 17 | 22:54 | 0.00 | 0.00 | 14.69 |
| 3 | 14 | 4 | 59 | 40 | 9 | 50 | 82 | 56 | 330 | 28 | 0:22 | 0.00 | 0.00 | 14.69 |
| 4 | 17 | 5 | 65 | 41 | 11 | 53 | 58 | 39 | 310 | 31 | 16:27 | 0.00 | 0.00 | 14.69 |
| 5 | 21 | 2 | 70 | 35 | 13 | 53 | 76 | 29 | 310 | 10 | 23:03 | 0.00 | 0.00 | 14.69 |
| 6 | 15 | 3 | 60 | 38 | 9 | 49 | 92 | 71 | 330 | 26 | 22:03 | 0.00 | 0.00 | 14.69 |
| 7 | 15 | 1 | 59 | 33 | 8 | 46 | 100 | 71 | 330 | 27 | 0:31 | 0.00 | 0.00 | 14.69 |
| 8 | 16 | 9 | 60 | 48 | 13 | 54 | 96 | 72 | 300 | 36 | 14:50 | 0.00 | 0.00 | 14.69 |
| 9 | 27 | 3 | 81 | 38 | 15 | 60 | 89 | 37 | 310 | 17 | 15:09 | 0.00 | 0.00 | 14.69 |
| 10 | 28 | 7 | 82 | 45 | 18 | 64 | 56 | 23 | 300 | 14 | 16:13 | 0.00 | 0.00 | 14.69 |
| 11 | 17 | 7 | 63 | 44 | 12 | 54 | 76 | 77 | 310 | 12 | 21:55 | 0.00 | 0.00 | 14.69 |
| 12 | 15 | 6 | 59 | 43 | 11 | 51 | 100 | 71 | 310 | 26 | 18:34 | 0.00 | 0.00 | 14.69 |
| 13 | 24 | 8 | 75 | 46 | 16 | 61 | 35 | 21 | 10 | 36 | 9:15 | 0.00 | 0.00 | 14.69 |
| 14 | 23 | 4 | 74 | 39 | 14 | 57 | 54 | 30 | 320 | 24 | 20:48 | 0.00 | 0.00 | 14.69 |
| 15 | 15 | 4 | 59 | 39 | 10 | 49 | 100 | 75 | 250 | 16 | 13:50 | 0.00 | 0.00 | 14.69 |
| 16 | 16 | 6 | 60 | 43 | 11 | 52 | 96 | 75 | 200 | 17 | 10:18 | 0.00 | 0.00 | 14.69 |
| 17 | 18 | 4 | 64 | 39 | 11 | 52 | 100 | 60 | 280 | 16 | 22:13 | 0.00 | 0.00 | 14.69 |
| 18 | 23 | 4 | 73 | 40 | 14 | 57 | 100 | 41 | 330 | 18 | 1:04 | 0.00 | 0.00 | 14.69 |
| 19 | 23 | 3 | 73 | 37 | 13 | 54 | 74 | 45 | 280 | 14 | 22:05 | 0.00 | 0.00 | 14.69 |
| 20 | 22 | 4 | 72 | 39 | 13 | 54 | 96 | 61 | 310 | 15 | 23:25 | 0.00 | 0.00 | 14.69 |
| 21 | 18 | 8 | 64 | 46 | 13 | 55 | 96 | 72 | 310 | 8 | 0:30 | 0.00 | 0.00 | 14.69 |
| 22 | 13 | 11 | 56 | 51 | 12 | 54 | 96 | 96 | 250 | 13 | 14:35 | 0.00 | 0.00 | 14.69 |
| 23 | 13 | 11 | 56 | 51 | 12 | 54 | 89 | 77 | 290 | 17 | 13:18 | T | 0.00 | 14.69 |
| 24 | 13 | 10 | 58 | 50 | 12 | 54 | 93 | 89 | 320 | 11 | 19:48 | 0.00 | 0.00 | 14.69 |
| 25 | 16 | 10 | 61 | 50 | 13 | 56 | 93 | 74 | 310 | 12 | 20:16 | T | 0.00 | 14.69 |
| 26 | 14 | 6 | 58 | 43 | 10 | 51 | 100 | 80 | 290 | 12 | 22:46 | T | 0.00 | 14.69 |
| 27 | 15 | 9 | 59 | 49 | 12 | 54 | 89 | 71 | 320 | 19 | 3:22 | 0.00 | 0.00 | 14.69 |
| 28 | 15 | 6 | 61 | 42 | 11 | 52 | 89 | 89 | 320 | 26 | 20:18 | 0.00 | 0.00 | 14.69 |
| 29 | 19 | 6 | 66 | 43 | 13 | 55 | 93 | 63 | 90 | 16 | 11:00 | 0.00 | 0.00 | 14.69 |
| 30 | 16 | 4 | 60 | 40 | 10 | 50 | 100 | 86 | 310 | 15 | 0:27 | 0.00 | 0.00 | 14.69 |
| 31 | 15 | 6 | 59 | 42 | 11 | 51 | 79 | 35 | 320 | 35 | 22:38 | T | 0.00 | 14.69 |

