# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("Agreement") is entered into by and between Harper-Nielsen-Dillingham Builders Joint Venture ("HND") and Karleskint-Crum, Inc. ("KCI"), (each a "Party"; collectively, the "Parties") for the mutual considerations and purposes expressed below.

## BACKGROUND

A. HND is the prime contractor on that certain public work of improvement known as replacement of Capehart MFH, Phase 3, 143 units, Contract Number F 04684-96-C-0046 located at Vandenberg AFB, California (the "Project");

B. HND obtained for the Project a payment bond in accordance wit he Miller Act, 40 U.S.C. sections 270(a) to 270(e), from Fireman's Fund Insurance Company ("Fireman's Fund");

C. HND entered into a subcontract with KCI whereby KCI agreed to furnish labor and materials on the Project;

D. KCI gave notice to HND and Fireman's Fund pursuant to the Miller Act of amounts due and unpaid by HND; and

E. KCI instituted a Miller Act lawsuit entitled <u>United States of America for the Use and Benefit of Karleskint-Crum, Inc. v. Harper/Nielsen-Dillingham, etc., et al.</u>, U.S. District Court (Central District of California) Case No. 99-08182-RJK (RZX), which names as defendants HND and Fireman's Fund.

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is acknowledged and confessed, the Parties hereto agree as follows:

1. <u>Payment</u>.

KCI shall sign and telecopy to HND the Conditional Waiver and Release Upon Final Payment (Miller Act) (the "Conditional Release") in the form as attached hereto and incorporated herein by reference as Exhibit "A." Upon receipt of the signed Conditional Release, HND shall mail to KCI by no later than December 24, 1999, a check for $84,360.59. It is understood and agreed by the Parties that HND's payment of $84,360.59 settles all claims KCI has on the Project, except a claim for equitable adjustment for which HND shall have no liability except to cooperate in submittal as set forth in the letter agreement between the parties dated December 18 1999, a copy of which is attached hereto. KCI shall, forthwith, dismiss the action described in subparagraph E above with prejudice.

2. **Mutual Release**

KCI releases HND and Fireman's Fund from all claims of any nature which KCI may have against HND, Fireman's Fund and the Bond which relate to or arise out of the Project.

HND release KCI from all claims of any nature which HND may have against KCI which relate to or arise out of the Project.

3. **Assignment of Claim**

KCI warrants that it has not assigned or transferred its claims or causes of action against HND or Fireman's Fund.

4. **All Bills Paid**

KCI warrants and represents and hereby certifies that all just and lawful billings, accounts and/or amounts due from it and/or its subcontractors or materials suppliers for labor, material and/or equipment employed in the performance of its subcontract with HND have been fully paid and that there are no amounts for which KCI would be responsible thereunder, all amounts having been fully paid.

IN WITNESS WHEREOF, the Parties have executed and delivered this Agreement as of the 17th day of December, 1999.

Harper-Nielsen-Dillingham Builders Joint Venture

By: [signature]
(Authorized Signature)

MANAGING PARTNER
(Typed Name and Title)
HARPER-NIELSEN DILLINGHAM J/V

Karleskint-Crum, Inc.

By: [signature]
(Authorized Signature)

Bart Boutwell Vice President
(Typed Name and Title)

# CONDITIONAL WAIVER AND RELEASE UPON FINAL PAYMENT (MILLER ACT)

Upon receipt by the undersigned of a check from Harper-Nielsen-Dillingham Builders (JV) (HND) in the sum of $55,033.10 payable to Karleskint-Crum, Inc., and when the check has been properly endorsed and has been paid by the bank upon which it is drawn, this document shall become effective to waive and release any claim or right, including a payment bond claim or right, which the undersigned has under the Miller Act (40 U.S.C. §§ 270a - 270e) on the U.S. Air Force job located at Vandenberg AFB to replace Capehart MFH, Phase 4, Contract Number F 04684-97-C-0008. This release covers the final payment to the undersigned for all labor, services, equipment or materials furnished to the job, except for a request for equitable adjustment to be presented to the U.S. Air Force for which HND has no responsibility except to furnish documents and reasonably cooperate with the undersigned in processing its request as set forth in the letter agreement between HND and the undersigned dated December 17, 1999. The undersigned will look solely to the U.S. government for payment of any allowable equitable adjustment. This final payment includes retention of $53,524.80, and a balance for work performed of $1,508.30.

Dated: December 17, 1999

Karleskint-Crum, Inc.
(Company Name)

By: [signature]
(Authorized Signature)

Curt Boutwell
Vice President
(Typed Name and Title)

HARPER\KCI\CONDITIONAL WAIVER RELEASE PHASE 4 (MILLER ACT)

KCI 0390

CONDITIONAL WAIVER AND RELEASE
UPON FINAL PAYMENT (MILLER ACT)

Upon receipt by the undersigned of a check from Harper-Nielsen-Dillingham Builders (JV) (HND) in the sum of $84,360.59 payable to Karleskint-Crum, Inc., and when the check has been properly endorsed and has been paid by the bank upon which it is drawn, this document shall become effective to waive and release any claim or right, including a payment bond claim or right, which the undersigned has under the Miller Act (40 U.S.C. §§ 270a - 270e) on the U.S. Air Force job located at Vandenberg AFB to replace Capehart MFH, Phase 3, Contract Number F 04684-96-C-0046. This release covers the final payment to the undersigned for all labor, services, equipment or materials furnished to the job, except for a request for equitable adjustment to be presented to the U.S. Air Force for which HND has no responsibility except to furnish documents and reasonably cooperate with the undersigned in processing its request as set forth in the letter agreement between HND and the undersigned dated December 17, 1999. The undersigned will look solely to the U.S. government for payment of any allowable equitable adjustment. This final payment includes retention of $68,700.00, and a balance for change order work performed of $15,660.59. The undersigned will dismiss with prejudice the suit entitled United States of America for the Use and Benefit of Karleskint-Crum, Inc. v. Harper/Nielsen-Dillingham, etc., et al., U.S. District Court (Central District of California) Case No. 99-08182-RJK (RZX).

