**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **HARPER/NIELSEN-DILLINGHAM BUILDERS, INC.,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 05-269-C** |
| | ) | **Judge Nancy B. Firestone** |
| **THE UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFF HARPER/NIELSEN-DILLINGHAM'S RESPONSE TO DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACTS**

Plaintiff Harper/Nielsen-Dillingham Builder's Inc. ("Harper"), pursuant to the Rules of the United States Court of Federal Claims, submits its Response to Defendant's Proposed Findings of Uncontroverted Facts ("PFUF") as required by Rule 56(h)(2), and states as follows:

1. Agrees.

2. Agrees.

3. Agrees.

4. Agrees.

5. Agrees that the subcontract contains these provisions. Disagrees that they were enforceable under California law to prevent recovery of monetary damages. Further, Harper did not invoke them to preclude recovery by KCI. (See Affidavits of Jeffrey A. Harper and Curt Boutwell, Plaintiff's Appendix PA1-PA4)

6. Agrees, but notes that P00006 conspicuously contains no release or language stating that it is intended to be an accord and satisfaction or release of any costs, impacts or delays. This is different than P00001, which does contain specific language to that effect. See

Defendant's Appendix, A43 and A49-A50. In addition, Harper did not intend for P00006 to be an accord and satisfaction of any claim for damages related to the delays (see Affidavit of Jeffrey A. Harper, Plaintiff's Appendix, PA2), and the Government did not rely on P00006 as an accord and satisfaction when evaluating the claims. Defendant's Appendix, A57-A58.

7. Disagrees. In the letter dated April 13, 1998, Kevin Smith of Harper stated, "Everything was done in order to expedite the job and ensure that we would not be landscaping in the rainy season." Defendant's Appendix, A59 (emphasis added). Mr. Smith also stated, "we knew how difficult and costly it was to landscape a project of this size, during rainy weather, upon completion of Phase 2 in November of 1996." *Id.* (emphasis added) Landscaping was KCI's scope. PFUF 4.

8. Agrees.

9. Agrees, but notes that P00007 contains no release or language stating that it is intended to be an accord and satisfaction or release of any costs, impacts or delays. This is different than P00001, which does contain specific language to that effect. See Defendant's Appendix, A46 and A61-A62. In addition, Harper did not intend for P00007 to be an accord and satisfaction of any claim for damages (see Affidavit of Jeffrey A. Harper, Plaintiff's Appendix, PA2) and the Government did not rely on P00007 as an accord and satisfaction when evaluating the claims. Defendant's Appendix, A57-A58.

10. Agrees.

11. Agrees.

12. Disagrees. Harper did not "attempt" to reserve KCI's claim, Harper did reserve it. On October 13, 1999, accompanying its invoice for final payment, Harper excepted KCI's claim from Harper's Release of Claims by checking the appropriate box and stating "Our landscape

subcontractor, KCI has submitted a claim for equitable adjustment in the amount of $720,500.00." Defendant's Appendix, A71.

13. Agrees.

14. Agrees.

15. Agrees.

16. Disagrees. The "letter agreement" does not indicate any unconditional release of Harper's underlying liability with regard to KCI's Request for Equitable Adjustment. The letter specifically states that "It is the goal of the parties to settle their differences and allow Karleskint-Crum, Inc. (KCI) to pursue a Request for Equitable Adjustment against the Air Force . . ." Defendant's Appendix, A76. The letter also specifically provided that Harper agreed to "cooperate in this effort of [the submission of a request for equitable adjustment] and shall certify the same . . ." Defendant's Appendix, A77. Further, the Settlement Agreement and letter <u>both</u> provide (and there is no evidence to the contrary) that Harper and KCI were only limiting Harper's liability to the extent of any recovery from the Government, and Harper was obligated to not only certify and "pass through" the claim, but was also obligated to pay over any recovery to KCI. (Defendant's Appendix, A720A79; Plaintiff's Appendix, PA1-PA4; PA14-PA29). This was confirmed again in a subsequent liquidating agreement signed in February, 2005. (Plaintiff's Appendix, PA1-PA4; PA22-PA29).

17. Agrees.

18. Disagrees. The applicability of the Davis-Bacon Act is question of law and not properly considered as an uncontroverted material fact.

19. Disagrees. Incorporation of FAR 52.222-14 is a question of law. Furthermore, the language of FAR 52.222-14 speaks for itself and any interpretation of the language of FAR 52.222-14 is a matter of law and not properly considered as an uncontroverted material fact.

20. Disagrees. Whether general decision number CA960039 properly establishes the minimum required wage rates for heavy construction laborers employed or working upon the project site at Vandenberg Air Force Base is a question of law and not properly considered as an uncontroverted material fact.

21. Agrees.

22. Agrees.

23. Disagrees. Whether general decision number CA960047 properly establishes the minimum required wage rates for residential construction laborers employed or working upon the project site at Vandenberg Air Force Base is a question of law and not properly considered as an uncontroverted material fact.

24. Agrees.

25. Agrees.

26. Agrees.

27. Agrees.

28. Agrees.

29. Agrees.

30. Agrees.

31. Agrees.

32. Agrees.

33. Agrees.

34. Agrees.

35. Agrees.

Respectfully Submitted,

MILLER LAW FIRM, P.C.

/s/Richard W. Miller
Richard W. Miller Mo. Bar #16136
Michael T. Metcalf Mo. Bar # 45304
4310 Madison Avenue
Kansas City, Missouri 64111
Telephone: (816) 531-0755
Facsimile: (816) 561-6361
ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF FILING**

I hereby certify that on this 22nd day of February, 2006, a copy of the foregoing "Plaintiff Harper/Nielsen-Dillingham's Response to Defendant's Proposed Findings of Uncontroverted Fact" was filed electronically with this Court. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic system. The parties may access this filing through the Court's system.

/s/Richard W. Miller
Attorneys for Plaintiff