# CLAIMS PRESENTATION AND PROSECUTION AGREEMENT

## I. PARTIES:

The parties to this Agreement are:

Harper/Nielsen Dillingham Builders, JV
2241 Kettner Blvd
Suite 300
San Diego, CA 92101

And

Karleskint-Crum, Inc.
P. O. Box 5358
San Luis Obispo, CA 93403

## II. RECITALS

A. On or about August 27, 1996, Harper/Nielsen Dillingham Builders, JV ("Harper/Nielsen") entered into a contract with the United States of America ("USA"); specifically, the Department of the Air Force ("Air Force").

B. The Contract was known as "Replacing Capehart Multi-Family Housing – Phase III," at the Vandenberg Air Force Base, Santa Barbara County, California (the "Project").

C. On or about April 2, 1997, Karleskint-Crum, Inc. ("KCI") entered into a subcontract with Harper/Nielsen Dillingham Builders, JV to provide the landscaping on the Project, including irrigation, soil preparation, lawns and grasses, planting and landscape maintenance, for the fixed amount of $720,500.00 (the "Subcontract").

D. On or about April 13, 1998, Harper/Nielsen submitted to the contracting officer for the Air Force a request for compensation on behalf of KCI seeking an equitable adjustment in the Subcontract amount.

E. On or about September 1, 1998, the contracting officer denied Harper/Nielsen's request for compensation.

F. On or about August 1, 2003, Harper/Nielsen on behalf of KCI submitted a certified claim to the Contracting Officer in accordance with 41 U.S.C. § 605(c) in the amount of $770,565.00.

G. On March 4, 2004, the contracting officer issued his final decision, denying the claim submitted by Harper/Nielsen on behalf of KCI.

tabbies EXHIBIT D

H. KCI represents that it has no claims against Harper/Nielsen other than the claim specified herein that it intends to pursue in the U.S. Court of Federal Claims against the government as a pass-through claim.

I. Harper/Nielsen represents and warrants that it has no claims or backcharges against KCI.

J. KCI desires to pursue a claim against the USA in the name of Harper/Nielsen ("the Claim"). The claim shall consist of KCI's Claim in the amount of $770,565.00 ("KCI Claim") that was previously submitted to the Contracting Officer. The parties desire, therefore, to agree upon a procedure through which KCI may conduct the prosecution of the claim.

III. **TERMS**

NOW THEREFORE, in consideration of the foregoing, including the representations and warranties that are a condition precedent to this Agreement and the mutual promises contained herein, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

1. KCI may pursue its Claim against the USA in Harper/Nielsen's name (the "Litigation"). KCI shall have the sole responsibility for the preparation, presentation and prosecution of the Litigation.

2. KCI is represented by Michael T. Metcalf and Jenifer W. Svancara of the Miller Law Firm, P.C. ("KCI's counsel"). KCI's counsel shall have full responsibility and authority to present and prosecute the Litigation on behalf of KCI. Because the Litigation is and can be brought only in the name of Harper/Nielsen, the parties agree that KCI's counsel may enter their appearance in the Litigation as counsel for Harper/Nielsen.

3. Upon request, KCI may at a reasonable time and location review and copy at its own cost any writings, letters, reports, analysis, drawings, schedules, charts, photos or any other documents relating to the Litigation in the possession, custody or control of Harper/Nielsen.

4. The right to abandon, settle, compromise or dismiss the Litigation shall be the at the sole discretion of KCI. KCI will at all times keep Harper/Nielsen informed of the status of the Litigation and any settlement that occurs.

5. KCI and Harper/Nielsen agree that all funds recovered, whether through settlement or otherwise, shall first be used to reimburse any cost and expenses incurred as a result of the Litigation, after which all remaining funds will be distributed to KCI. Harper/Nielsen agrees that it will be entitled to no monies recovered as a result of litigation.

6. All costs, fees, and other expenses incurred in connection with the preparation and prosecution of the Litigation shall be paid by KCI. Harper/Nielsen shall have no responsibility for any attorney fees, costs or expenses that KCI may elect to incur in connection with the preparation and prosecution of the Litigation. KCI shall have no responsibility for any fees or costs that Harper/Nielsen may voluntarily incur.

7. Harper/Nielsen and KCI agree that all communications between them and their respective counsel shall be subject to a joint prosecution privilege and they shall take all steps necessary to create and maintain such privilege.

8. KCI hereby agrees to hold harmless Harper/Nielsen and to indemnify and defend Harper/Nielsen and its officers, directors, employees, sureties and agents from any and all loss, costs, penalties, interest, court cost, damages, claim, demand, expense or assessment whatsoever, including reasonable attorneys' fees arising from or relating to or in any way connected with any claim of the USA or finding of violation of any applicable regulations, authorities or statutes which Harper/Nielsen may sustain and incur by reason of having certified KCI's claim or agreeing that suit can be filed in the U.S. Court of Federal Claims in the name of Harper/Nielsen.

