IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **HARPER/NIELSEN-DILLINGHAM BUILDERS, INC.,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 05-269-C** |
| | ) | **Judge Nancy B. Firestone** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S SUR REPLY TO DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Harper/Nielsen Dillingham Builders, Inc. ("Harper") respectfully submits this Sur Reply to Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss or in the Alternative Motion for Partial Summary Judgment. The Government's reply questions the validity of the Claims Presentation and Prosecution Agreement (the "Claims Presentation Agreement") referenced and produced by Harper in its opposition. Furthermore, the Government improperly suggests with no basis that Harper manufactured this document to bolster its argument that the *Severin* Doctrine does not apply. This is, of course, completely untrue. As noted in the attached Affidavits of Ronald Harper and Pamela Crum, the document produced is an authentic copy of the executed Claims Presentation Agreement that both parties agreed to and was signed before this action.

The Government relies on speculation and irrelevant facts and attempts to confuse the issue at hand. The real issue before this Court is whether the Government has established its burden of proof necessary to invoke the *Severin* Doctrine by producing evidence of an <u>iron-bound release or contract provision immunizing the prime contractor completely from any liability</u>. In its opposition, Harper pointed out that the Government failed to satisfy its burden of

proof. Specifically, the Government's reliance on the Subcontract and the previous Settlement Agreement between Harper and KCI were insufficient to invoke the *Severin* Doctrine. It is well accepted that the type of conditional liability assumed by Harper is sufficient to avoid application of *Severin*. In *Kentucky Bridge & Dam, Inc. v. U.S.*, this Court reiterated that a suit is permissible by a contractor on behalf of its subcontractor when a contractor has agreed to reimburse its subcontractor for damages it has suffered at the hands of the Government, but only as and when the contractor receives payment for those damages from the Government. 42 Fed.Cl. 501, 525 (1998) (citing *J.L. Simmons Co. v. U.S.*, 304 F.2d 886 (Ct. Cl. 1962)). In fact, the Court in *Kentucky Bridge & Dam* recognized that the same type of contingent liability possessed by Harper here does not extinguish liability, but merely defines the manner in which that liability is to be extinguished. Implicit in such provisions is the recognition that parties would not go to the trouble of providing a method for extinguishing a nonexistent liability. *J.L. Simmons Co.*, 304 F.2d at 890. As such, it is clear that the *Severin* Doctrine does not preclude Harper from sponsoring KCI's claims.

Apparently realizing this, instead of addressing its burden of proof the Government attacks the validity of the Claims Presentation Agreement, a document that merely formalized and supplemented the understanding between Harper and KCI. The validity of the Claims Presentation Agreement is a collateral matter. Indeed, Harper's argument that the Subcontract and Settlement Agreement do not support application of the *Severin* doctrine does not even hinge on the validity of the Claims Presentation Agreement. To the contrary, the Claims Presentation Agreement merely adds further support to Harper's contention that the Government's reliance on the Subcontract and Settlement Agreement is misplaced. As such, the Government's argument that the Claims Presentation Agreement is invalid and unenforceable is irrelevant.

However, because the Government has challenged the validity of the Claims Presentation Agreement, Harper is compelled to respond. Obviously, there is a discrepancy in the dates on the individual pages of the document. This is easily explained. It was prepared in Kansas City, Missouri. The document was then sent to each of the signatories in San Diego and San Luis Obispo, California. They executed the document in separate counterparts and faxed their respective signature pages back to Kansas City. The document was then reprinted and the executed signature pages were attached. The word processing software inserted the date of actual printing on each page. As such, the first three pages indicate the date of the reprinting, February 28, 2005, even though the signature pages indicate the dates February 24, 2005, and February, 25, 2005, respectively, the dates the document was printed in order to be executed by Harper/ Nielsen and KCI.

Both Ronald Harper and Pamela Crum have stated in their attached affidavits that the Claims Presentation Agreement is an accurate and complete copy of the document they executed on February 25, 2005, and February 28, 2005, respectively. See Exhibits "1" and "2" attached hereto. Furthermore, both Ronald Harper and Pamela Crum state in their affidavits that the Claims Presentation Agreement was prepared to formalize and supplement in writing the relationship, liability and previous agreements between Harper and KCI. Indeed, it is consistent with those previous agreements and understandings. The Government implies that the document may have been created to “revive” liability that had previously been distinguished. That is not the case at all. It is apparent from reviewing the history that the Claims Presentation Agreement is not inconsistent with previous agreements and understandings between Harper and KCI. As Harper pointed out in its opposition papers, the previous agreements between Harper and KCI that the Government relied upon in its initial Motion do not demonstrate that Harper was fully released. Indeed, those agreements when read and construed together clearly indicate that

Harper retained responsibility to cooperate and to submit the claim and to pay over to KCI any funds received.

Because the Claims Presentation Agreement submitted and referenced in Harper's Opposition to the Government's Motion to Dismiss is a complete and accurate copy of the actual document agreed upon and signed by the parties, Harper respectfully requests that this court disregard the Government's suggestions that it is improper or unenforceable. Furthermore, Harper requests that this Court find that the *Severin* Doctrine does not preclude Harper from sponsoring KCI's delay claim because the Government has failed to meet its burden to show that Harper was completely exonerated or released.

Respectfully submitted,

MILLER LAW FIRM, P.C.

/s/Richard W. Miller______________
Richard W. Miller Mo. Bar #16136
Michael T. Metcalf Mo. Bar #45304
4310 Madison Avenue
Kansas City, MO 64111
Telephone: (816) 531-0755
Facsimile: (816) 561-6361
**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF FILING**

I hereby certify that on the 10th day of April, 2006, a copy of the foregoing "PLAINTIFF'S SUR REPLY TO DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Richard W. Miller______________
Attorneys for Plaintiff