IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HARPER/NIELSEN-DILLINGHAM BUILDERS, INC., | ) | |
| Plaintiff, | ) | No. 05-269C |
| v. | ) | (Judge Firestone) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR ENLARGEMENT OF DISCOVERY PERIOD TO ALLOW FOR COMPLETION OF DCAA AUDIT

Pursuant to RCFC 6(b), defendant respectfully requests that the discovery period in the above-captioned case be extended by an additional 90 days, up to and including September 27, 2007. The current discovery deadline in this case is June 29, 2007. Defense counsel has contacted plaintiff's counsel in an attempt to ascertain whether he opposes or does not oppose this motion, but plaintiff's counsel ultimately has declined to take a position on the matter. This is our third request for enlargement of time for discovery.[1]

The instant lawsuit involves a total cost claim by plaintiff Harper/Nielsen-Dillingham, Inc., acting on behalf of its subcontractor, Karleskint Crum, Inc. ("KCI"), for damages allegedly incurred by KCI due to an alleged delayed project start

[1] The Government initially sought a 60-day enlargement of time as a result of deposition scheduling difficulties, which included the impending birth of defense counsel Jeffrey Pease's second child. The Government sought an additional 60-day enlargement of the discovery period when undersigned defense counsel replaced Mr. Pease on this case.

date, weather-related delays, and an extended landscaping maintenance period during a housing construction project at Vandenburg Air Force Base.

Early on in this litigation, the Government, cognizant of a need to locate and review backup documentation supporting plaintiff's total cost claim beyond what was included in plaintiff's initial production of documents, enlisted the assistance of the Defense Contract Audit Agency ("DCAA") to audit KCI's claim against the Government. More recently, the Government also attempted to obtain backup cost documentation from ADR Consulting, Inc. ("ADR"), the consulting firm that assisted KCI in preparing the Request for Equitable Adjustment that gave rise to this litigation. It is clear at this time that the DCAA auditor will need information above and beyond that obtained from plaintiff and ADR thus far.

The DCAA auditor has diligently but unsuccessfully pursued the materials necessary to conduct his audit over the past six months. See Affidavit of Darrell D. Shobert, attached hereto as Exhibit A. Defense counsel believes that a number of factors beyond the parties' control may have contributed to the difficulties in obtaining the relevant materials, including the possible unavailability of relevant data in electronic form, and, as reflected in the attached affidavit by the DCAA auditor, a significant amount of associate turnover within plaintiff's

counsel's law firm.

The defendant originally intended to file a motion to compel compliance with the DCAA audit, rather than a motion for extension of time in this case. However, defense counsel received verbal assurances from an associate at plaintiff's counsel's law firm that plaintiff intended to comply with the DCAA audit, and would cooperate in providing backup documentation for plaintiff's total cost claim. Defense counsel was advised by this associate that he would reach out to the DCAA auditor, and would review documents within his firm's possession to determine whether there are any additional materials that are responsive to defendant's document requests and that support the total cost claim at issue in this case. As a result of these discussions, defense counsel has elected to proceed by way of requesting an extension of time.

Defendant seeks an extension of the discovery period primarily to allow for production of relevant materials to defendant and to the DCAA auditor, and for the completion of the audit. Defendant also hopes to use the extended discovery period to depose a witness who was unavailable for deposition.[2]

[2] Defense counsel twice attempted to secure the witness's deposition by formal process, once by deposition notice, and once by service of a subpoena. At or around the time when process servers attempted to effect personal service of the subpoena, defense counsel learned that, due to a personal matter, the witness had taken a sabbatical from his current job, was traveling extensively, and could not effectively be located for

Defendant seeks a 90 day extension, as opposed to a shorter period, to accommodate the auditor in the event that electronic versions of the relevant cost data are unavailable. Should the audit be completed in a shorter time than anticipated, defense counsel would so inform the Court.

For the foregoing reasons, we respectfully request that the Court grant this motion to extend the discovery deadline in this case for 90 days, up to and including September 27, 2007.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Donald E. Kinner
DONALD E. KINNER
Assistant Director

---

service. Counsel for the witness's current employer has represented that he will cooperate with defense counsel to make the witness available for deposition at the end of his sabbatical.

s/ A. Bondurant Eley
A. BONDURANT ELEY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, NW
Washington, D.C. 20530
Tel: (202) 616-5824
Fax: (202) 514-8624

June 28, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 28th day of June 2007, a copy of the foregoing “DEFENDANT’S MOTION FOR ENLARGEMENT OF DISCOVERY PERIOD TO ALLOW FOR COMPLETION OF DCAA AUDIT” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court’s electronic filing system. Parties may access this filing through the Court’s system.

s/ A. Bondurant Eley