**No. 05-269C**
**(JUDGE FIRESTONE)**

---

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

---

**HARPER/NIELSEN DILLINGHAM BUILDERS, INC.,**

**Plaintiff,**

**v.**

**THE UNITED STATES,**

**Defendant.**

---

# PLAINTIFF'S SUGGESTIONS IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

**RICHARD W. MILLER**
**Miller Law Firm, P.C.**
**4310 Madison Avenue**
**Kansas City, Missouri 64111**
**Tel: (816) 531-0755**
**Fax: (816) 561-6361**

**December 27, 2007** **ATTORNEY FOR PLAINTIFF**

## TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................ i

TABLE OF AUTHORITIES ..................................................................................... ii

I. STANDARD OF REVIEW ............................................................................. 1

II. THE GOVERNMENT IN ITS MEMORANDUM ADMITS THERE ARE GENUINE ISSUES OF MATERIAL FACT IN DISPUTE WHICH RENDER THE MOTION FOR SUMMARY JUDGMENT INAPPROPRIATE.............................. 2

III. THE PLAINTIFF HAS STANDING TO SUE UNDER THE *SEVERIN* DOCTRINE .................................................................................................. 2

A. Applicable Federal Law. ......................................................................... 2

IV. THE GOVERNMENT CANNOT ESTABLISH THAT HARPER WAS EXONERATED BY THE PURPORTED "NO DAMAGE FOR DELAY CLAUSE" ..................................................................................................... 6

V. THE CALIFORNIA PUBLIC CONTRACT CODE, WHICH IS INCORPORATED INTO THIS SUBCONTRACT AS THE APPLICABLE LAW, PROVIDES THAT NO DAMAGE FOR DELAY CLAUSES ARE UNENFORCEABLE ........................................................................................ 8

VI. PLAINTIFF IS ENTITLED TO RECOVER UNABSORBED OVERHEAD COSTS ....................................................................................................... 9

VII. CONCLUSION.............................................................................................. 10

CERTIFICATE OF FILING.................................................................................. 11

# TABLE OF AUTHORITIES

## Cases

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)..................................................... 1

*Consolidated Eng'g Co. v. U.S.*, 98 Ct. Cl. 256 (1943)................................................................ 3

*D.A. Parrish & Sons v. County Sanitation District No. 4*, 174 Cal.App.2d 406, 414 (1959)......... 7

*Frank Coluccio Constr. Co. v. City of Springfield*, 779 S.W.2d 550, 551-552 (Mo. 1989) (en banc)............................................................................................................................. 4

*George Leary Constr. Co. v. U.S.*, 63 Ct. Cl. 206 (1927)............................................................. 3

*Hawley v. Orange County Flood Control*, 211 Cal.App.2d 708,713 (1963)............................. 7, 8

*J. L. Simmons Co. v. United States*, 304 F.2d 886, 889, 158 Ct.Cl. 393, 398 (1962)..................... 4

*Mingus Contractors, Inc. v. United States*, 812 F.2d 1387, 1390 (Fed. Cir. 1987)........................ 1

*Mitsui & Co. v. Puerto Rico Water Resources*, 528 F. Supp. 768 (D. P.R. 1981) ......................... 5

*Morrison-Knudson Co. v. U.S.*, 1397 F.2d 825 (Ct. Cl. 1968) .................................................... 5

*Perry-McCall Constr. Inc. v. U.S.*, 46 Fed.Cl. 664, 671 (2000) .................................................... 3

*Seger v. U.S.*, 469 F.2d 292 (Ct. Cl. 1972) ...................................................................................... 5

*Severin v. United States*, 99 Ct. Cl. 435 (1943), *cert. denied*, 322 U.S. 733 (1944) ...... 3, 4, 5, 6, 8

*Stout, Hall & Bangs v. U.S.*, 27 Ct. Cl. 385 (1892) ....................................................................... 3

*United States v. Blair* 321 U.S. 730 (1944) ..................................................................................... 3

*United States v. Johnson Controls, Inc.*, 713 F.2d 1541, 1552 & n. 8 (Fed. Cir. 1983)................. 4

## Statutes

Cal. Pub. Contract Code § 7102 (2006)........................................................................................ 8

## Rules

Rules of the United States Court of Federal Claims 56(c)............................................................ 1

COMES NOW Harper/Nielsen-Dillingham Builders, Inc. ("Harper/Nielsen"), by and through its attorney of record, and for its Suggestions in Opposition to Defendant's Motion for Summary Judgment states as follows:

## I. STANDARD OF REVIEW

In the Argument portion of its Memorandum in Support of its Motion for Summary Judgment, the Government clearly sets forth the standard of review governing the ability to submit a Motion for Summary Judgment as follows:

Summary judgment is appropriate where there are no genuine issues of material fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-50 (1986); *Mingus Contractors, Inc. v. United States,* 812 F.2d 1387, 1390 (Fed. Cir. 1987); 56(c) of the Rules of the United States Court of Federal Claims.

