**No. 05-269C**
**(JUDGE FIRESTONE)**

---

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

---

**HARPER/NIELSEN DILLINGHAM BUILDERS, INC.,**

**Plaintiff,**

**v.**

**THE UNITED STATES,**

**Defendant.**

---

# PLAINTIFF'S RESPONSE TO DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACTS

---

**RICHARD W. MILLER**
**Miller Law Firm, P.C.**
**4310 Madison Avenue**
**Kansas City, Missouri 64111**
**Tel: (816) 531-0755**
**Fax: (816) 561-6361**

**December 27, 2007**

**ATTORNEY FOR PLAINTIFF**

Plaintiff responds to Defendant's Proposed Findings of Uncontroverted Facts are as follows:

1. On August 27, 2996, contract number F94684-96-C-046 (the "contract") was awarded to Harper/Nielsen-Dillingham Builders, Inc. ("Harper"). A1-2. The contract required Harper to complete performance within 480 days from the date of receipt of the Notice to Proceed.

**RESPONSE:** Admitted.

2. Harper was a joint venture between two companies, one of which was Harper Construction Company and the other of which was Nielsen-Dillingham. A96, A104.

**RESPONSE:** Admitted.

3. Contract number F04684-96-C-0046 consisted of demolition and removal of 143 existing housing units, including asbestos removal, underground tank removal, and designated site work, as well as of construction of 143 housing units and associated site work for Military Family Housing Replacement – Phase III Project XUMU-96-4003 [hereinafter "Phase III" or "the project"]. A564-65.

**RESPONSE:** Admitted.

4. Harper received a Notice to Proceed on October 23, 1996. A47

**RESPONSE:** Admitted.

5. On or about October 31, 1996, Harper submitted a Contract Progress Schedule for the project to the Air Force. A48-50.

**RESPONSE:** Denied. The reference to A48-50 does not reflect the statement that is requested to be admitted and Plaintiff has no independent knowledge of the truth of this statement.

6. According to Jeffrey Harper, the Senior Vice President at Harper Construction acting in the role of project manager, A96-97, the schedule was "the Air Force['s] billing method that kind of matches [Harper's] intended schedule" and was submitted by Harper to the Air Force. A99.

**RESPONSE:** Admit that this is Mr. Harper's opinion, but state that Plaintiff has no independent knowledge of the truth of this statement.

7. Mr. Harper explained that, according to the October 31, 1996 schedule, "Sitework," which included landscaping, among other activities, was to commence on or about August 1997. A49, A99.

**RESPONSE:** Denied. The subcontract to perform landscaping was not even awarded until April, 1997 and was not executed until the first part of May, 1997, A60.

8. Mr. Harper testified that he is familiar with the kind of weather that Vandenberg Air Force Base experiences, and that Vandenberg Air Force Base experiences a rainy season in the months of "December through March." A98.

**RESPONSE:** Admit that this is the opinion of Mr. Harper. However, the weather that was encountered was not the normal weather that is encountered in December through March.

9. According to Curtis Boutwell, General Manager of KCI from January 1994 through 2002 or 2003, A108, the area immediately around Vandenberg Air Force Base experiences a rainy season from "[g]enerally December at the early window through, say, March, April, possibly, late window." A109.

**RESPONSE:** Admit that this is the opinion of Mr. Boutwell, but the weather that was encountered was three times more severe than anticipated and that was normal. See response to Proposed Stipulation of Fact No. 10.

10. According to Mr. Harper, Harper's October 31, 1996 schedule, which "shows landscaping approximately beginning in August and finishing in February" contemplates landscaping work's taking place during Vandenberg's rainy season. A49-50, A99.

**RESPONSE:** Denied. There is nothing in the Appendix that references or supports this statement. This statement ignores the fact that in the letter dated April 13, 1998, Kenneth Smith of Harper/Nielsen stated, "Everything was done in order to expedite the job and ensure that we would not landscaping in the rainy season." Mr. Smith also stated in his letter "We knew how difficult and costly it was to landscape a project of this size, during rainy weather, upon completion of Phase II in November of 1996."

11. Rainy weather can have a destructive effect on landscaping. A109. Specifically, as Curtis Boutwell testified, "[d]epending on the extent of the rainy weather, it could actually destroy completely what's in the ground … . Severe weather could destroy hydroseed that's been hydroseeded on the ground. It can also destroy container plans that would be planted in the ground." A109.

**RESPONSE:** Denied. See response to Proposed Stipulated Fact No. 10. The statement is taken out of context.

12. Asked whether when he expects, when he receives bids from landscapers, that their bid will take the risk of rain into account, Mr. Harper responded that "[a] certain portion is usually expected for normal rainy weather in that area." A98.

**RESPONSE:** Denied. The statement is taken out of context.

13. KCI's total bid summary sheet, prepared on or about July 1996, A109, A121, indicates: "Our work will go in 3 increments: Jan/Feb '97, May/June '97, Oct/Nov '97." A121. If KCI's work proceeded in January and February 1997, that work would have taken place during Vandenberg's rainy season. A110.

**RESPONSE:** Denied. Mr. Boutwell testified that the information that was on the Bid Summary Sheet came from Harper/Nielsen, but this information is contrary to the Progress Schedule of October 31, 1996, which showed that landscaping was to commence on or about August, 1997 as set forth in "Uncontroverted Fact Number 7" and the Appendix reference 22. This is also contrary to the response to Proposed Stipulated Fact No. 10.

14. On November 14, 1996, less than a month after it had received a Notice to Proceed on the project, A47, Harper discussed with the Air Force the possibility of deleting the removal of USTs from its contract. A139. At some point, Harper also communicated to KCI that there was difficulty with removing USTs from the site. A113.

