No. 05-269C
(JUDGE FIRESTONE)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

---

HARPER/NIELSEN DILLINGHAM BUILDERS, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

# DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

---

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

DONALD E. KINNER
Assistant Director

A. BONDURANT ELEY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L St., N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 616-8254
Fax: (202) 514-8624

Attorneys for Defendant

Of Counsel:

BRYAN O'BOYLE
Senior Trial Attorney
Air Force Legal Service Agency
Commercial Litigation Division

January 11, 2008

TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I. Harper's Delay Claims Should Be Dismissed Because Harper Lacks Standing Under The Severin Doctrine . . . . . . . . . . . . . . . . . . . . . . . 3

A. The No Damages For Delay Provision In Harper's Subcontract With KCI Is Enforceable Under California Law, And Precludes Harper From Prosecuting Any Claims Against The Government On Behalf Of KCI Under the Severin Doctrine . . . . . . . . . . . . 3

B. California Public Contract Code § 7102 Does Not Apply To Void Harper's No Damages For Delay Clause . . . . . . . . . . . . 5

C. Harper's February 28, 2005 Claim Presentation And Prosecution Agreement Cannot Nullify The No Damages For Delay Provision In Its Subcontract With KCI . . . . . . . . . . . . 6

II. Plaintiff Has Failed To Set Forth Specific Facts Showing That There Is A Genuine Issue For Trial With Respect To Its Claim For Unabsorbed Home Office Overhead . . . . . . . . . . . . . . . . . . . . . . . . 10

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# TABLE OF AUTHORITIES

## CASES

Bank of the West v. Superior Court,
2 Cal. 4th 1254 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Barmag Marmer Maschinenfabrik AG v. Murata Mach., Ltd.,
731 F.2d 831, 835 (Fed. Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Charles G. Williams Constr., Inc. v. White,
271 F.3d 1055 (Fed. Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Delmarva Power & Light Co. v. United States,
79 Fed. Cl. 205 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

Ferring B.V. and Aventis Pharmaceuticals, Inc. v. Barr Labs.,
437 F.3d 1181 (Fed. Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Foster-Gardner, Inc. v. Nat'l Union Fire Ins. Co.,
18 Cal. 4th 857 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

George L. Hyman Constr. Co. v. United States,
30 Fed. Cl. 170 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8, 9

Hansen v. Covell,
218 Cal. 622 (Cal. 1933) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Hawley v. Orange County Flood Control Dist.,
211 Cal. App. 2d 708 (1963) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Hopkins v. Arkansas,
2007 WL 2996842 (E.D. Ark. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Interstate Gen'l. Gov't Contractors, Inc. v. West,
12 F.3d 1053 (Fed. Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
475 U.S. 574 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Melka Marine, Inc. v. United States,
187 F.3d 1370 (Fed. Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

Mitsui & Co. (U.S.A.), Inc. v. Puerto Rico Water Resources Auth.,
528 F. Supp. 768 (D.P.R. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

P.J. Dick, Inc. v. Secy. of Veterans Affairs,
324 F.3d 1364 (Fed. Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 14

Perry-McCall Constr., Inc. v. United States,
46 Fed. Cl. 664 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Powerine Oil Co. v. Superior Court,
37 Cal. 4th 377 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Seger v. United States,
469 F.2d 292 (1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Severin v. United States,
99 Ct. Cl. 435 (1943) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

United States v. Howard P. Foley Co., Inc.,
329 U.S. 64 (1946) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## STATUTES

California Public Contract Code § 7102 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HARPER/NIELSEN-DILLINGHAM BUILDERS, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05-269C (Judge Firestone) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the United States Court of Federal Claims and this Court's order of August 16, 2007, defendant the United States hereby respectfully replies to plaintiff Harper/Nielsen-Dillingham's ("Harper") opposition to defendant's motion for summary judgment.

