**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **HARPER/NIELSEN-DILLINGHAM BUILDERS, INC.,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 05-269-C** |
| | ) | **Judge Nancy B. Firestone** |
| **THE UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**STATUS REPORT OF PLAINTIFF**
**HARPER/NIELSEN-DILLINGHAM BUILDERS, INC.**

Pursuant to this Court's Order, Plaintiff Harper/Nielsen-Dillingham, Inc. ("Harper/Nielsen") submits the following Status Report.

On April 29, 2008 this Court issued its Order and granted partial summary judgment to the Government in this case. In granting that Motion for Partial Summary Judgment, the Court adopted the version of the facts submitted by the Government and rejected and did not follow the facts submitted by the Plaintiff.

The Court, in its Order, quoted from the deposition testimony of Curt Boutwell of the Plaintiff in which he testified that it was his opinion when he signed the Subcontract on behalf of the Subcontractor Karlskint-Crum, Inc. ("KCI") that the no damage for delay clause was not enforceable underneath the law of California. The Court did acknowledge in its Order that the law of California was what was to govern.

Jeffrey Harper, in his deposition that was quoted by Plaintiff in its Suggestions in Opposition to the Motion for Partial Summary Judgment, asserted that Harper/Nielsen had never enforced the no damage for delay clause and that the Harper/Nielsen believed and entered into a Claims Prosecution Agreement with the Subcontractor KCI allowing KCI to pursue its claim as a pass-through claim against the Government. Mr. Harper further acknowledged that it was the

obligation of Harper/Nielsen, as prime contractor, to pay to the Subcontractor KCI whatever sums Harper/Nielsen received from the Government for the damages sustained by the Subcontractor KCI as a result of the interference and delays caused KCI by the Government.

These facts and assertions by Jeffrey Harper and by Curt Boutwell are contrary to the factual assertions by the Government, which the Court adopted in finding for the Government.

With all due respect to this Court, it is the firm understanding of the Plaintiff that on a Motion for Summary Judgment the Court may not grant judgment when there are material facts in dispute as is the case here. In one sense, there are even facts in dispute which the Government did not dispute or even counter, such as the testimony of Mr. Boutwell and Mr. Harper. The Court instead adopted the version of the Government.

In support of its Suggestions in Opposition to the Motion for Partial Summary Judgment filed by the Government, Plaintiff cited the *Hawley* decision which clearly supported the position of the Plaintiff that in these circumstances a no damage for delay provision was not enforceable. *Hawley v. Orange County Flood Control*, 211 Cal.App.2d 708,713 (1963). This was a decision by the California Court of Appeals which has never been overruled by the Supreme Court of California or any other appellate court. With all due respect, this Court ignored and failed to follow the *Hawley* decision on the basis that it was an older decision. Obviously, the older the decision and the fact that it had never been overruled in California gives the *Hawley* decision even more weight and more credibility.

Based on the facts in dispute and the failure of the Court to follow the *Hawley* decision, Plaintiff firmly believes that the Order granting Partial Summary Judgment to the Government will not stand on appeal which presents a problem which Plaintiff has not been able to resolve as to how to wrap up the balance of this case as this Court has requested. Plaintiff had always believed that the Motion for Partial Summary Judgment would be denied for the reasons set forth

above; but now that it has been granted and there is only one issue before the Court and that is for maintenance costs, Plaintiff does not know how this aspect of the case can be resolved without a trial.

Since the major aspect of this case has been dismissed by the Court by its opinion, the most cost effective way to proceed with the case is to try to determine how the Order of this Court can be appealed prior to a trial on the remaining issue and to obtain a determination by the higher court as to whether it sustains the Order and Partial Judgment entered by this Court. Unless this procedure is followed and there is then a trial on the maintenance issue, it is the intent of Plaintiff after that trial to file an appeal which will result in two trials and prolong procedures before this Court.

Counsel for the Government has provided no insight to the Court on how to wrap up this case and, instead, spends her time taking to task counsel for the Plaintiff for not responding to a letter counsel for the Government sent to counsel for the Plaintiff. Counsel for the Plaintiff does not intend to respond in kind, but advises the Court that the letter to which counsel for the Government refers was sent at 17:28 on Friday, May 23, 2008 after counsel for the Government had been informed that counsel for the Plaintiff was out of the city on another matter.

Plaintiff thus respectfully seeks guidance from this Court as to how to proceed.

Respectfully Submitted,

MILLER LAW FIRM, P.C.

/s/ Richard W. Miller

Richard W. Miller Mo. Bar #16136
4310 Madison Avenue
Kansas City, Missouri 64111
Telephone: (816) 531-0755
Facsimile: (816) 561-6361
ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF FILING**

I hereby certify that on this 27th day of May, 2008, a copy of the foregoing "Status Report of Plaintiff Harper/Nielsen-Dillingham Builders, Inc." was filed electronically with this Court. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic system. The parties may access this filing through the Court's system.

/s/ Richard W. Miller
Attorneys for Plaintiff