| MONTHLY SUMMARY | AVG | EXTREME | CLIMATOLOGY | AVG | EXTREME |
|---|---|---|---|---|---|
| MAX TEMP: | 64 | 82 | MAX TEMP: | 60 | 87 |
| MIN TEMP: | 42 | 32 | MIN TEMP: | 47 | 31 |
| AVG TEMP: | 53 | XXX | AVG TEMP: | 54 | XXX |
| MAX WIND (Kt): | | 36 | MAX WIND (Kt): | | 42 |
| PRECIPITATION (In): | | | PRECIPITATION | AVG | EXTREME |
| MONTHLY: | | 0.00 | MONTHLY: | 2.76 | 11.12 |
| YEARLY: | | 14.69 | YEAR TO DATE: | 12.09 | XXX |
| MAX 24 HR: | | 0.00 | MAX 24 HR: | XXX | 3.71 |
| DAYS > TRACE: | | 0 | DAYS > TRACE: | 8 | |
| HEATING DEG DAYS: | | 101 | | | |
| COOLING DEG DAYS: | | 81 | | | |

*NOTE 1: MIN TEMP IS ESTIMATED.

*NOTE 2: PRECIPITATION YEAR IS 1 JULY - 30 JUNE.

Rainfall for the first 20days in April was 3.01 inch

The days with rain were

1. - .49 inches

2-. a Trace

3. - .58 inches

7 - .19 inches

11 - 1.14 inches

13 - .09

14 - .02

**DEPARTMENT OF THE AIR FORCE**

30TH SPACE WING (AFSPC)

15 Jun 99

MEMORANDUM FOR HARPER/NIELSEN-DILLINGHAM
ATTENTION: MICHAEL J. KOCH
2241 KETTNER BLVD, #300
SAN DIEGO CA 92101-1769

FROM: 30 CONS/LGCCB

SUBJECT: Replace Capehart MFH, Phase 3 - Contract 96-C-0046;
Subcontractor Claim

1. The claim submitted by your subcontractor, Karleskint-Crum, Inc., under the above subject contract and forwarded to this office by your 26 May 99 letter is returned herewith.

2. You are advised that this contract is between **Harper-Nielsen Dillingham and the United States Government.** We do not have privity of contract with your subcontractors, therefore any claim on their behalf must be submitted and certified by you. You are reminded however that any claim tendered must be based upon the requirements imposed by the specifications and/or drawings contained in the contract.

3. Please direct further questions concerning the above to the undersigned at (805)606-5002.

Cora L. Armstrong
**CORA L. ARMSTRONG**
**Contracting Officer**

Attachment:
1. Subcontractor Claim,
Contract 96-C-0046



GUARDIANS OF THE HIGH FRONTIER

HARPER CONSTRUCTION COMPANY 1974 25th 1999

Nielsen Dillingham BUILDERS

A Joint Venture

'99 MAY 28 10:08

May 26, 1999

United States Air Force
Attn: Harvey Ware
806 13th St.,Suite 129
Vandenberg AFB, CA 93437-5226

RE: Replace Capehart Military Family Housing Phase III
Contract No. FO4684-96-C-0046

Dear Mr. Ware:

On behalf of our subcontractor Karleskint-Crum, Inc. ("KCI") we submit its request for an amendment without consideration to the above-referenced contract pursuant to FAR 50.302-1.

This request arises from work done by subcontractor KCI, who presented the enclosed material to us in support of its request that we approach you on this matter. This does not appear to be a case of merely lost profits, rather it is possible that subcontractor, KCI, has presented facts that would merit an adjustment to the contract which would enable us to increase KCI's subcontract amount. However, we have conducted no independent investigation and are unable to submit the certification requested by FARs 50.303-2 and 52-233-1. We have included a certification executed by KCI.

Harper/Nielsen Dillingham values highly our excellent relationship with the Air Force, but feel compelled to pass on this request for equitable adjustment in order to treat this subcontractor fairly under the Federal Acquisition Regulations.

Please call if you have any questions or comments.

Sincerely,

Ron Harper Jr.
Harper/Nielsen Dillingham Builders. JV

RHJ/pi



2241 Kettner Blvd., Ste. 300, San Diego, California 92101-1769 License 735938 A/B Tel: (619) 233-7900 * FAX: (619) 233-1889

Karleskint-Crum, Inc.

May 18, 1999

Michael J. Koch
Harper Nielsen Dillingham
2241 Kettner Blvd. Suite 300
San Diego, Ca 92101-1769

RE: Replace Capehart MFH Phase 3, Vandenberg AFB
Contract No. F04684-96-C-0046

Dear Mr. Koch

Karleskint-Crum, Inc. Is hereby submitting a Request for Equitable Adjustment (REA) on the above referenced contract as allowed by the contract documents and the Federal Acquisition Regulations.

I certify that our request is made in good faith and the supporting data is accurate and complete to the best of my knowledge and belief.

Sincerely,

Curt Boutwell
Karleskint-Crum, Inc.