Dated: December 17, 1999

Karleskint-Crum, Inc.
(Company Name)

By: [signature]
(Authorized Signature)

Curt Boutwell Vice President.
(Typed Name and Title)

HARPER\KCI\CONDITIONAL WAIVER RELEASE PHASE 3 (MILLER ACT)

KCI 03901

ANDRE,
MORRIS
& BUTTERY

A PROFESSIONAL LAW CORPORATION

PETER E. ANDRE (Retired)
MICHAEL J. MORRIS
JAMES C. BUTTERY
DENNIS D. LAW
J. TODD MIROLLA
SCOTT W. WALL
MARY E. McALISTER
KATHRYN M. EPPRIGHT
KEVIN D. MORRIS
WILLIAM V. DOUGLASS

OF COUNSEL

BARNET RATTNER, P.C.
JOHN E. STUART, P.C.

1102 Laurel Lane
Post Office Box 730
San Luis Obispo
California 93406-0730

Telephone 805 / 543-4171
Fax Number 805 / 543-0752

December 16, 1999

**VIA FACSIMILE**

Edward C. Muns
Muns, Wagner, Anastopulos & Lynn
701 "B" Street, Suite 1601
San Diego, CA 92101-8187

**Re: Karleskint-Crum, Inc. v. Harper/Nielsen Dillingham Builders, JV and United States Air Force**

Dear Mr. Muns:

Thank you for your assistance in arranging the meeting yesterday with Ron Harper and his colleagues. It was obviously a great help in overcoming some of the barriers which prevented the parties from coming to a resolution of their disputes.

This letter, when countersigned by our respective clients, will reflect a memorandum of understanding with regard to the differences that have arisen between them in connection with Phases III and IV of the Capehart Replacement MFH Project at Vandenberg Air Force Base (collectively the Project). It is the goal of the parties to settle their differences and allow Karleskint-Crum, Inc. (KCI) to pursue a Request for Equitable Adjustment against the Air Force for certain items set forth more specifically herein. It is the understanding of the parties as follows:

1. KCI shall execute and deliver to Harper/Nielsen Dillingham Builders, JV, a joint venture (HND), ~~a release~~ releases in the form of Exhibits A-1 [redacted] through A-3.

2. Upon receipt of said release, HND, shall transmit the sum of $139,[redacted] 393.69. These funds shall be deposited with an overnight delivery service for transmittal to KCI's office in San Luis Obispo within two (2) business days after HND's receipt of the release described in paragraph 1 and the document which will cause a dismissal with prejudice of the pending Miller Act lawsuit between the parties.

A PROFESSIONAL LAW CORPORATION

ANDRE,
MORRIS
& BUTTERY

Edward C. Muns
December 16, 1999
Page 2

3. HND will cooperate in the release of information by the Air Force regarding the Project by notifying the Air Force of its abandonment of its opposition to the Freedom of Information Act Request previously made on behalf of KCI. It is KCI's purpose to obtain documents from the Air Force which are relevant to its claims regarding delay, storm damage, and wage classification. Any documents received by KCI which are potentially proprietary to HND shall be maintained in confidence by KCI and returned to HND at conclusion of any claims process with the Air Force.

4. HND will supply copies of documents described in Exhibit B, attached. HND will use its best effort to locate these documents and promptly supply them to KCI. If extraordinary costs are incurred in duplicating these documents KCI shall reimburse HND such cost., but HND will consult with KCI before incurring any duplicating costs exceeding $250.

5. Based on the additional information to be provided by HND and the Air Force, KCI will either amend its Request for Equitable Adjustment or abandon it. If KCI elects to file an amended Request for Equitable Adjustment, then HND will cooperate in this effort and shall certify the same if it can concur in the basis therefore. It is the intention of the parties that HND will be reasonable in exercising this duty.

6. Agreement to this memorandum of understanding may be reflected in facsimile signatures and this shall not affect the effectiveness of this agreement.

//// ////

P:\NTF\KCI\...\...001.wpd

12/20/99 MON 12:03 FAX 805 543 3827 KCI-SLO →→→ ANDRE MORRIS BUT 009
12/17/1999 DEC.20.1999 10:47AM 6197020349 MUNSWAGNERANASTOPULOS
12/17/1999 09:40 6197020349 MUNSWAGNERANASTOPULS PAGE 05
DEC.16.1999 5:04PM NO.538 P.4/5

ANDRE,
MORRIS
& BUTTERY

A PROFESSIONAL LAW CORPORATION

Edward C. Muns
December 16, 1999
Page 3

I have provided a copy of this letter directly to your client as we discussed at our meeting yesterday. If you agree with this statement of the parties' understanding, please have Mr. Harper execute a copy of same and fax it to my office. Please call me if you have any questions.

Very truly yours,

James C. Buttery

JCB/sp
Attachments
cc: Karleskint-Crum, Inc.
Harper Construction Company

HARPER/NIELSEN DILLINGHAM BUILDERS, JV

Signature

RONALD D. HARPER
Printed Name

12/17/99
Date

KARLESKINT-CRUM, INC.

Signature

Vice President
Title

12/20/99
Date

Approved as to form:

MUNS, WAGNER, ANASTOPULOS & LYNN

Edward C. Muns
Attorneys for Harper/Nielsen Dillingham Builders, JV

12/17 '99 15:28 NO.312 01/01 6192331889 HARPER CONSTRUCTION

Ed Mur's Rpt

**Exhibit B**

Documents to be provided by HND:

1. Any and all *relevant* change orders submitted by the General Contractor in connection with the Project.

2. Any and all *relevant* change orders approved by the Government in connection with the Project.

3. Any and all information regarding the discovery and removal of the underground tanks as it may relate to landscaping work on the Project.

4. Any and all *relevant* Requests for Instructions submitted by the Contractor in connection with the Project.

5. All construction schedules for the Project and all schedule updates for the Project.

6. All correspondence between Contractor and the Government regarding storm damage to the Project.

"Relevant" means items which pertain [redacted] work performed by KCI or which may have affected such work.

MILLER LAW FIRM
A PROFESSIONAL CORPORATION
4310 MADISON AVENUE
KANSAS CITY, MISSOURI 64111
TELEFAX (816) 561-6361
(816) 531-0755

MICHAEL T METCALF

August 1, 2003

'03 AUG -5 14:11

***VIA FEDERAL EXPRESS***
C.H. Painter
Contracting Officer
30 CONS/LGCCB
Bldg – 7015, Section 2A
806 13 St., Suite 2
Vandenberg AFB, California 93437-5226

Re: KCI/Vandenberg
Project No.: XUMU 96-4003
Our File No. 1645.02

Dear Mr. Painter:

Please find enclosed the claim of Harper/Nielsen – Dillingham Builders Venture and Karleskint-Crum, Inc. on the replaced Capehart MFH Phase III, Vandenberg Air Force Base, California Project, Contract No. FO4684-96-C-0046. This claim is being submitted in accordance with 41 U.S.C. § 605(c). Thank you for your prompt attention to this matter.