9. The United States Bankruptcy Court for the Central District of California is aware of and has authorized KCI (as Debtor in Possession) to pursue the action and the indemnification of Harper/Nielsen set forth herein has been approved and will be accorded treatment as the highest priority expense in the proceeding.

10. The parties acknowledge that KCI has submitted its claim to Harper/Nielsen and that Harper/Nielsen remains obligated to KCI for KCI's claim to the extent of, and only to the extent, that any recovery is realized from the USA. KCI hereby releases Harper/Nielsen from any and all claims arising out of the Project, but specifically does not release Harper/Nielsen from liability for the Claim in the event recovery is realized, and Harper/Nielsen acknowledges liability to KCI for KCI's Claim to the extent any sums are recovered from the USA.

11. The parties expressly acknowledge that the Subcontract shall remain in full force and effect except to the extent that any provisions of the Subcontract are inconsistent with or superseded by the terms of this Agreement.

12. The right or obligations of the parties to this Agreement may not be assigned in whole or in part without the written consent of all the parties hereto. Subject to the foregoing, this Agreement shall be binding upon and shall inure to the benefit of the respective successors and assigns of all the parties hereto.

13. This Agreement shall be governed and construed in accordance with the laws of the State of California.

14. This Agreement is solely for the benefit of Harper/Nielsen and KCI, and is not intended to be relied upon by or to benefit, for any purpose, any other person or entity.

15. This Agreement may not be amended, modified, or terminated in any manner other than by a written agreement signed by Harper/Nielsen and KCI.

16. This Agreement supersedes and replaces any prior oral or written understandings of the parties with respect to the subject matter hereof and is the entire agreement between them. Nothing in this agreement affects the settlement of the lawsuit previously brought by KCI against Harper/Nielsen or extends any applicable statute of limitations on any claims KCI may have arising out of the subcontract.

17. This Agreement shall be deemed executed as of the ______ day of __________, 2005.

HARPER/NIELSEN DILLINGHAM BUILDERS, JV

By: [signature]
(Printed Name) RONALD D. HARPER
Title: MANAGING PARTNER

STATE OF California )
)
COUNTY OF San Diego )

~~This instrument was acknowledged before me on the ______ day of __________, 2005, by __________, the __________ of HARPER/NIELSEN DILLINGHAM BUILDERS, JV, a California Joint Venture on behalf of said joint venture.~~

See attached notarial certificate

Notary Public

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California }
County of San Diego } ss.

On February 25, 2005 (Date) before me, L J Frost, Notary Public (Name and Title of Officer (e.g., "Jane Doe, Notary Public")), personally appeared Ronald D Harper (Name(s) of Signer(s)),

☒ personally known to me
☐ ~~proved to me on the basis of satisfactory evidence~~

to be the person~~(s)~~ whose name~~(s)~~ is/~~are~~ subscribed to the within instrument and acknowledged to me that he/~~she/they~~ executed the same in his/~~her/their~~ authorized capacity~~(ies)~~, and that by his/~~her/their~~ signature~~(s)~~ on the instrument the person~~(s)~~, or the entity upon behalf of which the person~~(s)~~ acted, executed the instrument.

L. J. FROST
Commission # 1517973
Notary Public - California
San Diego County
My Comm. Expires Oct 4, 2008

WITNESS my hand and official seal.

[signature]
Signature of Notary Public

### OPTIONAL

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

### Description of Attached Document

Title or Type of Document: ______

Document Date: ______ Number of Pages: ______

Signer(s) Other Than Named Above: ______

### Capacity(ies) Claimed by Signer

Signer's Name: ______

☐ Individual
☐ Corporate Officer — Title(s): ______
☐ Partner — ☐ Limited ☐ General
☐ Attorney-in-Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: ______

Signer Is Representing: ______

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

© 1999 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.nationalnotary.org Prod. No. 5907 Reorder: Call Toll-Free 1-800-876-6827

KARLESKINT-CRUM, INC.

By: Pamela K Crum
(Printed Name) Pamela K Crum
Title: President

STATE OF CALIFORNIA )
)
COUNTY OF SAN LUIS OBISPO )

This instrument was acknowledged before me on the 28TH day of FEBRUARY, 2005, by PAMELA K CRUM, the PRESIDENT of KARLSEKINT-CRUM, INC, a California corporation on behalf of said corporation.

Janice Canon
Notary Public

F:\Client files 1500-3100\1645\02\ltr\prosecution.agreement.doc

JANICE CANON
Commission # 1296005
Notary Public - California
San Luis Obispo County
My Comm. Expires Mar 4, 2005

PA 26a