As part of its Motion for Summary Judgment, the Government filed Defendant's Proposed Findings of Uncontroverted Facts listing 119 alleged uncontroverted facts. Plaintiff's Response to the Defendant's Proposed Findings of Uncontroverted Facts is filed contemporaneously herewith. As the Court will note, almost every fact which the Government asserts is uncontroverted is controverted and thus is denied and the basis for the denial is set forth. Thus, at the outset, there are so many genuine issues of material fact that there is no basis whatsoever for this Court to even consider the Motion for Summary Judgment. The alleged Uncontroverted Facts are replete with misstatements, assumptions and errors or are lacking in any substantiation, all of which are contrary to the absolute necessity of having genuine issues of fact not in dispute.

## II. THE GOVERNMENT IN ITS MEMORANDUM ADMITS THERE ARE GENUINE ISSUES OF MATERIAL FACT IN DISPUTE WHICH RENDER THE MOTION FOR SUMMARY JUDGMENT INAPPROPRIATE

What is most curious about the Motion for Summary Judgment filed by the Government is that on the very first page of its Motion, the Government admits that there are genuine issues of material fact that are still at issue. This is done in footnote 1 on page 1 of the Brief in which the Government specifically admits there are genuine issues of material fact as follows:

> The Government previously advised the Court that it contemplated filing a motion for summary judgment as to the Government's liability for delays under United States v. Howard P. Foley Co., Inc., 329 U.S.64 (1946), and its progeny. **The Government has since concluded that genuine issues of material fact remain with respect to this issue, and that a motion for summary judgment is not appropriate at this time.** (Emphasis added)

Although with this admission the Court has no reason to consider this matter further, Plaintiff will still respond to some of the major contentions raised by the Government in its Motion.

## III. THE PLAINTIFF HAS STANDING TO SUE UNDER THE *SEVERIN* DOCTRINE

The Government beginning on page 12 of its Motion seeks to argue that the claims brought by Plaintiff should be dismissed because the Government contends that the Plaintiff lacks standing under the *Severin* Doctrine to file and maintain this suit.

The Government's argument that the Plaintiff is precluded under the *Severin* Doctrine from sponsoring KCI's delay claims fails because the Government cannot carry its burden of proof and the position of the Government is contrary to the applicable law.

### A. Applicable Federal Law.

Federal courts have long held that a contractor may pursue a claim against the government for additional costs incurred by a subcontractor as a result of the Government's

breach of the prime contract. *Stout, Hall & Bangs v. U.S.,* 27 Ct. Cl. 385 (1892); *Consolidated Eng'g Co. v. U.S.*, 98 Ct. Cl. 256 (1943) (government liable to prime contractor as subcontractor's representative for costs to correct mistake because subcontractor relied on incorrect specifications); *George Leary Constr. Co. v. U.S.*, 63 Ct. Cl. 206 (1927) (prime contractor entitled to costs owed to subcontractor despite government contention that prime contractor did not demonstrate it had paid subcontractor the costs it was claiming). A leading decision on this issue the Supreme Court's case of *United States v. Blair* 321 U.S. 730 (1944). In *Blair*, the Court held that a contractor could recover for the extra expense resulting from the government's improper directives even though a subcontractor performed the work. *Id*. at 737-738. Although the subcontractor could not pursue its own claim directly because it was not in privity with the government, the Supreme Court noted that:

> [I]t does not follow that [the contractor] is barred from suing for [the extra costs incurred by the subcontractor]. Respondent [the contractor] was the only person legally bound to perform his contract with the Government and he had the undoubted right to recover from the Government the contract price for the tile, terrazzo, marble and soapstone work whether that work was performed personally or through another. This necessarily implies the right to recover extra costs and services wrongfully demanded of respondent under the contract, regardless of whether such costs were incurred or such services were performed personally or through a subcontractor. **Respondent's contract with the Government is thus sufficient to sustain an action for extra costs wrongfully demanded under that contract.** (Emphasis added) *Id*.