**RESPONSE:** Denied that this occurred on November 14, 1996 and the Appendix reference does not support that date. The Appendix reference A140 does reflect that the Government recognized that if this work was not done promptly, it would impact the Plaintiff in the performance of its work and the Government did not want the contractor who would perform the removal of USTs "from impacting Harper/Nielsen-Dillingham while they are working Phase III. If this can be assured, then we will proceed with the change to Contract 96C0046. If not, it

would be in the best interest of the Gov't to leave this work on Contract 96C0046."

15. Contract Modification P00001 deleted the removal of USTs from the Harper contract. A118-20.

**RESPONSE:** Admitted but the concerns of delaying the Project as reflected in A140 were later encountered as a result of this action by the Government.

16. In December 1996 Jacobs Engineering Services was awarded Contract Number F41624-94-D-8115, Delivery Order No. 27, to remove underground storage tanks and contaminated soil at the Phase III project. A143.

**RESPONSE:** Admitted.

17. As of April 1, 1997, the USTs had not been fully removed. A141.

**RESPONSE:** Admitted.

18. Underground storage tank removal was completed around April 15, 1997. A143.

**RESPONSE:** Admitted.

19. On May 6, 1997, Harper signed a subcontract dated April 2, 1997, with Karleskint-Crum, Inc. ("KCI"). A51 et seq.

**RESPONSE:** Denied. The subcontract is not dated April 2, 1997. The subcontract reflects that the subcontract was awarded on April 2, 1997 but it was not signed until May 1997.

20. The subcontract includes the following provision:

> 7. Extension of Time of Completion: If the Subcontractor shall be obstructed or delayed in the prosecution or completion of the work by the neglect or default of the Contractor, the Designer, the Owner, or of any other Subcontractor employed by or delaying with the Contractor; or other contractors employed by the owner; or by the stopping of the work by employees of the Contractor, the

> Subcontractor, or any other Subcontractor of the Contractor through no fault of the Subcontractor, then the time, as fixed in Article 6 for the completion of the work, shall be extended for a period necessary to make up for lost time by reason on any or all the clauses aforesaid. No such extension, however, shall be made unless a claim therefor is served in writing on the Contractor within thirty (30) days of the occurrence of such delay.
>
> 8. Delays:
>
>    A. In the event of any delays, entailed as a result of fault of Contractor of Owner, then Contractor shall grant Subcontractor an extension of time equal to the delay and Subcontractor shall be entitled to no other or further damages against Contractor or Owner.
>
>    B. Any delays or additional work entailed as a result of weather conditions, storms, acts of God, delays in construction, delays by governmental bodies will not entitled the Subcontractor to any extras whatsoever.

A53.

**RESPONSE:** Admit that the Subcontract contains these provisions but Plaintiff denies these provisions were enforceable under California law to prevent recovery of monetary damages. Further, Harper did not invoke these provisions to preclude recovery by KCI. *See* Affidavits of Jeffrey A. Harper and Curtis Boutwell, Plaintiff's Appendix PA1-PA37. This statement ignores the fact that the managing partner, Ronald D. Harper of Harper/Nielsen, certified under oath that the claim by KCI was made by Harper/Nielsen-Dillingham "in good faith," that the supporting data are accurate and complete to the best of their knowledge and belief, that the amount requested accurately reflects the contract adjustment for which the contractor understands the Government is liable, and that Ronald D. Harper was duly authorized to certify the claim on behalf of Harper/Nielsen-Dillingham.

21. According to Jeffrey Harper, paragraphs 7 and 8 are part of Harper's standard boilerplate contracts. A100. According to Mr. Harper, paragraph 8 of the subcontract "means time, not money," A99.A.

**RESPONSE:** Denied since it is contrary to the Affidavit of Jeffrey Harper, referenced in the response to Proposed Findings of Uncontroverted Fact No. 20. This statement ignores the fact that the managing partner, Ronald D. Harper of Harper/Nielsen, certified under oath that the claim by KCI was made by Harper/Nielsen-Dillingham "in good faith," that the supporting data are accurate and complete to the best of their knowledge and belief, that the amount requested accurately reflects the contract adjustment for which the contractor understands the Government is liable, and that Ronald D. Harper was duly authorized to certify the claim on behalf of Harper/Nielsen-Dillingham.

22. Asked whether it was fair to say that paragraphs 7 and 8 contemplate shifting risks onto the subcontractor, Mr. Harper responded: "Yes, in my opinion." A99.A. Asked whether that consideration is something that would be valuable to a prime contractor, Mr. Harper responded: "Well, I believe so, yes." A99.A.

**RESPONSE:** Denied. See answer to Proposed Finding of Uncontroverted Fact No. 20 above.

23. Asked whether there was a business reason that Harper/Nielsen-Dillingham chose to include paragraphs 7 and 8 in its subcontract with KCI, Jeffrey Harper explained, "[i]t's in there, we are told, to protect us as a contractor, and that's the subcontract that we send out." A100. When asked what the paragraphs were to protect Harper from, Mr. Harper stated as follows: "Let me see what 7 and 8 said again … Well, 7 says extension of time. So they are trying to put some time limits on it. And 8 being the fact of – I mean acts of God would be - that

would come to light, so we wouldn't be, I believe, responsible for things that might be out of everyone's control." A100. Asked whether his use of the term "responsible" meant "responsible for money damages," Mr. Harper responded, "Monetarily, yeah." A100.

**RESPONSE:** Denied. See response to Proposed Finding of Uncontroverted Fact No. 20 above. This statement ignores the fact that the managing partner, Ronald D. Harper of Harper/Nielsen, certified under oath that the claim by KCI was made by Harper/Nielsen-Dillingham "in good faith," that the supporting data are accurate and complete to the best of their knowledge and belief, that the amount requested accurately reflects the contract adjustment for which the contractor understands the Government is liable, and that Ronald D. Harper was duly authorized to certify the claim on behalf of Harper/Nielsen-Dillingham.