INTRODUCTION

In our opening brief, we demonstrated that Harper's delay claims should be dismissed because Harper lacks standing to raise those claims on behalf of its subcontractor, Karleskint-Crum, Inc. ("KCI") pursuant to the Severin doctrine, because the plain terms of the subcontract signed between Harper and KCI absolves Harper of financial responsibility to KCI for project delays, and, therefore, Harper could not pass through any of KCI's delay claims to the

Government. The risk shifting mechanism in the KCI subcontract is enforceable under California law, which governs the subcontract at issue, because California's Supreme Court has consistently pronounced that, if contractual language is clear and explicit, it dictates the meaning of the contract without reference to extrinsic information as to the parties' subjective expectations. In its opposition, plaintiff neglects to engage this precedent, relying instead upon distinguishable Federal cases, an outdated state lower court decision and a plainly inapplicable section of the California Public Code. As such, the Government is entitled to summary judgment as a matter of law.

We also demonstrated that the Government is entitled to summary judgment upon Harper's claim for unabsorbed home office overhead allegedly incurred by KCI, because, as specifically shown in Harper and KCI's own daily reports, there was no actual or constructive suspension of work on the project. As such, neither Harper nor KCI was ever on stand-by, a fundamental prerequisite for the recovery of unabsorbed overhead pursuant to the Eichleay formula. In response, plaintiff baldly states that "these so-called facts are not uncontroverted and are denied," but offers no evidence contradicting its reports. Because plaintiff has failed to meet proof with proof, the United States is entitled to judgment as a matter of law on plaintiff's claim for unabsorbed home office overhead.

## I. Harper's Delay Claims Should Be Dismissed Because Harper Lacks Standing Under The Severin Doctrine[1]

### A. The No Damages For Delay Provision In Harper's Subcontract With KCI Is Enforceable Under California Law, And Precludes Harper From Prosecuting Any Claims Against The Government On Behalf Of KCI Under the Severin Doctrine

Plain and unambiguous clauses in plaintiff's subcontract with KCI explicitly limit KCI's remedies in the event of "any delays, entailed as a result of fault of [Harper] or [the United States" to "an extension of time equal to the delay" and entitles KCI "to no other and further damages against [Harper] or the United States." A53 (emphasis supplied). Moreover, "[a]ny delays or additional work entailed as a result of weather conditions, storms, acts of God, delays in construction, delays by governmental bodies will not entitle KCI to any extras

---

[1] Although plaintiff opens its brief with the statement that "[t]he Government . . . admits there are genuine issues of material fact in dispute which render the motion for summary judgment inappropriate," Pl.'s Opp. at 2, the Government has, in fact, made no such admission. Even the portion of defendant's brief that plaintiff quotes in support of this contention makes clear that the defendant has conceded the existence of genuine issues of material fact only as to the Government's liability for delays under United States v. Howard P. Foley Co., Inc., 329 U.S. 64 (1946) and its progeny, a line of cases that involves the lack of Government liability or no warranty for delays to a project's start date or the availability of the project site because of acts of third parties. Def.'s Mot. For Summ. J. at 1 n.1. This distinction can hardly have been lost on plaintiff, whose entire brief is occupied with a discussion of the legitimacy of its claims under Severin v. United States, 99 Ct. Cl. 435, 442 (1943), cert. denied, 322 U.S. 733, 733 (1944), and its purported entitlement to "unabsorbed home office overhead."

whatsoever." A53 (emphasis supplied). This language could not be more clear in its expression that delays entitled KCI only to an extension of time, rather than to money damages for delay.