CONTRACTORS • Landscape-Erosion Control-Engineering • CA#247631
P.O. Box 5358, San Luis Obispo, CA 93403 • (805) 543-3304 • FAX (805) 543-3827

# CONTRACTOR'S INVOICE

## REPLACE CAPEHART MFH PHASE 3 *(143 UNITS)*
VANDENBERG AIR FORCE BASE

'99 OCT 14 11:15

HARPER/NIELSEN-DILLINGHAM
BUILDERS JOINT VENTURE ~ A (JV)
2241 KETTNER BLVD, SUITE 300
SAN DIEGO, CA 92101

DATE 10/13/99

INVOICE NO. 016

CONTRACT NO. F04684-96-C-0046
PROJECT NO. XUMU 96-4003
H/N JOB#: ND-960001-00

**THE ATTACHED SCHEDULE OF VALUES PROVIDES BREAKDOWN OF THIS STATEMENT OF PERFORMANCE FOR THIS BILLING PERIOD**

| | | | |
|---|---|---|---|
| ORIGINAL CONTRACT AMOUNT | | $ 17,724,714.00 | |
| CHANGE ORDER AMOUNT | THRU C.O.# P00009 | $ 1,477,348.40 | |
| REVISED CONTRACT AMOUNT | | $ 19,202,062.40 | |
| PERCENT COMPLETED TO DATE | 100.000% | $ 19,202,062.40 | |
| GROSS AMOUNT EARNED TO DATE | | | $ 19,202,062.40 |
| LESS PREVIOUS BILLINGS | | | $ ~~19,191,965.00~~ 19,191,965.93 |
| **TOTAL AMOUNT DUE THIS BILLING** | | | **$ ~~10,097.40~~** 10,096.47 |

BALANCE TO COMPLETION $ -

Ronald D. Harper (signature)
RONALD D. HARPER, MANAGING PARTNER

10/13/99
DATE

Contract No. F04684- 96-C-0046
Date: 14 Oct 99
Amount $10,096.47
This invoice is authorized and proper for payment only in the amount above.
Approved: Cora L. Armstrong (signature)

CORA L. ARMSTRONG, CONTRACTING OFFICER
30 CONS/LGCCB
806 13th Street, Suite 2
Vandenberg AFB CA, 93437-5226
(805) 606-5002

FINAL INVOICE

A69

REPLACE CAPEHART MFH **PHASE 3** *(143 UNITS)*
VANDENBERG AIR FORCE BASE

**HARPER/NIELSEN-DILLINGHAM**
**BUILDERS JOINT VENTURE ~ A (JV)**
2241 KETTNER BLVD, SUITE 300
SAN DIEGO, CA 92101

DATE **10/13/99**

INVOICE NO. **016**

CONTRACT NO. **F04684-96-C-0046**
PROJECT NO. **XUMU 96-4003**
H/N JOB#: **ND-960001-00**

**INVOICE CERTIFICATION**

I HEREBY CERTIFY, TO THE BEST OF MY KNOWLEDGE AND BELIEF, THAT:

1. THE AMOUNTS REQUESTED ARE ONLY FOR PERFORMANCE IN ACCORDANCE WITH THE SPECIFICATIONS, TERMS, AND CONDITIONS OF THE CONTRACT

2. PAYMENTS TO SUBCONTRACTORS AND SUPPLIERS HAVE BEEN MADE FROM PREVIOUS PAYMENTS RECEIVED UNDER THE CONTRACT, AND TIMELY PAYMENTS WILL BE MADE FROM THE PROCEEDS OF THE PAYMENT BY THIS CERTIFICATION, IN ACCORDANCE WITH SUBCONTRACT AGREEMENTS AND THE REQUIREMENTS OF CHAPTER 39 TITLE 31, UNITED STATES CODE

3. THIS REQUEST FOR PROGRESS PAYMENTS DOES NOT INCLUDE ANY AMOUNTS WHICH THE PRIME CONTRACTOR INTENDS TO WITHHOLD OR RETAIN FROM A SUBCONTRACTOR OR SUPPLIER IN ACCORDANCE WITH THE TERMS AND CONDITIONS OF THE SUBCONTRACT.

[signature]
RONALD D. HARPER, MANAGING PARTNER

10/13/99
DATE

# RELEASE OF CLAIMS

**CONTRACT F04684-96-C0046**

Pursuant to the terms of the above numbered contract, but subject to any claims as may be specifically excepted below, the Government of the United States, its officers, agents and employees, are hereby released and discharged from all liabilities, demands, obligations and claims arising under or by virtue of the said contract.

Please check the appropriate block below:

[ ] 1. No Claims

[X] 2. Claims as listed below

Listed Claims:

Our landscape subcontractor, Karleskint-Crum, Inc., has submitted a claim for equitable adjustment in the amount of $720,500.00. This claim is currently in litigation.

HARPER NIELSEN DILLINGHAM BUILDERS JOINT VENTURE

BY: Ronald D. Harper, Managing Partner

[signature] October 13, 1999