Please send the undersigned a letter of confirmation upon receipt of this claim.

Very truly yours,

MILLER LAW FIRM, P.C.

Michael T. Metcalf

Michael T. Metcalf

MTM/rh
Enclosures
painter.drv.07.29.doc

This requirement is in direct contradiction with the applicable project specifications which state "Contractor shall not be held responsible for failure due to neglect by the Government, vandalism, and acts of God, during the Warranty Period." (Exhibit "1") As a result, KCI was able to complete its duties under the contract on the individual homes until August 1998, and in the common areas until November of 1998.

**D The Wage Classification Change Asserted by the Air Force, Increased Wage Rates, and Constituted Change in the Terms of the Contract After Acceptance.**

The Government's unilateral decision, long after KCI's contract was awarded and work had commenced, to require KCI to re-classify KCI's "Tradesman" workers as "Landscape Laborer" imposed a defective specification by the Government and caused significant additional expense for KCI. KCI's Subcontract's work description included work that should be performed by a worker classified as a "Tradesman". Further, KCI had in fact used the "Tradesman" classification for the very same work in Phase II.

To receive an adjustment based upon defective specification, a contractor must show that the specification was defective and that the defect caused the contractor to incur additional costs. *Appeal of McElroy Machine & Manufacturing Company, Inc.* 99-1 BCA (CCH) P30, 185. In this case, the specification at issue was the wage classification for certain KCI's workers. Only a portion of the work described in the Subcontract required the skill and knowledge of a "Landscape and Irrigation Laborer" or a "Landscape Laborer" classified worker, as those classification are described in the General Prevailing Wage Determination ("GPWD"). "Landscape Maintenance" work as defined in the contract did not impose such a requirement.

Despite the distinction between these areas of work, the Government nonetheless ordered KCI to re-classify its labor, even for maintenance work, to be paid as a "Landscape Laborer." This re-classification meant that for those workers who had been paid the lower "Tradesman"

base rate of pay of $8.62 to complete the tasks required under Section 02970, "Maintenance", KCI was now required to pay the rate of $13.40 plus $8.61 in fringe benefits, plus back wages for the differential. In this respect, KCI was directed to issue checks for the difference in pay rate immediately to those laborers affected. In response, KCI issued checks for the discrepancies and continued to pay its labor force at the higher wage rates throughout the completion of Phase III.

KCI based its bid wage rate for Phase III on the presumption the same classification as used on Phase II would be used on Phase III because no question or issue was raised during the entirety of Phase II regarding the classification or rate. When the Air Force raised the issue, KCI submitted a Request for Authorization of Additional Classification and Rate. When a wage determination does not contain a classification for a particular laborer, as the Government's directive letter did not, it is necessary for the contractor to develop wage rates for the omitted categories, or to "gap-fill." F.A.R. § 22.406-3(b) sets the criteria for acceptance of the requested classification and wage rate as: (1) Classification is appropriate and the work to be performed by the classification is not performed by any other classification contained in the applicable wage determination, (2) The classification is utilized in the area by the construction industry, and (3) Classification is appropriate and the work to be performed by the classification is not performed by any other classification contained in the applicable wage determination.

### 1. Classification Appropriate for Work Performed and is Not Performed By Any Other Classification:

The first element for approval of a proposed wage rate requires a showing of (i) appropriateness of the classification in regards to the work performed, and (ii) the classification is not contained within another applicable wage determination.

2. **Maintenance Wage Classification Increase**

KCI was forced to reclassify its landscaping maintenance tradesmen to "landscape laborer," a higher wage rate classification, despite the fact that KCI had maintained the previous classification through the Phase II projects. As a result, KCI bid its hours at the lower wage rate classification, and has had to incur a significant increase in labor costs. KCI had bid 1,560 hours for maintenance at the $11.67 per hour wage rate ($8.62 + $3.05 fringe benefits; excluding burden, overhead and markup). Instead, KCI has had to pay its maintenance tradesman at the $22.01 per hour wage rate ($13.40 + $8.61 fringe benefits), an increase of $10.34 per hour.

As seen in the following table, KCI has had to dedicate an additional $24,207.26 in all of its original bid maintenance hours.

| WAGE CLASSIFICATION INCREASE | |
|---|---|
| Landscape Maintenance Tradesman | $11.67 |
| Landscape Laborer | $22.01 |
| Difference | $10.34 |
| As-Bid Hours | $1,560.00 |
| **Subtotal** | **$16,130.40** |
| 16.2% Burden | $2,613.12 |
| **Subtotal** | **$18,743.52** |
| 23% Overhead | $4,311.01 |
| **Subtotal** | **$23,054.54** |
| 5% Markup | $1,152.73 |
| **Total** | **$24,207.26** |

KCI now requests an additional $24,208.00 in increased wages due to unreasonable reclassification of "tradesman" by the Government.

## CONTRACTOR'S CERTIFICATION

Harper/Nielson-Dillingham hereby certifies that the claim is made in good faith; that the supporting data are accurate and complete to the best of their knowledge and belief; that the amount requested accurately reflects the contract adjustment for which the contractor understands the government is liable; and that the following persons are duly authorized to certify the claim on behalf of the contractor.

HARPER/NIELSON-DILLINGHAM

[signature]

Print Name: Ronald D. Harper
Its: Managing Partner

STATE OF CALIFORNIA )
) ss:
COUNTY OF SAN DIEGO )

Now on this 25th day of July, 2003, before me, a notary public, personally appeared Ronald D. Harper, who, being first duly sworn, did state that he is the Managing Partner of Harper/Nielson-Dillingham, that he is authorized to execute the foregoing and that he executed the same on behalf of Harper/Nielson-Dillingham.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my seal the day and year last above written.

[signature]
Notary Public

My commission expires:

March 1, 2006

MYRNA SMITH
Commission # 1344861
Notary Public - California
San Diego County
My Comm. Expires Mar 1, 2006

## CONTRACTOR'S CERTIFICATION

Karleskint-Crum, Inc. hereby certifies that the claim is made in good faith; that the supporting data are accurate and complete to the best of their knowledge and belief; that the amount requested accurately reflects the contract adjustment for which the contractor believes the government is liable; and that the following persons are duly authorized to certify the claim on behalf of the contractor.

KARLESKINT-CRUM, INC.