In *Severin v. United States*, 99 Ct. Cl. 435 (1943), *cert. denied*, 322 U.S. 733 (1944), the Federal Court of Claims adopted a view holding that a contractor could not recover for impact to subcontracted work if the prime contractor had <u>unconditionally</u> released the subcontractor from liability. "The *Severin* Doctrine precludes a prime contractor from bringing a pass-through suit for a subcontractor where the prime contractor is not liable to the subcontractor." *Perry-McCall Constr. Inc. v. U.S.*, 46 Fed.Cl. 664, 671 (2000). However, a prime contractor may recover from

the government for damages incurred by its subcontractor. *C&H Commercial Contractors, Inc. v. U.S.*, 35 Fed.Cl. 246, 257 (1996). In the *C&H Commercial* decision, the Court went onto state that "in this context, damages are not limited to payments actually made to subcontractors but can include **potential liability**." *Id*. (Emphasis added). Although these claims are premised on the liability of the prime contractor to the subcontractor, that liability need not be reduced to a judgment, confessed or even pleaded by the prime contractor. *See Frank Coluccio Constr. Co. v. City of Springfield*, 779 S.W.2d 550, 551-552 (Mo. 1989) (en banc) (noting that a contractor's confession of absolute liability is not necessary to pursue a claim).

In his dissent in *Severin*, Chief Justice Whaley noted that "[f]or fifty years it has been the settled doctrine of this court that a contractor could bring suit for himself and his subcontractor for losses occasioned by delay by the defendant before payment was made to the subcontractor." 99 Ct. Cl. at 440 (Whaley, C.J., dissenting) He also noted pragmatic and equitable justifications for allowing prime contractors to recover damages for breaches of contract that impacted subcontracted work, such as the fact that prime contractors often subcontract substantial amounts of work. *Id.* To preclude prime contractors from recovering damages for subcontracted work would be "a travesty of justice." *Id.*

Heeding these concerns, Federal courts have applied the *Severin D*octrine very narrowly. *E.R. Mitchell*, 175 F.3d at 1370 (Fed. Cir. 1999) (citing *United States v. Johnson Controls, Inc.*, 713 F.2d 1541, 1552 & n. 8 (Fed. Cir. 1983)). Where an agreement provides that a prime contractor's liability is conditioned on the prime contractor obtaining recovery from the government, the prime contractor may recover for the subcontracted work. *J. L. Simmons Co. v. United States*, 304 F.2d 886, 889, 158 Ct. Cl. 393, 398 (1962). Even if a release by the subcontractor is deemed to be an unconditional and complete release, the release will not prevent

the prime contractor from pursuing the claim where the prime contractor has waived the release. *Mitsui & Co. v. Puerto Rico Water Resources*, 528 F. Supp. 768 (D. P.R. 1981). Furthermore, the *Severin D*octrine has been held not to apply in situations like the present case where the claims are for an equitable adjustment under the Claims or Changes provisions of the contract with the Government. *Seger v. U.S.,* 469 F.2d 292 (Ct. Cl. 1972). As the court in *Seger* stated:

> Where the provisions of the prime contract provide a mechanism that in a proper case can mitigate injury to the subcontractor, and such provisions are incorporated by reference in the subcontract, abstract legal doctrines of privity and **exculpatory clauses in the subcontract do not control.** 459 F.2d at 300. *See also Blount*, 348 F.2d at 471. (Emphasis added)

In addition, the Federal courts have viewed application of *Severin* as an affirmative defense and held that the Government has the burden of proof on this issue. *E.R. Mitchell,* 175 F.3d at 1370; *Blount Bros. Constr. Co.,* 171 Ct. Cl. 478, 346 F.2d at 964-65; *Morrison-Knudson Co. v. U.S.,* 1397 F.2d 825 (Ct. Cl. 1968). It is well accepted that "the government bears the burden of establishing that the prime contractor has been **completely exonerated** against claims brought by the subcontractor." *Id*. (emphasis added). In fact, the Court of Claims has held that to meet its burden of proof under *Severin*, the government must produce "an iron-bound release or contract provision immunizing the prime contractor completely from any liability to the sub…" *E.R. Mitchell Constr. Co. v. Danzig*, 175 F.3d 1369, 1371 (Fed. Cir. 1999). Indeed, the *Danzig* court confirmed that "application of the *Severin* doctrine has been narrowly construed." *Id*. Thus, under Federal law, conditional releases or liquidating agreements that require the prime contractor to pay to the subcontractor only such sums as the contractor is able to recover from the government do <u>not</u> preclude the prime contractor from recovering for claims for subcontractors.