24. The following exchange occurred during Mr. Harper's deposition:

> Q. Has Harper ever been presented with a claim for damage from a subcontractor and responded relying on paragraph 8, you are entitled to more time, but no money?
>
> * * *
>
> A. There has been no written claim before, but certainly in the act of conducting business, verbally.
> Q. That has occurred?
> A. Yes.
> Q. On how many occasions … has that occurred?
>
> * * *
>
> A. Well, you get complaints all the time. People say, 'Oh, gee. It rained.' You know, 'Oh, well,' we say, 'it rained, let's get out there and get back at it.' So during the rainy season, it happens several times, I imagine, on a lot of our jobs.
>
> Q. Any your response is, you get time but not money from Harper?
>
> A. Typically yes.

A100-01.

**RESPONSE:** Admit that the exchange referenced occurred during Mr. Harper's deposition but deny that these provisions enforceable under California law to prevent recovery of monetary damages. This statement ignores the fact that the managing partner, Ronald D. Harper of Harper/Nielsen, certified under oath that the claim by KCI was made by Harper/Nielsen-Dillingham "in good faith," that the supporting data are accurate and complete to the best of their knowledge and belief, that the amount requested accurately reflects the contract adjustment for which the contractor understands the Government is liable, and that Ronald D. Harper was duly authorized to certify the claim on behalf of Harper/Nielsen-Dillingham.

25. KCI General Manager Curtis Boutwell, when asked for his understanding "as a practical matter of what paragraph 8-A was intended to accomplish," A114-15, responded: "Practically speaking, I believe it's really a clause to attempt to risk shift by the general contractor." A115. Asked whether he viewed paragraph 8 as an attempt by the prime contractor to give time, but not money, Mr. Boutwell stated that "it's a boilerplate phrase that's contained in most contracts that's generally ignored because it's not enforceable." A115. However, when asked whether from a business point of view, it might be a good idea to strike out clauses 7 and 8 from a subcontract, Mr. Boutwell stated, "Yeah. As a practical matter, I-I think they shouldn't be in any contract." A115.

**RESPONSE:** Admit that Mr. Boutwell testified that he ignored the provisions of the subcontract "because it's not enforceable" under the California Code and admit that Mr. Boutwell testified that such a provision "shouldn't be in any contract". The balance of the Proposed Finding of Uncontroverted Fact is denied. *See* A-115.

26. KCI's request for equitable adjustment states that "[a]ccording to the original project schedule, landscaping fieldwork under KCI's subcontract was to start on or about July 28, 1997 … . KCI began its scheduled work on July 28, 1997." A148.

**RESPONSE:** Admit what is stated in the Request for Equitable Adjustment and admit that KCI began its scheduled work on July 28, 1997 and that KCI was unable to perform its work as a result of conditions beyond its control but underneath the control of the Air Force for which no adequate extension of time was granted, which caused KCI to incur additional compensable costs but no monetary compensation was given to Plaintiff or KCI.

27. Harper's Request for Equitable Adjustment contains the claim that "KCI is entitled to $125,706.51 or the 223 calendar day delay period beyond the original completion date, less any overhead costs that may have been covered in other change Orders." A176.

**RESPONSE:** Admitted.

28. The contracting officer never issued a written stop work order to Harper requiring it to suspend or stop its performance of the contract. A563.

**RESPONSE:** Admit that the Contracting Officer never issued a written stop order to Harper and that the Contracting Officer failed in his duty to do so and assert that the failure of the Contracting Officer to grant extensions of time forced the Plaintiff to continue working when it should have been granted an extension of contract time.

29. Harper's Request for Equitable Adjustment does not identify any periods of time during which the contracting officer purportedly directed a suspension of the work. A145-87.

**RESPONSE:** Admitted that the Contracting Officer failed in his duty to do so, but see Response to Proposed Finding of Uncontroverted Fact No. 28.

28. No witness has identified any periods during which the contracting officer purportedly directed any suspension of the work. E.g., A102, A106, A116, A117.

**RESPONSE:** (This is the second paragraph 28.) Admit that the Contracting Officer never issued a written stop order to Harper and assert that the failure of the Contracting Officer to issue a written stop order or to grant extensions of time forced the Plaintiff to continue working when it should have received a stop work order or should have been granted an extension of contract time.

29. Harper's Contractor's Daily Progress Reports indicate work activities on the project by Harper and a variety of subcontractors between Monday, July 28, 1197 and Friday, August 1, 1997. A188-92.

**RESPONSE:** (This is the second paragraph 29.) Denied. There is no reference on A-188 to Plaintiff performing any work during this timeframe. *See* A-188 to A-192. Nor is there any indication that any work covered by the subcontract of Plaintiff was performed during this period of time.

30. KCI's Daily Field reports indicate work activities on the project by KCI employees from Monday, August 4, 1997 through Friday, August 8, 1997, from Monday, August 11, 1997 through Friday, August 15, 1997, and Monday, August 18, 1997 through Tuesday, August 19, 1997. A193-204.

**RESPONSE:** Denied that any landscaping work was performed during this period of time. The employees of KCI range between three and four employees and the work that was being done was to "trench and sleeve under the street."

31. Harper's Contractor's Daily Progress Report for Wednesday, August 20, 1997, indicates work activities on the project by KCI employees occurring that date. A205.

**RESPONSE:** Admit that on August 20, the daily report indicates that Plaintiff and two journeymen and two laborers were doing landscape and irrigation, which was far below the amount of work and the amount of employees they anticipated could be working except for the problems created by the Air Force on this Project and they were not performing the work in the manner and at the time period as KCI had anticipated when it bid this work.