In our opening brief, we demonstrated that the California Supreme Court, whose law governs the subcontract at issue, has enforced unambiguous no damage for delay provisions just like the one at issue in this case, see Hansen v. Covell, 218 Cal. 622, 627-28 (Cal. 1933), and has continued to embrace the fundamental principle that "[i]f contractual language is clear and explicit, it governs" without reference to extrinsic information. Powerine Oil Co. v. Superior Court, 37 Cal. 4th 377, 390 (2005) (quoting Bank of the West v. Superior Court, 2 Cal. 4th 1254, 1262 (1992) and Foster-Gardner, Inc. v. Nat'l Union Fire Ins. Co., 18 Cal. 4th 857, 868 (1998)). Federal law is not to the contrary.[2]

---

[2] In a purported statement of "Applicable Federal Law," plaintiff claims in passing that "the Severin Doctrine has been held not to apply in situations like the present case where the claims are for an equitable adjustment under the Claims or Changes provisions of the contract with the Government." Pl.'s Opp. at 3, 5. This is not so. Indeed, Seger v. United States, 469 F.2d 292 (1972), the very case upon which plaintiff relies, "does not deal with, and the court does not pass upon, an exculpatory clause which explicitly and unequivocally provided that the prime contractor was not in any way liable to the subcontractor for delays to the subcontractor which were compensable through an equitable adjustment under the contract." Seger, 469 F.2d at 300 n.30; see also Perry-McCall Constr., Inc. v. United States, 46 Fed. Cl. 664, 671 n.1 (2000) (Firestone, J.) (commenting upon the limitations on the reach and import of Seger). Moreover, Seger's dicta with respect to exculpatory clauses has been called into question because "[i]f read

In its opposition, plaintiff does not even acknowledge that this California Supreme Court precedent exists, much less does it offer any meaningful explanation for why it should be ignored in favor of Hawley v. Orange County Flood Control Dist., 211 Cal. App. 2d 708 (1963), the forty-five year-old decision of one of the state's six appellate divisions that forms the centerpiece of plaintiff's opposition. See Pl.'s Opp. at 6-8. In other words, plaintiff offers absolutely no reason that this Court should not enforce Harper's contract with KCI as it is written, and grant summary judgment in the Government's favor.

B. California Public Contract Code § 7102 Does Not Apply To Void Harper's No Damages For Delay Clause

Plaintiff next argues that California Public Contract Code § 7102 applies to the subcontract at issue, and voids the no damages for delay clause. Pl.'s Opp. at 8. This is not so. As previously explained at length in the Government's Reply to Plaintiff's Opposition to Defendant's Motion To Dismiss, Or, In The Alternative, Motion For Partial Summary Judgment, Section 7102 by its plain terms only applies to "public agencies and subcontracts thereunder," and not to contracts and

---

literally" it "would appear to abolish the Severin doctrine altogether" in direct conflict with the law of this Circuit. George L. Hyman Constr. Co. v. United States, 30 Fed. Cl. 170, 177 n.14 (1993). Seger is not, therefore, authority for the proposition that the exculpatory clause contained in Harper's contract with KCI can be ignored for purposes of the Severin doctrine.

subcontracts involving the United States.[3] Specifically, California Government Code § 4401 defines the term "public agency" to "include[] the State, its various commissions, boards and departments and any county, city, district or state agency authorized to enter into contracts for public work." In this case, there is no "public contract" or "subcontract thereunder" as defined by California law, because the United States is not a "public agency" bound by California law. Accordingly, Section 7102 does not apply in this case, and does not salvage plaintiff's claim in the face of the Severin doctrine.

C. Harper's February 28, 2005 Claim Presentation And Prosecution Agreement Cannot Nullify The No Damages For Delay Provision In Its Subcontract With KCI

Plaintiff also contends that its February 28, 2005 Claim Presentation and Prosecution Agreement ("Agreement") with KCI somehow "nullifies the enforceability of the no damage for delay provision in the Harper/KCI subcontract." Pl.'s Opp. at 9. This suggestion is absurd on its face, given that the Agreement was finalized almost eight years after Harper entered into its contract

[3] Because Section 7102 does not apply to the facts of this case, there is no merit to plaintiff's contention that the Government has failed to advise the Court of contrary authority. See Pl.'s Opp. at 8. Moreover, the Reply brief previously filed by the Government, which contained the discussion of the provision in question, was specifically incorporated by reference in the Goverment's October 1, 2007 motion. See Def.'s Mot. for Summ. J. at 12 n.7.

with KCI and six years after Harper completed all of its work on its project with the Government.