Print Name: Curt Boutwell
Its: General Manager

STATE OF CALIFORNIA )
) ss:
COUNTY OF ____________)

Now on this 28TH day of July, 2003, before me, a notary public, personally appeared CURT BOUTWELL, who, being first duly sworn, did state that he is the GENERAL MGR of Karleskint-Crum, Inc., that he is authorized to execute the foregoing and that he executed the same on behalf of Karleskint-Crum, Inc.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my seal the day and year last above written.

Notary Public

My commission expires:

3-4-05

JANICE CANON
Commission # 1296005
Notary Public - California
San Luis Obispo County
My Comm. Expires Mar 4, 2005

F:\DATA\WPWIN\1645\02\docs\certification-kci.doc

FORM APPROVED OMB NO. 120[illegible]

# REQUEST FOR AUTHORIZATION OF ADDITIONAL CLASSIFICATION AND RATE

CHECK APPROPRIATE BOX
☐ SERVICE CONTRACT
☒ CONSTRUCTION CONTRAC[T]

NOTE: THE CONTRACTOR SHALL COMPLETE ITEMS 3 THROUGH 16 AND SUBMIT THE REQUEST, IN QUADRUPLICATE, TO THE CONTRACTING OFFICER

1. TO: ADMINISTRATOR, Employment Standards Administration
WAGE AND HOUR DIVISION
U.S. DEPARTMENT OF LABOR
WASHINGTON, D.C. 20210

2. FROM (REPORTING OFFICE)

3. CONTRACTOR
HARPER/NIELSEN-DILLINGHAM

4. DATE OF REQUEST

| 5. CONTRACT NUMBER | 6. DATE BID OPENED (SEALED BIDDING) | 7. DATE OF AWARD | 8. DATE CONTRACT WORK STARTED | 9. DATE OPTION EXERCISED (IF APPLICABLE) (SCA ONLY) |
|---|---|---|---|---|
| F04686-96-C-0046 | N/A | 8/27/96 | 10/23/96 | |

10. SUBCONTRACTOR (IF ANY)
Michael's Custom Tile Works 3380 Hwy 41 E. Templeton, CA. 93465

11. PROJECT AND DESCRIPTION OF WORK (ATTACH ADDITIONAL SHEET IF NEEDED)
REPLACE CAPEHART MFH PHASE 3 (143 UNITS)

12. LOCATION (CITY, COUNTY AND STATE)
VANDENBERG AFB, CA

13. IN ORDER TO COMPLETE THE WORK PROVIDED FOR UNDER THE ABOVE CONTRACT, IT IS NECESSARY TO ESTABLISH THE FOLLOWING RATE(S) FOR THE INDICATED CLASSIFICATIO[N] NOT INCLUDED IN THE DEPARTMENT OF LABOR DETERMINATION

NUMBER: CA960039 MOD4 BLDG & CA960047 MOD4 RESI DATED: 6-7-96

| a. LIST IN ORDER: PROPOSED CLASSIFICATION TITLE(S); JOB DESCRIPTION(S); DUTIES; AND RATIONALE FOR PROPOSED CLASSIFICATIONS (SCA ONLY) (Use reverse or attach additional sheets, if necessary) | b. WAGE RATE(S) | c. FRINGE BENEFITS PAYME[NTS] |
|---|---|---|
| Tile Setter ( Not included with determination ) | 23.60 | 4.65 |
| Tile Finisher ( Not included with determination ) | ~~19.28~~ 16.98 CHP | ~~3.90~~ 3.40 CHP |

'97 APR 22 13:16

14. SIGNATURE AND TITLE OF SUBCONTRACTOR REPRESENTATIVE (IF ANY)
[signature] Owner

15. SIGNATURE AND TITLE OF PRIME CONTRACTOR REPRESENTATIVE
[signature] 4-17-97
JEFFREY A. HARPER, PROJECT MANAGER

16. SIGNATURE OF EMPLOYEE OR REPRESENTATIVE
NOT HIRED AT THIS TIME

TITLE

CHECK APPROPRIATE BOX—REFERENCING BLOCK 13
☐ AGREE ☐ DISAGREE

**TO BE COMPLETED BY CONTRACTING OFFICER** (CHECK AS APPROPRIATE—SEE FAR 22.1019 (SCA) OR FAR 22.406-3 (DBA)

☒ THE INTERESTED PARTIES AGREE AND THE CONTRACTING OFFICER RECOMMENDS APPROVAL BY THE WAGE AND HOUR DIVISION. AVAILABLE INFORMATION AND RECOMMENDATIONS ARE ATTACHED.

☐ THE INTERESTED PARTIES CANNOT AGREE ON THE PROPOSED CLASSIFICATION AND WAGE RATE. A DETERMINATION OF THE QUESTION BY THE WAGE AND HOUR DIVISION IS THEREFORE REQUESTED. AVAILABLE INFORMATION AND RECOMMENDATIONS ARE ATTACHED. (Send copies 1, 2, and 3 to Department of Labor)

| SIGNATURE OF CONTRACTING OFFICER OR REPRESENTATIVE | TITLE AND COMMERCIAL TELEPHONE NO. | DATE SUBMITTED |
|---|---|---|
| C.H. PAINTER [signature] | Contracting Officer (805)734-8232, x6-5002 | 24 APR 1997 |

NSN 7540-01-[illegible] DEPARTMENT OF LABOR A86 STANDARD FORM 1444 (10-[illegible]) Prescribed by GSA FAR (48 CFR) 53.222(f) 1444-101

**DEPARTMENT OF THE AIR FORCE**
30TH SPACE WING (AFSPC)

U.S. AIR FORCE
1947 - 1997

24 APR 1997

MEMORANDUM FOR ADMINISTRATOR, EMPLOYMENT STANDARDS ADMINISTRATION
WAGE AND HOUR DIVISION
U.S. DEPARTMENT OF LABOR
WASHINGTON, D.C. 20210

FROM: 30 CONS/LGCCB
BLDG 7015, SECTION 2A
806 13TH ST., SUITE 2
VANDENBERG AFB CA 93437-5226

SUBJECT: Request for Authorization of Additional Classification and Rate, SF 1444

1. Attached is subject request for Authorization of Additional Classification and Rate, SF 1444. The two classifications are "Tile Setter" and "Tile Finisher" which are not listed in General Decision Number CA960047, Residential. The contract to which CA96~~4007~~ 8047 is included is the Replacement of Military Family Housing, Phase 3, at Vandenberg AFB California, Contract F04684-96-C-0046.