Here, the Government has failed to make the strict case required to apply the *Severin* doctrine to preclude Harper's claim. The Government has advanced two arguments in an attempt to establish that Harper is completely exonerated against claims brought by KCI for its alleged injuries. Neither argument is meritorious.

## IV. THE GOVERNMENT CANNOT ESTABLISH THAT HARPER WAS EXONERATED BY THE PURPORTED "NO DAMAGE FOR DELAY CLAUSE"

The Government first relies on certain language in the subcontract between Harper and KCI that states:

> A. In the event of any delays, entailed as a result of fault of [Harper] or [the United States], then [Harper] shall grant [KCI] an extension of time equal to the delay and [KCI] shall be entitled to no other or further damages against [Harper] or [the United States].
>
> B. Any delays or additional work entailed as a result of weather conditions, storms, acts of God, delays in construction, delays by governmental bodies will not entitle [KCI] to any extras whatsoever.

However, the Government cites no authority for its assertion that these contractual provisions, commonly referred to as a "no damage for delay" clause, exonerate or completely immunized Harper/Nielsen from all liability for KCI's claims. Rather, the Government appears to assume that Harper/Nielsen has asserted these provisions as a defense to KCI's claim and assumes that the provisions were enforceable and completely exonerated Harper from liability. Given its burden, the Government cannot rely on such assumptions or speculation, especially since there is no factual basis to support that contention.

Harper/Nielsen was <u>not</u> completely exonerated by the "no damage for delay" clause. As the Government recognizes in its argument, the subcontract specifically states that it is governed by California law. Defendant's Appendix, A46. Under California law, "if an agreement can be reasonably interpreted so as to avoid a forfeiture, it is the duty of the court to avoid it." *Hawley*

*v. Orange County Flood Control*, 211 Cal.App.2d 708,713 (1963). Moreover, California disfavors "no damage for delay" clauses. *D.A. Parrish & Sons v. County Sanitation District No. 4*, 174 Cal.App.2d 406, 414 (1959). *See also, e.g.*, Hawley, 211 Cal.App.2d at 713 (1963) (stating that "a clause which in ultimate result has the effect of imposing a forfeiture will be strictly construed, especially where the subcontract, as here, was not prepared by" the subcontractor but by the prime contractor which would be the one seeking to impose the forfeiture). In *Hawley*, the defendant, like the Government in the instant dispute, contended that the delay clause language was so unequivocal that the contractor must be deemed to have assumed the risk of prevention or hindrance by the contractee-owner. *Id*. at 714. The *Hawley* contract language, similar to the provision at issue here, provided that:

> Furthermore, if the contractor suffers any delay caused by the failure of the District to furnish the necessary right-of-way or materials agreed to be furnished by it, or by failure to supply necessary plans or instructions concerning the work to be done after written request therefore has been made, the contractor shall be entitled to an extension of time equivalent to the time lost for any of the above-mentioned reasons, but shall not be entitled to any damages for such delay.

*Id*. at 712. Notwithstanding this plain and obvious language, the Court in *Hawley* reversed the lower court's grant of nonsuit. The court summarized several cases from California and other jurisdictions which permitted recovery notwithstanding the plain language of the contract. In these cases, the respective courts considered whether the actual delay was within the contemplation of the parties, whether the defendant was liable for the breach, whether the delay was unreasonable, or if the defendant actively interfered with the contractor. In these cases, the courts went to great lengths to avoid application of the "no damage for delay" clause. Relying on these cases, the *Hawley* court ultimately held that "the question of whether or not the delay damage clause was intended by the parties to prevent recovery under the peculiar circumstances here involved resolves itself into a factual question requiring the weighing of all the facts

presented." *Id*. at 715. Clearly, whether the "no damage for delay" clause in the present case could serve to bar KCI's claims requires a factual inquiry and decision well outside the bounds of this summary judgment motion. As such, the Government cannot contend, as a matter of law, that the "no damage for delay" clause completely immunized Harper from liability, and cannot meet its burden to invoke the *Severin* Doctrine.