32. KCI's Daily Field reports indicate work activities on the project by KCI employees on Thursday, August 21, 1997 and Friday, August 22, 1997. A206-07.

**RESPONSE:** Admit that KCI's daily field reports for August 21 and August 22, 1997, show five persons trenching and installing a sleeve which is not landscape work and was only a token workforce, which was far below the amount of work and the amount of employees they anticipated could be working except for the problems created by the Air Force on this Project and they were not performing the work in the manner and at the time period as KCI had anticipated when it bid this work.

33. KCI's Daily Field Reports indicate work activities on the project by KCI employees from Monday, August 25, 1997 through Friday, August 29, 1997. A208-12.

**RESPONSE:** Admit. KCI's daily fuel reports indicate between five and seven persons performing work, but none of the work appears to be landscaping work, but a continuation of performing such activities as "trench and install sleeves", which is not landscaping work, which was far below the amount of work and the amount of employees they anticipated could be working except for the problems created by the Air Force on this Project and they were not performing the work in the manner and at the time period as KCI had anticipated when it bid this work.

34. Monday, September 1, 1997 was Labor Day. A566.

**RESPONSE:** Admit.

35. KCI's Daily Field Reports indicate work activities on the project by KCI employees from Tuesday, September 2, 1997 through Friday, September 5, 1997, from Monday, September 8, 1997 through Friday, September 12, 1997, from Monday, September 15, 1997 through Friday, September 19, 1997, and from Monday, September 22, 1997 through Thursday, September 25, 1997. A213-31.

**RESPONSE:** Admit that KCI's daily fuel reports indicate that KCI employees were working on the days referenced and that there were roughly thirteen persons working, which was far below the amount of work and the amount of employees they anticipated could be working except for the problems created by the Air Force on this Project and they were not performing the work in the manner and at the time period as KCI had anticipated when it bid this work. Again, some of it dealt with trenching and installing sleeves and doing other work, some of which might be considered landscaping.

36. Harper's Contractor's Daily Progress Reports indicate work activities the project by KCI employees on Friday, September 26, 1997, and then from Monday, September 29, 1997 through Friday, October 3, 1997. A233-236, 238. A KCI Subcontractor Daily Time Sheet dated October 2, 1997, also shows hours worked by KCI employees on the project on that date. A237.

**RESPONSE:** Admit that Harper's Daily Progress Reports reflected in this Proposed Uncontroverted Fact do show certain KCI employees working, which was far below the amount of work and the amount of employees they anticipated could be working except for the problems created by the Air Force on this Project and they

were not performing the work in the manner and at the time period as KCI had anticipated when it bid this work.. These reports do not show that they were working in the area as planned and do not show that they were working efficiently and effectively as planned, and since there is no backup to support this Proposed Uncontroverted Fact, KCI denies this.

37. Harper's Contractor's Daily Progress Reports indicate work activities on the project by KCI employees on Monday, October 6, 1997 and Tuesday, October 7, 1997. A239-40.

**RESPONSE:** Admit that Harper's Daily Progress Reports reflected in this Proposed Uncontroverted Fact do show certain KCI employees working, which was far below the amount of work and the amount of employees they anticipated could be working except for the problems created by the Air Force on this Project and they were not performing the work in the manner and at the time period as KCI had anticipated when it bid this work. These reports do not show that they were working in the area as planned and do not show that they were working efficiently and effectively as planned, and since there is no backup to support this Proposed Uncontroverted Fact, KCI denies this.

38. KCI's Daily Field Reports indicate work activities on the project by KCI employees from Wednesday, October 8, 1997 through Sunday, October 12, 1997, from Monday, October 13, 1997 through Sunday, October 19, 1997, from Monday, October 20, 1997 through Saturday, October 25, 1997, from Monday, October 27, 1997 through Friday, October 31, 1997, and from Monday, November 3, 1997 through Friday, November 7, 1997. A243-92.

**RESPONSE:** KCI's daily field reports referenced that in this "Uncontroverted d Fact" do show certain work activities but do not reflect in any way that the work was being performed as planned or with any efficiency and indicate the number of workers Admit that Harper's Daily Progress Reports reflected in this Proposed Uncontroverted Fact do show certain KCI employees working, which was far below the amount of work and the amount of employees they anticipated could be working except for the problems created by the Air Force on this Project and they were not performing the work in the manner and at the time period as KCI had anticipated when it bid this work.

39. Harper's Contractor's Daily Progress Reports indicate work activities on the project by a KCI employee from Monday, November 10, 1997 through Friday, November 14, 1997. A293-302.

**RESPONSE:** Admit that Harper's Daily Progress Reports reflected in this Proposed Uncontroverted Fact do show certain KCI employees working, which was far below the amount of work and the amount of employees they anticipated could be working except for the problems created by the Air Force on this Project and they were not performing the work in the manner and at the time period as KCI had anticipated when it bid this work. These reports do not show that they were working in the area as planned and do not show that they were working efficiently and effectively as planned, and since there is no backup to support this Proposed Uncontroverted Fact, KCI denies this.

40. Tuesday, November 11, 1997 as Veterans Day. A566.

**RESPONSE:** Admitted.

41. KCI Daily Field Reports indicate work activities by KCI employees on the project from Monday, November 17, 1997 through Saturday, November 22, 1997, and from Monday, November 24, 1997 through Tuesday, November 25, 1997. A303-10.

**RESPONSE:** Admitted, but KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

42. Harper's Contractor's Daily Progress Report for Wednesday, November 26, 1997 indicates no work activities by KCI employees on that date, with the notation that "[n]o work occured *(sic)* at site due to wet and muddy conditions." A311-12.