It also bears noting that, if Harper and KCI truly believed that the no damages for delay clause in their subcontract was and is unenforceable under California law, as plaintiff's counsel now contends, there would have been no reason for the Agreement to attempt to "supercede" that, or any other, provision of the subcontract as "inconsistent" with the newly minted goal of claims prosecution against the Government. PA24, ¶ 11. Tellingly, in the only affidavit attached to plaintiff's response to address this issue, Mr. Harper states–not that the parties ever thought or intended that the no damages for delay agreement that they deliberately included in their subcontract would be unenforceable under California law–but rather that "whether [those provisions] were enforceable under California law was never determined" in any court, because Harper and KCI elected not to litigate the issue between themselves. PA2.[4] Indeed, to the extent that the

[4] As such, Mr. Harper's affidavit is consistent with his own deposition testimony and the testimony of Mr. Boutwell that the no damage for delay provisions at issue in this case contemplate the shifting of delay from the general contractor to the subcontractor. See Def.'s Proposed Findings of Fact ¶¶ 22, 25, A99.A, A115. Indeed, contrary to plaintiff's assertions in its responses to the Defendant's Proposed Findings of Fact, Mr. Harper's affidavit is also fully consistent with his deposition testimony that the provisions are standard boilerplate included in Harper Construction Company contracts on advice of counsel "to protect us as a contractor," and that Mr. Harper has "several times, on

Agreement may be read to admit any liability on at all on Harper's part, it is only "liability . . . to the extent any sums are recovered from the USA." PA24, ¶10.

In this context, the Agreement between Harper and KCI is nothing more than a post hoc attempt by those parties to create an obligation where one previously did not exist, and for the sole purposes of attempting to create a basis for a suit against the Government. This Court has explicitly rejected the idea that agreements such as these constitute a bar to the application of the Severin doctrine, specifically because "[p]ermitting the parties subsequently to . . . create a new[] liability by mutual agreement would essentially nullify the Severin doctrine in every action . . . ." George L. Hyman Constr. Co. v. United States, 30 Fed. Cl. 170, 177 & n.13, 178 (1993), aff'd 39 F.3d 1197 (1994) (table) (granting Government's motion for summary judgment on Severin grounds). As such, Harper's reliance upon its after-executed agreement with KCI to avoid the application of the Severin doctrine is entirely misplaced.

Similarly, plaintiff's reliance upon Mitsui & Co. (U.S.A.), Inc. v. Puerto Rico Water Resources Auth., 528 F. Supp. 768 (D.P.R. 1981) for the proposition

---

a lot of [Harper Construction Company's] jobs," invoked those provisions provisions to communicate to a subcontractor that it was entitled to time, but no money, in connection with its delay claims. See Def.'s Proposed Findings of Fact ¶¶ 20-24, A99.A, A100-01.

that a complete "release will not prevent the prime contractor from pursuing the claim where the prime contractor has waived the release," Pl.'s Opp. at 4-5, is equally misguided. Even putting aside the fact that Mitsui is a decision by another court in another circuit, the Mitsui court unequivocally states that "[t]he instant case is between private persons based upon breach of contract and hence it falls outside the Severin holding," id. at 780-81 (emphasis supplied), such that "[a]n extended discussion of Severin and its history is unnecessary to this opinion." Id. at 780. Moreover, the Mitsui court stated that "[i]n this case, there is no exculpatory clause or release of any kind . . . ." Id. at 781. Mitsui, therefore, clearly should not have been cited by plaintiff in this case for any purpose.

As such, in light of the relevant case law, and the fact that "no case decided by the Court of Claims or the United States Court of Appeals for the Federal Circuit has held or even suggested that the Severin doctrine has been overruled," George L. Hyman, 30 Fed. Cl. at 178, Harper's Claims Presentation and Prosecution Agreement cannot be read to vitiate the no damages for delay provision in its preexisting subcontract with KCI. For these reasons, and for all of the reasons set forth in the Government's prior briefing, Severin bars Harper from litigating any claim against the Government on KCI's behalf.