2. The contracting officer has reviewed the contractor's request and has determined it meets the following criteria:

a. The classification is appropriate and the work to be performed by the classification is not performed by any classification contained in the applicable wage determination.

b. The classification is utilized in the area by the construction industry.

c. The proposed wage rate, including any fringe benefits, bears a reasonable relationship to the wage rates in the wage determination in the contract. Rates are equal to rates listed in the current General Decision Number CA97~~4007~~ 8047, Modification 2, for the classification "Tile Setter". The "Tile Finisher" rates were taken from General Decision Number, Residential, for Edwards AFB California.

3. The rates listed on the SF 1444 is in line with the rates used on Replace Military Family Housing, Phase 2, Contract F04684-95-C-0005, and also with the local Tile Setter's Union.

4. The contracting officer hereby approves the contractor's request for an additional classification and hereby submits this report to your office for approval, modification, or disapproval of the additional classification and wage rate (including any amount designated for fringe benefits).

5. We understand that within 30 days of receipt of the report, you will complete action and so advise us or will notify us that additional time is necessary.

6. Question/comments may be addressed to Lenny Horniak, Contract Specialist, at (805) 734-8232, ext. 6-2169.

C.H. PAINTER
Contracting Officer

Attached:
SF 1444, Request for Authorization of Additional Classification and Rate

FORM APPROVED OMB NO. 90(

# REQUEST FOR AUTHORIZATION OF ADDITIONAL CLASSIFICATION AND RATE

CHECK APPROPRIATE BOX
☐ SERVICE CONTRACT
☒ CONSTRUCTION CONTRA(

NOTE: THE CONTRACTOR SHALL COMPLETE ITEMS 3 THROUGH 16 AND SUBMIT THE REQUEST, IN QUADRUPLICATE, TO THE CONTRACTING OFFICER

1. TO: ADMINISTRATOR, Employment Standards Administration
WAGE AND HOUR DIVISION
U.S. DEPARTMENT OF LABOR
WASHINGTON, D.C. 20210

2. FROM: (REPORTING OFFICE)

3. CONTRACTOR
HARPER/NIELSEN-DILLINGHAM

4. DATE OF REQUEST

| 5. CONTRACT NUMBER | 6. DATE BID OPENED (SEALED BIDDING) | 7. DATE OF AWARD | 8. DATE CONTRACT WORK STARTED | 9. DATE OPTION EXERCISED (IF APPLICABLE) (SCA ONLY) |
|---|---|---|---|---|
| F04686-96-C-0046 | N/A | 8/27/96 | 10/23/96 | |

10. SUBCONTRACTOR (IF ANY)
MICHAEL'S CUSTOM TILE WORKS 3380 HWY 41 E. TEMPLETON, CA 93465

11. PROJECT AND DESCRIPTION OF WORK (ATTACH ADDITIONAL SHEET IF NEEDED)
REPLACE CAPEHART MFH PHASE 3 (143 UNITS)

12. LOCATION (CITY, COUNTY AND STATE)
VANDENBERG AFB, CA

13. IN ORDER TO COMPLETE THE WORK PROVIDED FOR UNDER THE ABOVE CONTRACT, IT IS NECESSARY TO ESTABLISH THE FOLLOWING RATE(S) FOR THE INDICATED CLASSIFICATIC NOT INCLUDED IN THE DEPARTMENT OF LABOR DETERMINATION

NUMBER: CA960039 MOD4 BLDG & CA960047 MOD4 RESI DATED: 607096

| a. LIST IN ORDER: PROPOSED CLASSIFICATION TITLE(S); JOB DESCRIPTION(S); DUTIES; AND RATIONALE FOR PROPOSED CLASSIFICATIONS (SCA ONLY) (Use reverse or attach additional sheets, if necessary) | b. WAGE RATE(S) | c. FRINGE BENEFITS PAYME |
|---|---|---|
| TILE SETTER (TYPICAL WAGE PAID) | 19.28 | 4.10 |
| TILE FINISHER (TYPICAL WAGE PAID) | 13.30 | 3.40 |
| * * (ABOVE WAGES NOT INCLUDED IN DETERMINATION) | | |

14. SIGNATURE AND TITLE OF SUBCONTRACTOR REPRESENTATIVE (IF ANY)
[signature] MICHAEL FLETCHER
OWNER

15. SIGNATURE AND TITLE OF PRIME CONTRACTOR REPRESENTATIVE
[signature] LINDA K. EWING, PROJECT COORDINATOR

16. SIGNATURE OF EMPLOYEE OR REPRESENTATIVE
NOT HIRED AT THIS TIME

TITLE

CHECK APPROPRIATE BOX—REFERENCING BLOCK 13
☐ AGREE ☐ DISAGREE

**TO BE COMPLETED BY CONTRACTING OFFICER** (CHECK AS APPROPRIATE—SEE FAR 22.1019 (SCA) OR FAR 22.406-3 (DBA)

☒ THE INTERESTED PARTIES AGREE AND THE CONTRACTING OFFICER RECOMMENDS APPROVAL BY THE WAGE AND HOUR DIVISION. AVAILABLE INFORMATION AND RECOMMENDATIONS ARE ATTACHED.

☐ THE INTERESTED PARTIES CANNOT AGREE ON THE PROPOSED CLASSIFICATION AND WAGE RATE. A DETERMINATION OF THE QUESTION BY THE WAGE AND HOUR DIVISION IS THEREFORE REQUESTED. AVAILABLE INFORMATION AND RECOMMENDATIONS ARE ATTACHED.
(Send copies 1, 2, and 3 to Department of Labor)

SIGNATURE OF CONTRACTING OFFICER OR REPRESENTATIVE
[signature]

TITLE AND COMMERCIAL TELEPHONE NO.
A805-734-8232
x 6-5002

DATE SUBMITTED
16 JUL 1997

NSN 7540-01-269-0631 DEPARTMENT OF LABOR STANDARD FORM 1444 (10-

Lanny

**U.S. Department of Labor**

Employment Standards Administration
Wage & Hour Division
Washington, D.C 20210-0001

AUG 14 1997

Mr. Charles H. Painter
Contracting Officer
Department of the Air Force
30 CONS/LGCCB
Vandenberg AFB, CA 93437-5226

RE: Project/Contract No.: F04686-96-C-0046
Wage Decision No.: CA960047
Location: Vandenberg Air Force Base, Santa Barbara County, California

Dear Mr. Painter:

This is in response to your request proposing the addition of classifications and wage rates to the above wage decision in accordance with 29 CFR 5.5(a)(1)(v).