## V. THE CALIFORNIA PUBLIC CONTRACT CODE, WHICH IS INCORPORATED INTO THIS SUBCONTRACT AS THE APPLICABLE LAW, PROVIDES THAT NO DAMAGE FOR DELAY CLAUSES ARE UNENFORCEABLE

The Government, in its Suggestions, seeks to avoid the *Hawley* decision; but the Government fails to advise this Court, as the Government is required to do, that the California legislature has specifically provided that "no damage for delay" clauses in public contracts or subcontracts are not enforceable. California *Public Contract Code* § 7102 states that "contract provisions **in construction contracts of public agencies and thereunder** which limit the contractee's liability to an extension of time for delay for which the contractee is responsible and which delay is unreasonable under the circumstances involved, and not within the contemplation of the parties, **shall not be construed to preclude the recovery of damages by the contractor or subcontractor**." Cal. Pub. Contract Code § 7102 (2006). (Emphasis added). Section 7102 applies to the Harper/KCI Subcontract since it arises out of a public project, and it acts to render the "no damage for delay" clause unenforceable and, thus, the Government cannot assert this "unenforceable" clause as a defense.

The Government clearly has no standing and never had standing under the law or the facts of this case to assert the "no damage for delay" clause as a defense on behalf of Harper. In fact, the Government is fully aware of the fact that Harper entered into a Claims Presentation and

Prosecution Agreement with KCI on the 28th day of February, 2005 and which specifically states as follows:

> J. KCI desires to pursue a claim against the USA in the name of Harper/Nielsen ("the Claim"). The claim shall consist of KCI's Claim in the amount of $770,565.00 ("KCI Claim") that was previously submitted to the Contracting Officer. The parties desire, therefore, to agree upon a procedure through which KCI may conduct the prosecution of the claim.
>
> * * *
>
> 10. … Harper/Nielsen acknowledges liability to KCI for KCI's Claim to the extent any sums are recovered from the USA.
>
> 11. The parties expressly acknowledge that the Subcontract shall remain in full force and effect except to the extent that any provisions of the Subcontract are inconsistent with or superseded by the terms of this Agreement.

Plaintiff's Appendix, PA33-38. Paragraph 11 also, by its very language, nullifies the enforceability of the no damage for delay provision in the Harper/KCI subcontract.

**VI. PLAINTIFF IS ENTITLED TO RECOVER UNABSORBED OVERHEAD COSTS**

The Government, in the last point raised in its Memorandum, seeks to convince this Court that the Plaintiff is not entitled to recover unabsorbed overhead costs because the Government contends that KCI was not on standby for an indefinite duration. The Government's argument is exceedingly fact-intensive and relies upon conclusions and statements that are set forth in its Proposed Findings of Uncontroverted Facts. As the Court will note in the Response of the Plaintiff, these so-called facts are not uncontroverted and are denied; and thus, there is no basis for this Court to rule that Plaintiff should not recover its unabsorbed overhead costs. The Government seeks to argue that there can be no recovery by Plaintiff because Plaintiff "had scheduled KCI from the beginning to perform landscaping work during" the December through February time frame. Footnote 9, page 24. The Government, by this argument, fails to recognize that the rainfall during this period of time was more than three times

greater than normal and the normal amount of rainfall would not have hampered Plaintiff performing its work during this period of time. It was only the action of the Government that threw the Plaintiff into working in this time frame that caused the damages.

## VII. CONCLUSION

The Government's Motion for Summary Judgment should be denied in its entirety. The Government, in its Memorandum, has admitted there are genuine issues of material fact in dispute which render the Motion for Summary Judgment inappropriate. As is set forth above, the Plaintiff has standing to sue under the *Severin* Doctrine, and the Government cannot establish that Harper was exonerated by the purported "no damage for delay clause," especially since under applicable California law this provision is unenforceable. Finally, the Plaintiff is entitled to recover its unabsorbed overhead costs. For all the foregoing reasons, the Government's Motion for Summary Judgment should be denied.

Respectfully Submitted,

MILLER LAW FIRM, P.C.

/s/Richard W. Miller
Richard W. Miller Mo. Bar #16136
4310 Madison Avenue
Kansas City, Missouri 64111
Telephone: (816) 531-0755
Facsimile: (816) 561-6361
ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF FILING**

I hereby certify that on this 28th day of December, 2007, a copy of the foregoing "Plaintiff's Suggestions in Opposition to Defendant's Motion for Summary Judgment" was filed electronically with this Court. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic system. The parties may access this filing through the Court's system.

/s/Richard W. Miller
Attorneys for Plaintiff