**RESPONSE:** Admitted that this is what the Harper Report states, but denies the statement since there is no substantiating back-up. Also, KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

43. Harper's Quality Control Report for Friday, November 28, 1997 states that "[n]o daily was done yesterday [Thursday, November 27, 1997] as it was Thanksgiving and no work was done on site." A313.

**RESPONSE:** Admitted that this is what the Harper Report states, but denies the statement since there is no substantiating back-up. Also, KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not

able to perform its work as it had planned and during the time period it had planned.

44. The Harper's Contractor's Daily Progress Report for Friday, November 28, 1997 indicates no work activities by KCI employee on the project and bears the notation "No work on site today due to Thanksgiving Holiday." A314.

**RESPONSE:** Admitted, but KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

45. The Harper's Contractor's Daily Progress Report for Monday, December 1, 1997 indicates no work on the project by KCI employees on that date, but also bears the statement: "Report #267 shows KCI as having 13 journeymen for 384 hours. The correct number of hours and journeymen for KCI is 13 journeymen with 100 hours. We have subtracted 284 hours from this reports (sic) total hours to compensate for the error." Other notations by the Air Force indicate "Contractor cont. (sic) to install irrigation laterals @ greenbelt by tot lots." A316-17.

**RESPONSE:** Admitted that this is what the Harper Report states, but denies the statement since there is no substantiating back-up. Also, KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

46. KCI's Daily Field Reports indicate work activity on the project by KCI employees from Tuesday, December 2, 1997 through Thursday, December 4, 1997. A318-20.

**RESPONSE:** Admitted, but KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

47. Harper's Contractor's Daily Progress Report indicates no work activity on the project by KCI employees on Friday, December 5, 1997 and bears the notation "Rain today … Job site was vacant due to rain. No landscaping crews observed on site today." A 321-22.

**RESPONSE:** Admitted, but KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

48. Harper's Contractor's Daily Progress Report indicates no work activity on the project by KCI employees on Monday, December 8, 1997 and bears the notation "No crews observed working today on site due to rain." A323-24.

**RESPONSE:** Admitted, but KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

49. Harper's Contractor's Daily Progress Report indicates no work activity on the project by KCI employees on Tuesday, December 9, 1997 and bears the notation "Although the day was sunny and clear during the morning there was no activity observed at the site . . . . Site was wet & muddy." A325-26.

**RESPONSE:** Admitted that this is what the report says, but KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

50. KCI's Daily Field Reports indicate work activities on the project by KCI employees from Wednesday, December 10, 1997 through Sunday, December 13, 1997. A327-31.

**RESPONSE:** Admitted, but KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

51. Harper's Contractor's Daily Progress Report for Monday, December 15, 1997 indicates no work activity on the project by KCI employees. A332.

**RESPONSE:** Admitted that this is what the Harper Report states, but denies the statement since there is no substantiating back-up. Also, KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

52. KCI's Daily Field Reports indicate work activities on the project by KCI employees from Tuesday, December 16, 1997 through Wednesday, December 17, 1997. A333-34.

**RESPONSE:** Admitted, but KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

53. Harper's Contractor's Daily Progress Report for Thursday, December 18, 1997 indicates no work activity by KCI employees for that date, and bears the notation "Heavy rains today. No work force observed today on site . . . ." A335-36.

**RESPONSE:** Admitted, but KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

54. Harper's Contractor's Daily Progress Report for Friday, December 19, 1997 indicates "(1) Cont. Installing irrigation lines/piping along main green belt. (2) Cont. planting trees and shrubs along main green belt. (3) Cont. landscape maintenance . . . ." A337-38.

**RESPONSE:** Admitted that this is what the Harper Report states, but denies the statement since there is no substantiating back-up. Also, KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

55. Harper's Contractor's Daily Progress Reports indicate work activities on the project by KCI employees from Monday, December 22, 1997 through Wednesday, December 24, 1997. A339-41.

**RESPONSE:** Admitted that this is what the Harper Report states, but denies the statement since there is no substantiating back-up. Also, KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

56. December 25, 1997 was Christmas Day. A566.

**RESPONSE:** Admitted.

57. Harper's Contractor's Daily Progress Reports indicate work activities on the project by KCI employees from Monday, December 29, 1997 through Wednesday, December 31, 1997. A342-345. The Daily Progress Report for December 31, 1997 bears the notation "[L]andscape crew was observed planting at green-belt (sic) area . . . ." A345.

**RESPONSE:** Admitted that this is what the Harper Report states, but denies the statement since there is no substantiating back-up. Also, KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

58. Thursday, January 1, 1998 was New Year's Day. A567.

**RESPONSE:** Admitted.

59. Harper's Quality Control Report dated "1/5/98-1/19/98" states that "[d]ue to weather, no work has been done since 12/31 on this project." A346.

**RESPONSE:** Admitted that this is what the Harper Report states, but denies the statement since there is no substantiating back-up. Also, KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

60. KCI's Daily Field Report for Tuesday, January 20, 1998 indicates work activities on the project by KCI employees on that date. A348.

**RESPONSE:** Admitted, but KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

61. Harper's Contractor's Daily Progress Reports indicate work activities on the project by KCI employees from Wednesday, January 21, 1998 through Friday, January 23, 1998, and from Monday, January 26, 1998 through Thursday, January 29, 1998. A349-55.

**RESPONSE:** Admitted that this is what the Harper Report states, but denies the statement since there is no substantiating back-up. Also, KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

62. Harper's Contractor Quality Control Report dated "1/30/98-2/6/98" states that "[d]ue to weather, no work was done from 1/30-2/6 on this project." A356-57.