## II. Plaintiff Has Failed To Set Forth Specific Facts Showing That There Is A Genuine Issue For Trial With Respect To Its Claim For Unabsorbed Home Office Overhead

Rule 56(e) of the RCFC provides that "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." RCFC 56(e) (emphasis added). "In other words, in the oft-repeated adage, when the moving party has met its initial burden under Rule 56, the nonmoving party must meet proof with proof, and if the nonmoving party fails to do so, summary judgment, if appropriate, must be entered." Hopkins v. Arkansas, 2007 WL 2996842, *2 (E.D. Ark. 2007) (emphasis added) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

"Attorney argument asserting a genuine issue of material fact is insufficient to oppose successfully a motion for summary judgment." Delmarva Power & Light Co. v. United States, 79 Fed. Cl. 205, 217 (2007); accord Ferring B.V. and Aventis Pharmaceuticals, Inc. v. Barr Labs., 437 F.3d 1181, 1193 (Fed. Cir. 2006) (collecting cases). Rather, "the party opposing the motion must point to an

evidentiary conflict created on the record at least by a counterstatement of a fact or facts set forth in detail in an affidavit by a knowledgeable affiant. Mere denials or conclusory statements are insufficient." Delmarva, 79 Fed. Cl. at 217 (quoting Barmag Marmer Maschinenfabrik AG v. Murata Mach., Ltd., 731 F.2d 831, 835 (Fed. Cir. 1984)).

In our opening brief, we demonstrated that Harper's claim for unabsorbed home office overhead is not based upon periods of alleged standby. A contractor may not recover unabsorbed home office overhead in the absence of proof that the Government required the contractor to standby during Government-caused delay of indefinite duration, and that "while and because of standing by, the contractor was unable to take on other work." Melka Marine, Inc. v. United States, 187 F.3d 1370, 1375 (Fed. Cir. 1999) (citing Interstate Gen'l. Gov't Contractors, Inc. v. West, 12 F.3d 1053, 1056 (Fed. Cir. 1993)); see also Charles G. Williams Constr., Inc. v. White, 271 F.3d 1055, 1058 (Fed. Cir. 2001). In order to prove standby in the absence of a stop work order, which is the case here, see A563, a contractor is required to show:

> (1) Government-caused delay was not only substantial but was of an indefinite duration;
>
> (2) During the delay the contractor was required to be ready to resume work on the contract, at full speed as well as

> immediately; and
>
> (3) Effective suspension of much, if not all, of the work on the contract.

P.J. Dick, Inc. v. Secy. of Veterans Affairs, 324 F.3d 1364, 1371-72 (Fed. Cir. 2003). A contractor is "not on standby when it was working on the contract and the government had not suspended all contract work." Melka Marine, 187 F.3d at 1375; P.J. Dick, 324 F.3d at 1373.

The Government's motion for summary judgment with respect to Harper's claim for unabsorbed home office overhead is based upon the facts reported in Harper's Contractor's Daily Progress Reports and KCI's Daily Field Reports, which, as records prepared and kept by both entities in the ordinary course of business, are admissible for the truth of the matters reported therein. See Fed. R. Evid. 803(6). These records clearly reflect that no periods of standby were incurred by KCI, nor did it experience a suspension of work for any substantial period of time. A188-562, 568-71. As such, there is no entitlement to any purportedly unabsorbed home office overhead.

Plaintiff does not contest that the law requires proof of periods of standby for the application of the Eichleay formula for recovery of unabsorbed home office overhead. Indeed, plaintiff's only response to defendant's motion is the bald

statement that the Defendant's Proposed Findings Of Uncontroverted Fact "are not uncontroverted and are denied; and thus there is no basis for this Court to rule that Plaintiff should not recover its unabsorbed home office overhead costs." Pl.'s Opp. at 9. This is a quintessential case of a failure to meet proof with proof, and of a party's offering nothing more than attorney argument in an attempt to avoid summary judgment.