The proposed additional classifications and wage rates are a tile setter at $19.28 per hour and $4.10 hourly fringe benefits, and a tile finisher at 13.30 per hour and 3.40 hourly fringe benefits.

The above conformed classifications and wage rates are approved and shall be paid to all workers performing work in the classification under this contract from the first day on which work is performed in the classification.

97 AUG 21 13:24

Sincerely,

John E. Frank

John E. Frank
Section Chief, Construction
Wage Determinations

KCI 03530

*Working for America's Workforce*

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HARPER/NIELSEN-DILLINGHAM BUILDERS, INC., Plaintiff, | ) | |
| v. | ) | Case no. 05-269C |
| UNITED STATES, Defendant. | ) | |

DECLARATION

I, **LEONARD J. HORNIAK**, hereby declare the following:

1. I was the contract administrator employed by the Department of the Air Force for contract no. F04684-96-C-0046 ("the contract") awarded to Harper/Nielsen-Dillingham Builders, Inc. ("Harper/Nielsen") for the construction of military family housing Phase III at Vandenberg Air Force Base, California. I assisted the contracting officer with contract administration throughout the entire performance period of the contract.

2. Harper/Nielsen never submitted a Standard Form ("SF") 1444 to the contracting officer for the conformance of additional labor classifications and rates on behalf of its landscape subcontractor, Karleskint-Crum, Inc. The only SF 1444s that Harper/Nielsen submitted under the contract were SF 1444s which Harper/Nielsen submitted in April 1997 and July 1997 on behalf of its subcontractor, Michael's Custom Tile Works, for the conformance of tile setters and tile finishers.

I hereby declare under penalty of perjury that the foregoing is true and correct.

EXECUTED ON 12 Dec 05 [signature]

LEONARD J. HORNIAK

DEPARTMENT OF THE AIR FORCE

30TH SPACE WING (AFSPC)

30 SEP 1997

MEMORANDUM FOR HARPER/NIELSEN-DILLINGHAM
2241 KETTNER BLVD., SUITE 300
SAN DIEGO CA 92101

FROM: 30 CONS/LGCCB
806 13TH ST., SUITE 2
VANDENBERG AFB CA 93437-5226

SUBJECT: Payrolls, Contract F04684-96-C-0046

1. The General Wage Determination (GWD) in your contract requires an hourly rate of $22.23 for Landscape/Irrigation worker plus $6.80 in fringe benefits. The following Karleskint-Crum, Inc. payrolls are not in compliance with your GWD:

| Payroll # | Week Ending | Employee Name | Hourly Rate on Payroll |
|---|---|---|---|
| 12 | 8/9/97 | Enrique Mendoza | $10.13 |
| 12 | 8/9/97 | Martin Mendoza | $10.13 |
| 13 | 8/16/97 | Enrique Mendoza | $8.62 |
| 13 | 8/16/97 | Francisco Mendoza Navarrete | $8.62 |
| 14 | 8/23/97 | Enrique Mendoza | $8.62 |
| 14 | 8/23/97 | Martin Mendoza | $8.62 |
| 15 | 8/30/97 | Enrique Mendoza | $8.62 |
| 15 | 8/30/97 | Martin Mendoza | $8.62 |
| 15 | 8/30/97 | Hector Navarrete | $8.62 |
| 16 | 9/6/97 | Martin Mendoza | $19.10 |
| 16 | 9/6/97 | Arturo Valenzuela | $8.62 |
| 16 | 9/6/97 | Salvador Vargas | $8.62 |
| 16 | 9/6/97 | Jesus Vera | $8.62 |
| 16 | 9/6/97 | Hector Navarrete | $8.62 |

2. Corrected payrolls must be submitted reflecting the proper rate of pay along with evidence indicating that proper payments have been made to the above individuals, no later than 7 Oct 97.

3. Questions/comments may be addressed to Lenny Horniak at (805) 734-8232, ext. 6-2169.

C.H. PAINTER
Contracting Officer

# HARPER/NIELSEN-DILLINGHAM BUILDERS, INC.

A JOINT VENTURE

October 7, 1997

Mr. Lenny Horniak
DEPT OF THE AIR FORCE
30 CONS/LGCCB
806 13TH Street, Suite 2
Vandenberg AFB, CA 93437-5226

Re: Replace Capehart MFH **PHASE 3** (143 units)
Vandenberg Air Force Base
Contract No. F04684-96-C-0046

Subj: Certified Payroll - **KARLESKINT-CRUM, INC. (KCI)**

Dear Lenny,

Per your letter dated 30 Sept 97 and per our telephone conversation 6 Oct 97, the following information is per our discussion regarding KCI, Inc. and the classification of "Tradesman" being used for their employees in the field working with the Journeyman as this was not a recognized Davis-Bacon Wage Determination Classification for Phase 3 & 4, but was a recognized classification for Phase 1 & 2.

The answer that was given to me by Carolyn at KCI was that they are a Union Company and that their wages and classifications are predetermined by the Union. Upon further investigation, the Union paperwork submitted to me and subsequently forwarded to you, did show that the tradesman was a recognized union classification with the base wage and fringe benefits delineated.

I was told that the difference between a Tradesman and an Apprentice is education. To become an apprentice, a laborer must have a high school diploma or GED equivalency test. I was told this was a commodity with Landscape Laborers. It was also explained that a Tradesman can never advance in position or pay, whereas an apprentice is privileged with continuing education, pay increases, job advancement, and ultimately, Journeyman status.

So in response to your letter, I see no discrepancy in the wages being paid, as the Union has predetermined them. I do think that an "Additional Wage Classification" form should have been submitted, but as we know, that is a lengthy process and we are already into the Landscape scope of work.

Lenny, please call me if you have any additional questions.

Sincerely,
LEwing
Linda Ewing
Project Coordinator
(808) 422-1931 (Hawaii)

KCI 02281





ATCH 2

**DEPARTMENT OF THE AIR FORCE**

30TH SPACE WING (AFSPC)

30 OCT 1997

MEMORANDUM FOR HARPER/NIELSEN-DILLINGHAM
2241 KETTNER BLVD., SUITE 300
SAN DIEGO CA 92101

FROM: 30 CONS/LGCCB
806 13TH ST., SUITE 2
VANDENBERG AFB CA 93437-5226

SUBJECT: Payrolls, Contract F04684-96-C-0046 (Yr Letter, 7 Oct 97) **KCI 02282**

1. We are in receipt of your response, 7 Oct 97, to our 30 Sep 97 letter inwhich we point out that your landscaper subcontractor, Karleskint-Crum, Inc., was not paying the minimum rates required by the General Wage Determination (GWD) in your contract.