**RESPONSE:** Admitted that this is what the Harper Report states, but denies the statement since there is no substantiating back-up. Also, KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

63. The Harper's Contractor's Daily Progress Report for Monday, February 9, 1998 indicates no work on the project by KCI employees on that date and bears the notation that "[n]o work crews observed today due to wet site conditions." A358-59.

**RESPONSE:** Admitted that this is what the Harper Report states, but denies the statement since there is no substantiating back-up. Also, KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

64. KCI's Daily Field Reports indicate work activity on the project by KCI employees from Tuesday, February 10, 1998 through Friday, February 13, 1998. A360-65.

**RESPONSE:** Admitted, but KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

65. Monday, February 16, 1998 was Washington's Birthday. A567.

**RESPONSE:** Admitted.

66. Harper's Contractor Progress Report for Tuesday, February 17, 1998 indicates no work activity on the project by KCI employees. A366.

**RESPONSE:** Admitted that this is what the Harper Report states, but denies the statement since there is no substantiating back-up. Also, KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

67. The Harper's Contractor Quality Control Report dated "2/18-2/191998" (sic) states that "[d]ue to rainfall, there was no work performed on site from 2/18-2/19." A367.

**RESPONSE:** Admitted that this is what the Harper Report states, but denies the statement since there is no substantiating back-up. Also, KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

68. The KCI Daily Field Report for Friday, February 20, 1998 indicates work activity on the project by KCI employees on that date. A370.

**RESPONSE:** Admitted, but KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

69. The Harper's Contractor Quality Control Report dated "2/23-2/24/98" states that "[d]ue to the rainfall, there was no work performed on site from 2/23-2/24." A371.

**RESPONSE:** Admitted that this is what the Harper Report states, but denies the statement since there is no substantiating back-up. Also, KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

70. KCI's Daily Field Reports indicate work activities on the project by KCI employees on Wednesday, February 25, 1998 through Friday, February 27, 1998, and from Monday, March 2, 1998 through Wednesday, March 4, 1998. A373-79.

**RESPONSE:** Admitted, but KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

71. Harper's Contractor's Daily Progress Report for Thursday, March 5, 1998 indicates work activity on the project by KCI employees on that date. A568.

**RESPONSE:** Admitted that this is what the Harper Report states, but denies the statement since there is no substantiating back-up. Also, KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

72. Harper's Contractor's Daily Progress Report for Friday, March 6, 1998 indicates no work activity on the project by KCI employees on that date. A380-81.

**RESPONSE:** Admitted that this is what the Harper Report states, but denies the statement since there is no substantiating back-up. Also, KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

73. KCI's Daily Field Reports indicate work activity on the project by KCI employees from Monday, March 9, 1998 through Friday, March 13, 1998, and from Monday, March 16, 1998 through Thursday, March 19, 1998. A383-94.

**RESPONSE:** Admitted, but KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

74. Harper's Contractor's Daily Progress Report for Friday, March 20, 1998 indicates no work on the project by KCI employees and bears the notation that "[r]ain deterred landscaping work crews." A395-96.

**RESPONSE:** Admitted that this is what the Harper Report states, but denies the statement since there is no substantiating back-up. Also, KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not

able to perform its work as it had planned and during the time period it had planned.

75. KCI's Daily Field Reports indicate work activities on the project by KCI employees on Monday, March 23, 1998, Tuesday, March 24, 1998, and Thursday, March 26, 1998. A397-98, 401.

**RESPONSE:** Admitted, but KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

76. Harper's Contractor's Daily Progress Report for Wednesday, March 25, 1998 indicates no work activity on the project by KCI employees and bears the notation that "[r]ain in the morning deterred landscape work crews." A399-400.

**RESPONSE:** Admitted that this is what the Harper Report states, but denies the statement since there is no substantiating back-up. Also, KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

77. Harper's Contractor's Daily Progress Report for Friday, March 27, 1998 indicates no work activity on the project by KCI employees and bears the notation that "(1) Although rain occurred today, this was not enough to cause a soggy site as indicated by Contractor. (2) No work crews observed on site today." A402-03.

**RESPONSE:** Admitted that this is what the Harper Report states, but denies the statement since there is no substantiating back-up. Also, KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

78. KCI's Daily Field Reports indicate work on the project by KCI employees from Monday, March 30, 1998 through Thursday, April 2, 1998. A404-09.

**RESPONSE:** Admitted, but KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

79. Harper's Contractor's Daily Progress Report for Friday, April 3, 1998 indicates no work activity on the project by KCI employees on that date and bears the notation "no work crews on site today due to rains." A410-11.

**RESPONSE:** Admitted that this is what the Harper Report states, but denies the statement since there is no substantiating back-up. Also, KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

80. KCI's Daily Field Reports indicate work activities on the project by KCI employees from Monday, April 6, 1998 through Thursday, April 9, 1998. A412-17.

**RESPONSE:** Admitted, but KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

81. Harper's Contractor's Daily Progress Report for Friday, April 10, 1998 indicates no work activity on the project by KCI employees on that date and bears the notation that "[s]ite condictions *(sic)* are soggy and wet." A418-19.

**RESPONSE:** Admitted that this is what the Harper Report states, but denies the statement since there is no substantiating back-up. Also, KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

82. KCI's Daily Field Reports indicate work activity on the project from Monday, April 13, 1998 through Thursday, April 16, 1998. A421-27.

**RESPONSE:** Admitted, but KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

83. Harper's Contractor's Daily Progress Report for Friday, April 17, 1998 indicates no work activity on the project by KCI employees. A428.

**RESPONSE:** Admitted that this is what the Harper Report states, but denies the statement since there is no substantiating back-up. Also, KCI would have had its work completed

by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

84. KCI's Daily Field Reports indicate work activity on the project by KCI employees from Monday, April 20, 1998 through Wednesday, April 22, 1998. A431-33.