That plaintiff tacked irrelevant attorney argument onto the majority of its admissions of Proposed Findings Nos. 26-29, 31-41, 44, 46-50, 52-53, 56, 58, 60, 64-65, 68, 70, 73, 75, 78, 80, 82, 84, 86, 88, 90, 92, 94-95, 97, 101-02, 105, 107, 109, 111, 114-15, 117, 119, does not mean that it has raised a genuine issue of material fact as to whether KCI was, in fact, working on the days in question as reflected in the Defendant's Proposed Findings and their supporting documentation.[5] The same is true of plaintiff's pattern of "admit[ting]" that

[5] See, e.g., Pl.'s Response To Proposed Findings Nos. 41, 46-48, 50, 52, 60, 64, 68, 70, 73, 75, 78, 80, 82, 84, 86, 88, 90, 92, 95, 97, 102, 105, 107, 109, 111, 114, 117, 119 ("Admitted, but KCI would have had its work completed by this date except for delays caused by the Air Force which threw KCI's work into this period of time and into these conditions and as a result KCI was not able to perform its work as it had planned and in the time period it had planned."); see also, e.g., Pl.'s Response to Proposed Finding No. 28 ("Admit that the Contracting Officer never issued a written stop work order to Harper and that the Contracting Officer failed in his duty to do so and assert that the failure of the Contracting Officer to grant extensions of time forced the Plaintiff to continue working when it should have been granted an extension of time."). These arguments have nothing

Harper's records report precisely what is reflected in Defendant's Proposed Findings Of Uncontroverted Fact, and then purporting to deny the facts contained in those reports "since there is no substantiating back-up." See, e.g., Pl.'s Resp. To Proposed Findings Nos. 42-43, 45, 51, 54-55, 57, 59, 61-63, 66-67, 69, 71-72, 74, 76-77, 79, 81, 83, 89, 91, 93, 96, 98, 100, 103-04, 110, 112, 116, 118. Plaintiff even attempts to disavow the October 31, 1996 schedule that governed this project on the bare assertion that, for some unexplained reason, it "has no independent knowledge of the truth of [Jeffrey Harper's] statement[s]" in his deposition regarding that schedule and its import. See, e.g., Resp. To Proposed Findings Nos. 5, 6.

There could hardly have been a better time for plaintiff to have come forward with "substantiating" or "controverting" documentation, or "independent knowledge" of certain facts than in its response to the defendant's motion for summary judgment. However, painfully absent from each and every one of plaintiff's responses is any affidavit of a person with knowledge, any documentary evidence, or any other presentation of specific facts that controverts the information appearing in Harper and KCI's own daily reports as to the specific

---

to do with whether plaintiff can make the specific showing required under P.J. Dick, Inc. v. Secy. of Veterans Affairs, 324 F.3d 1364, 1371-73 (Fed. Cir. 2003).

dates upon which KCI performed--or did not perform--work on the project at issue in this litigation. Having elected to rest upon unsupported allegations and denials, plaintiff has failed to set forth any specific facts showing that there is a genuine issue for trial with respect to its entitlement to approximately $127,000 in claimed unabsorbed home office overhead costs. As such, under Rule 56(e) of the RCFC, the defendant is entitled to summary judgment on this issue.

## CONCLUSION

For the foregoing reasons and for all of the reasons set forth in our opening brief, the United States respectfully requests that summary judgment be granted in its favor.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

A. Bondurant Eley
A. BONDURANT ELEY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-8254
Fax: (202) 514-8624

Attorneys for Defendant

Of Counsel:

BRYAN O'BOYLE
Senior Trial Attorney
Air Force Legal Service Agency
Commercial Litigation Division

January 11, 2008

CERTIFICATE OF FILING

I hereby certify that on this 11th day of January 2008, a copy of the foregoing "DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ A. Bondurant Eley