2. We disagree with your response. The classification "Tradesman" is not listed in the GWD in your contract. A request for additional wage classification is not warranted as the GWD already has a classification of "landscape & irrigation work" (Item # CA047-753 in your GWD) as well as a landscape laborer (Item # CA047-472) and these are the classification/rates you must use. This has been coordinated with and concurred by our Air Force Regional Labor Advisor, Mr. Jim Evans.

3. The "landscape & irrigation classification" requires an hourly rate of $22.23 plus $6.80 in fringe benefits. The "landscape laborer" classification" requires an hourly rate of $13.40 plus $8.61 in fringe benefits.

4. Therefore, all payrolls, including those already submitted (last payroll submitted was #19, week ending 9/27/97), must be reviewed and those employees classified as "Tradesman" and receiving rates less than the GWD must have corrected payrolls submitted for them using the correct classification and rates along with evidence indicating proper payments have been made to them.

5. Since your fringe benefits go into a plan, we need to see a breakdown showing your base rate per hour, plus such items as vacation & health, and pension plans, etc. We already have this information for the landscape & irrigation workers, but still need this information for landscape laborer classification.

6. Please submit no later than 10 Nov 97. Failure to provide requested documents may require us to retain a sum of money equal to the amount owed these employees Question/comments may be addressed to Lenny Horniak, Contract Specialist, at (805) 734-8232, ext. 6-2169.

C.H. PAINTER
Contracting Officer

CF. 16030.Cor

Karleskint-Crum, Inc.

November 10, 1997

Russell Ricker
Harper/ Nielsen- Dillingham
2241 Kettner Blvd. Ste 300
San Diego, Ca 92101

RE: VAFB Phase III

Dear Russell:

We have received your letter of 10/31/97 and the attachment from the Air Force. While we do not agree with the determination, we do take it very seriously and have taken steps to mitigate the situation. First we have raised our minimum wage classification to that of the "landscape laborer", as defined in the Air Force letter, beginning with the payroll for week ending October 31, 1997 (the date your letter was received). We will also be submitting a fringe benefit statement that reflects the breakdown of payments.

In addition, we have enlisted the support of our Union (Local 345 of the United Brotherhood of Pipefitters) to work with us to correct the wage rate conflict with the labor board and get the tradesman classification reinstated. We hope to have most of this work completed on 11/12/97.

We have the greatest hopes to solving this problem quickly and without any compliance problems. If you have any questions, please do not hesitate to contact me.

Sincerely,

Curt Boutwell

KCI 01527

**Karleskint-Crum, Inc.**

FAX TRANSMISSION COVER LETTER

Date 11/10/97

To: Company Name Harper

Attention Russell

FAX Number (805) 734-1216

From: KARLESKINT-CRUM, INC.

Senders Name Curt

Number of Pages (Including Cover) 2 *

Regarding: Project Name Ph III

Owner's Job Number: ______ KCI Job Number: 16030

Message:

- Status of labor disagreement

- How is Tradesman Determination on phase I + II coming? This is the last piece of the puzzle for our 11/12/97 Target Dates

[signature]

KCI 01528

[ ] URGENT!

[ ] As Soon As Possible

[ ] Response Requested

[ ] Original(s) Mailed

CONTRACTORS • Landscape-Erosion Control-Engineering • CA#247631
P.O. Box 5358, San Luis Obispo, CA 93403 • (805) 543-3304 • FAX (805) 543-3827

11/10/97 MON 16:17 FAX 805 543 3827 KCI-SLO 001

*********************
*** TX REPORT ***
*********************

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 1488 |
| CONNECTION TEL | 7341216 |
| SUBADDRESS | |
| CONNECTION ID | |
| ST. TIME | 11/10 16:16 |
| USAGE T | 00'41 |
| PGS. | 2 |
| RESULT | OK |

KCI

Karleskint-Crum, Inc.

FAX TRANSMISSION COVER LETTER

Date 11/10/97

To: Company Name Harper

Attention Russell

FAX Number (805) 734-1216

From: KARLESKINT-CRUM, INC.

Senders Name Curt

Number of Pages (Including Cover) 2 *

Regarding: Project Name Ph III

Owner's Job Number: ______ KCI Job Number: 1603 O

Message:

KCI 01529

- Status of Labor disagreement

- How is Tradesman Determination on phase I + II coming? This is the last piece of the puzzle for our 11/12/97

A98

Karleskint-Crum, Inc.

FAX TRANSMISSION COVER LETTER

Date 12/15/97

To: Company Name Harper Neilson.

Attention Russell

FAX Number 734-1216

From: KARLESKINT-CRUM, INC.

Senders Name Curt Boutwell

Number of Pages (Including Cover) 1 *

Regarding: Project Name VAFB PH 3.

Owner's Job Number: ______ KCI Job Number: 16030

Message:

Russell,

We are not having good luck with D.O.L. & will not get any resolution in a timely fashion. We will issue supplemental checks with this weeks Payroll for the Dates in Question. I will follow up with Jeff Harper later.

KCI 01656

[ ] URGENT!

[ ] As Soon As Possible

[ ] Response Requested

[ ] Original(s) Mailed

12/15/97 MON 12:25 FAX 805 543 3827 KCI-SLO 001

**********************
*** TX REPORT ***
**********************

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 2026 |
| CONNECTION TEL | 7341216 |
| SUBADDRESS | |
| CONNECTION ID | |
| ST. TIME | 12/15 12:24 |
| USAGE T | 00'32 |
| PGS. | 1 |
| RESULT | OK |

Karleskint-Crum, Inc.

FAX TRANSMISSION COVER LETTER

Date 12/15/97

To: Company Name Harper Neilson.

Attention Russell

FAX Number 734-1216

From: KARLESKINT-CRUM, INC.

Senders Name Curt Boutwell

Number of Pages (Including Cover) 1 *

Regarding: Project Name VAFB PH 3.