**RESPONSE:** Admitted, but KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

85. The Harper's Contractor's Daily Progress Reports for Thursday, April 23, 1998 and for Friday, April 24, 1998 indicate that "general landscape" was performed by KCI on both days, but report no hours of activity for KCI employees on the project. A434-37.

**RESPONSE:** Admitted that this is what the Harper Report states, but denies the statement since there is no substantiating back-up. Also, KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned. The report is contradictory on its face because it reflects that work was done by KCI without any workers of KCI being shown on the report to have worked.

86. KCI's Daily Field Reports indicate work activity on the project by KCI employees from Monday, April 27, 1998 through Thursday, April 30, 1998. A439-42.

**RESPONSE:** Admitted, but KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

87. Harper's Contractor's Daily Progress Report for Friday, May 1, 1998 indicates that KCI performed "general landscape" on that date, but records no hours of activity for KCI personnel. A443-44.

**RESPONSE:** Admitted that this is what the Harper Report states, but denies the statement since there is no substantiating back-up. Also, KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned. The report is contradictory on its face because it reflects that work was done by KCI without any workers of KCI being shown on the report to have worked.

88. KCI's Daily Field Reports indicate work activity on the project by KCI employees on Monday, May 4, 1998, and from Wednesday, May 6, 1998 through Friday, May 8, 1998. A446, A450-52.

**RESPONSE:** Admitted, but KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

89. Harper's Contractor's Daily Progress Report for Tuesday, May 5, 1998 indicates that KCI performed "general landscape" on that date, but records no hours of activity for KCI personnel and bears the notation that "[n]o crews were observed on-site today." A447-48.

**RESPONSE:** Admitted that this is what the Harper Report states, but denies the statement since there is no substantiating back-up. Also, KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned. The report is contradictory on its face because it reflects that work was done by KCI without any workers of KCI being shown on the report to have worked.

90. KCI's Daily Field Reports indicate work activity on the project by KCI employees on Monday, May 11, 1998 and from Wednesday, May 13, 1998 through Friday, May 15, 1998. A456-58.

**RESPONSE:** Admitted, but KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

91. Harper's Contractor's Daily Progress Report for Tuesday, May 12, 1998 indicates no work activity on the project by KCI employees, and bears the notation "Rain all day." A454-55.

**RESPONSE:** Admitted that this is what the Harper Report states, but denies the statement since there is no substantiating back-up. Also, KCI would have had its work completed

by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

92. KCI's Daily Field Reports indicate work activity on the project by KCI employees from Monday, May 18, 1998 through Thursday, May 21, 1998. A459-62.

**RESPONSE:** Admitted, but KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

93. The Harper's Contractor's Daily Progress Reports for Friday, May 22, 1998 and Saturday, May 23, 1998 indicate work activity on the project by KCI employees. A569-70.

**RESPONSE:** Admitted that this is what the Harper Report states, but denies the statement since there is no substantiating back-up. Also, KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

94. Monday, May 25, 1998 was Memorial Day. A567.

**RESPONSE:** Admitted.

95. KCI's Daily Field Reports indicate work activity on the project by KCI employees from Tuesday, May 26, 1998 through Friday, May 29, 1998, from Monday, June 1,

1998 through Friday, June 5, 1998, and from Monday, June 8, 1998 through Thursday, June 11, 1998. A463-75.

**RESPONSE:** Admitted, but KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

96. The Harper's Contractor's Daily Progress Reports for Friday, June 12, 1998 and for Saturday, June 13, 1998, indicate work activity on the project by KCI employees on both of those dates. A476-77.

**RESPONSE:** Admitted that this is what the Harper Report states, but denies the statement since there is no substantiating back-up. Also, KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

97. KCI's Daily Field Report for Monday, June 15, 1998 indicates work activity on the project by KCI employees on that date. A478.

**RESPONSE:** Admitted, but KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

98. Harper's Contractor's Daily Progress Reports indicate work activity on the project by KCI employees from Tuesday, June 16, 1998 through Saturday, June 20, 1998, and on Monday, June 22, 1998, Tuesday, June 23, 1998, and Thursday, June 25, 1998. A479-85, A488.

**RESPONSE:** Admitted that this is what the Harper Report states, but denies the statement since there is no substantiating back-up. Also, KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

99. The Harper's Contractor's Daily Progress Reports for Wednesday, June 24, 1998, Friday, June 26, 1998, and Monday, June 29, 1998 all indicate that "general landscape" was performed by KCI on both *(sic)* days, but report no hours of activity for KCI employees on the project. A486-87, A89-92.

**RESPONSE:** Admitted that this is what the Harper Report states, but denies the statement since there is no substantiating back-up. Also, KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned. The report is contradictory on its face because it reflects that work was done by KCI without any workers of KCI being shown on the report to have worked.

100. Harper's Contractor's Daily Progress Reports indicate work activity on the project by KCI employees from Tuesday, June 30, 1998 through Thursday, July 2, 1998. A493-95.

**RESPONSE:** Admitted that this is what the Harper Report states, but denies the statement since there is no substantiating back-up. Also, KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

101. Independence Day was celebrated on Friday, July 3, 1998. A496-97, A567.

**RESPONSE:** Admitted.

102. KCI's Daily Field Reports indicate work activity on the project by KCI employees from Monday, July 6, 1998 through Thursday, July 9, 1998. A498-502.

**RESPONSE:** Admitted, but KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

103. Harper's Contractor's Daily Progress Report for Friday, July 10, 1998 indicates that KCI performed "general landscape" on that date, and notes that the "[l]andscape crew (2 workers) cont. planting . . . No manpower is indicated on Contractor's report." A503-04.