Owner's Job Number: ______ KCI Job Number: 16030

Message:

KCI 01657

Russell,

We are not having good luck with D.O.L. & will not get any resolution in a timely fashion. We will issue supplemental checks

HARPER CONSTRUCTION COMPANY

Nielsen Dillingham BUILDERS

HAWAIIAN DREDGING

A Joint Venture

January 12, 1998

JAN 16 1998

Karleskint – Crum, Inc.
Attn.: Curt Boutwell
705 Lakefield Road, Suite H
Westlake Village, CA 91361

SUBJECT: Vandenberg Air Force Housing Project Phase III

RE: Supplemental Checks and Corrected Certified Payroll

Mr. Curt Boutwell:

Per our telephone conversation on December 18th, 1997 you were to have supplemental checks and corrected certified payroll delivered to this jobsite on December 23rd, 1997. I was under the impression that this would be done. Seeing how it is January 12, 1998 I am left to wonder if you have any intentions of printing the checks.

In my letter to you, dated October 31, 1997 you were informed that the United States government was requesting that the supplemental checks be issued no later than November 10th, 1997, and that Harper Construction Company wanted the checks by November 7, 1997.

Harper Construction Company was very understanding of your situation. We went the government representative and requested more time, so that Karleskint-Crum, Inc. could explore all options with the Department of Labor in resolving this situation. Harper Construction Company on behalf of Karleskint-Crum, Inc. wrote several letters to the government representative requesting that an additional wage rate be allowed. All attempts in requesting a new wage classification were denied. The reason for the denial was that in the general wage decision a wage classification already exists for landscape laborer.

In your fax to me, dated December 15, 1997, you admitted that your efforts to persuade the Department of Labor were not working, and that "We will issue supplemental checks with this weeks payroll for the dates in question." Per your fax I am still waiting for those "supplemental checks", also the United States Government is waiting for those checks.

Harper Construction Company has also issued two deductive change orders to Karleskint-Crum, Inc. Phase III contract. Change Order #1 is for deletion of backyard trees, additive #0003 in you contract. Change Order #2 is a credit for the elimination of grass pavers. Neither one of these change orders have been received by Harper Construction Company. You must immediately sign and return those two change orders.

Per your signed contract and SF1413, dated May 6, 1997, you must comply with the following clauses in your contract: 1. Payrolls and Basic Records. 2. Davis-Bacon Act. You leave Harper Construction Company with no other option but to hold payments for Vandenberg Air Force Housing Project Phase III and Phase IV. Until Harper Construction Company receives proof that supplemental checks have been

KCI 01534

A101

issued, corrected certified payrolls has been received, and we are given a green light from the United States governments' representative that this issue has been resolved to their satisfaction, we will not pay Karleskint-Crum, Inc. Also we will not pay until we receive both signed change orders.

Thank you very much for your prompt attention to these matters.

Sincerely,
**HARPER/NIELSEN - DILLINGHAM BUILDERS**

Russell J. Ricker
Project Coordinator

Enclosed: Change Order #1
Change Order #2

cc: Jeff Harper, Project Manager
Kevin Smith, Superintendent

# HARPER/NIELSEN-DILLINGHAM BUILDERS INC.

A JOINT VENTURE

## SUBCONTRACT CHANGE ORDER

TO: KARLESKINT-CRUM, INC.
705 LAKEFIELD ROAD, #H
WESTLAKE VILLAGE, CA 91361

CHANGE ORDER #: **01**
JOB NO.: ND-960001
COST CODE: **02950**
INITIATION DATE: 6/3/97
OCO#: N/A

PROJECT: REPLACE CAPEHART MFH PHASE 3 *(143 UNITS)*
VANDENBERG AIR FORCE BASE
CONTRACT # F04684-96-C-0046

You are directed to make the following changes:

1. DELETE ADDITIVE 0003 (ADD BACKYARD TREES) FROM YOUR ORIGINAL CONTRACT. THE AIR FORCE NO LONGER WANTS TO ADD THESE TREES. — DEDUCT <20,500>

KCI 01536

| | | |
|---|---|---|
| Total This Change Order | DEDUCT | <20,500.> |
| Original Contract Amount | | 720,500.00 |
| Previous Authorized Changes | ADD | 0.00 |
| Revised Contract Amount | | 720,500.00 |
| This Change Order | DEDUCT | |
| New Contract Amount | | $700,000.00 |

APPROVED BY:

Subcontractor ______________________

Date: ______________________

AUTHORIZED BY:

Contractor [signature]
HARPER/NIELSEN-DILLINGHAM BUILDERS INC ~ A(JV)

Date: 6/3/97

A103

# HARPER/NIELSEN-DILLINGHAM BUILDERS INC.

A JOINT VENTURE

## SUBCONTRACT CHANGE ORDER

TO: KARLESKINT-CRUM, INC.
705 LAKEFIELD ROAD, #H
WESTLAKE VILLAGE, CA 91361

CHANGE ORDER #: 02
JOB NO.: ND-960001
COST CODE: 02950
INITIATION DATE: 11/21/97
OCO#: N/A

PROJECT: REPLACE CAPEHART MFH PHASE 3 *(143 UNITS)*
VANDENBERG AIR FORCE BASE
CONTRACT # F04684-96-C-0046

You are directed to make the following changes:

1. CREDIT TO ELIMINATE THE GRASS PAVERS — DEDUCT (13,000.0

KCI 01537

| | | |
|---|---|---|
| Total This Change Order | DEDUCT | (13,000.0 |
| Original Contract Amount | | 720,500.00 |
| Previous Authorized Changes | DEDUCT | (20,500.0 |
| Revised Contract Amount | | 700,000.00 |
| This Change Order | DEDUCT | (13,000.0 |
| New Contract Amount | | $687,000.0 |

APPROVED BY:

ubcontractor ______________________

Date: ______________________

AUTHORIZED BY:

Contractor
HARPER/NIELSEN-DILLINGHAM BUILDERS INC – A(JV)

Date: 11/21/97

A104

**HARPER/NIELSEN DILLINGHAM BUILDERS**
A JOINT VENTURE
2241 KETTNER BLVD, SUITE 300 • SAN DIEGO, CA 92101

SANTA BARBARA CA 931 3
PM
12 JAN
1998



RECEIVED
JAN 14 1998
KARLESKINT-CRUM, INC.

KCI 01538

Karleskint – Crum, Inc.
Attn.: Curt Boutwell
705 Lakefield Road, Suite H
Westlake Village. CA 91361

91361X5904 35

CERTIFICATE OF FILING

I hereby certify that on this 4th day of January, 2006, a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT, AND APPENDIX" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Jeffrey S. Pease