**RESPONSE:** Admitted that this is what the Harper Report states, but denies the statement since there is no substantiating back-up. Also, KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

104. Harper's Contractor's Daily Progress Report for Monday, July 13, 1998 indicates no work activity on the project by KCI employees on that date. A505-06.

**RESPONSE:** Admitted that this is what the Harper Report states, but denies the statement since there is no substantiating back-up. Also, KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

105. KCI's Daily Field Reports indicate work activity on the project by KCI employees between Tuesday, July 14, 1998 and Friday, July 17, 1998, and from Monday, July 20, 1998 through Thursday, July 23, 1998. A507-14.

**RESPONSE:** Admitted, but KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

106. The Harper's Contractor's Daily Progress Reports for Friday, July 24, 1998 and Monday, July 27, 1998 indicate that "general landscape" was performed by KCI on both days, but report no hours of activity for KCI employees on the project. A515-16, A571-42.

**RESPONSE:** Admitted that this is what the Harper Report states, but denies the statement since there is no substantiating back-up. Also, KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had

planned. The report is contradictory on its face because it reflects that work was done by KCI without any workers of KCI being shown on the report to have worked.

107. KCI's Daily Field Reports indicate work activity on the project by KCI employees from Tuesday, July 28, 1998 through Friday, July 31, 1998, and from Monday, August 3, 1998 through Tuesday, August 4, 1998. A 517-22.

**RESPONSE:** Admitted, but KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

108. Harper's Contractor's Daily Progress Reports indicate that "general landscape" was performed by KCI on the project from Wednesday, August 5, 1998 through Friday, August 7, 1998, and from Monday, August 10, 1998 through Thursday, August 13, 1998, but reports no hours of activity for KCI employees on those dates. A523-36.

**RESPONSE:** Admitted that this is what the Harper Report states, but denies the statement since there is no substantiating back-up. Also, KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned. The report is contradictory on its face because it reflects that work was done by KCI without any workers of KCI being shown on the report to have worked.

109. KCI Daily Field Reports indicate work activity performed on the project from Friday, August 14, 1998 through Saturday, August 15, 1998, and from Monday, August 17, 1998 through Thursday, August 20, 1998. A537-42.

**RESPONSE:** Admitted, but KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

110. The Harper's Contractor's Daily Progress Report from Friday, August 21, 1998 indicates that KCI performed "general landscape" on that date, but reports no hours of activity for KCI employees on those dates. A543-44.

**RESPONSE:** Admitted that this is what the Harper Report states, but denies the statement since there is no substantiating back-up. Also, KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned. The report is contradictory on its face because it reflects that work was done by KCI without any workers of KCI being shown on the report to have worked.

111. KCI's Daily Field Reports indicate work activity on the project by KCI employees from Monday, August 24, 1998, Wednesday, August 26, 1998, and Thursday, August 27, 1998. A545, A547-48.

**RESPONSE:** Admitted, but KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time

and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

112. Harper's Contractor's Daily Progress Report for Tuesday, August 25, 1998 indicates work activity on the project by KCI employees on that date. A 546.

**RESPONSE:** Admitted that this is what the Harper Report states, but denies the statement since there is no substantiating back-up. Also, KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

113. Harper's Contractor's Daily Progress Report for Friday, August 28, 1998 indicates the KCI performed "general landscape" on that date, but reports no work hours for KCI employees on that date, and specifically bears a notation disputing that KCI personnel were on the site. A549-50.

**RESPONSE:** Admitted that this is what the Harper Report states, but denies the statement since there is no substantiating back-up. Also, KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned. The report is contradictory on its face because it reflects that work was done by KCI without any workers of KCI being shown on the report to have worked.

114. The KCI Daily Field Report for Monday, August 31, 1998 indicates work activity on the project by KCI employees on that date. A551.

**RESPONSE:** Admitted, but KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

115. Monday, September 1, 1998 was Labor Day. A567.

**RESPONSE:** Admitted.

116. Harper's Contactor's Daily Progress Report for September 12, 1997 *(sic)* indicates work activity on the project by KCI employees on that date. A552.

**RESPONSE:** Admitted that this is what the Harper Report states, but denies the statement since there is no substantiating back-up. Also, KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

117. KCI's Daily Field Reports indicate work activity on the project by KCI employees on Monday, September 14, 1998 through Wednesday, September 26, *(sic)* 1998, and on Friday, September 18, 1998. A553-55, A557.

**RESPONSE:** Admitted, but KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

118. Harper's Contractor's Daily Progress Report for Thursday, September 17, 1998 indicates work activities on the project by KCI employees on that date. A556.

**RESPONSE:** Admitted that this is what the Harper Report states, but denies the statement since there is no substantiating back-up. Also, KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

119. KCI Daily Field Reports indicate work activity on the project by KCI employees from Monday, September 21, 1998 through Friday, September 25, 1998. A558-62.

**RESPONSE:** Admitted, but KCI would have had its work completed by this date except for the delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and during the time period it had planned.

Respectfully submitted,

MILLER LAW FIRM, P.C.

s/ Richard W. Miller

Richard W. Miller Mo. Bar #16136
4310 Madison Avenue
Kansas City, MO 64111
Telephone: (816) 531-0755
Facsimile: (816) 561-6361
**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the above and foregoing was served upon the following persons by United States mail, postage prepaid, this 28th day of December, 2007.

Ms. A. Bondurant Eley
Trial Attorney
Commercial Litigation Branch
Civil Division – Classification Unit
Department of Justice
1100 L. Street, N.W., 8th Floor
Washington, D.C. 20005
**ATTORNEY FOR DEFENDANT**

/s/Richard W. Miller_______________
Attorney for Plaintiff